1

LATHAM & WATKINS LLP
Stephen P. Swinton (Bar No. 106398)

2

steve.swinton@lw.com
Adam A. Welland (Bar No. 228680)

3

adam.welland@lw.com
12636 High Bluff Drive, Suite 400

4

San Diego, California 92130-2071
Telephone: (858) 523-5400

5

Facsimile: (858) 523-5450

6

Attorneys for Plaintiff,
GEORGIA-PACIFIC CONSUMER PRODUCTS LP

7

FILED

2007 DEC 20  PM 12: 40

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ KMK _____DEPUTY

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

GEORGIA-PACIFIC CONSUMER
PRODUCTS LP, a Delaware limited

11

partnership,

12

Plaintiff,

13

v.

14

LEE'S GENERAL TOYS, INC., a California
corporation, JOHN LEE, an individual; and

15

DOES 1-100,

16

Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

**07 CV 2391 BTM AJB**

COMPLAINT FOR: (1) FEDERAL
TRADEMARK INFRINGEMENT; (2)
COMMON LAW TRADEMARK
INFRINGEMENT; (3) FEDERAL FALSE
DESIGNATION OF ORIGIN; (4)
FEDERAL FALSE ADVERTISING; (5)
FEDERAL DILUTION; (6) CALIFORNIA
STATUTORY DILUTION; (7)
CALIFORNIA STATUTORY AND
COMMON LAW UNFAIR
COMPETITION; (8) UNLAWFUL
IMPORTATION OF GOODS BEARING
INFRINGING MARK; (9) VIOLATION
OF TARIFF ACT SECTION 1526; AND
(10) CANCELLATION OF A
CALIFORNIA REGISTRATION.

DEMAND FOR JURY TRIAL

1    Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") alleges as follows:

2    1.    Georgia-Pacific owns several incontestable federally registered trademarks for the

3    **ANGEL SOFT®** mark.  This is an action for trademark infringement arising under Section 32

4    of the Lanham Act (15 U.S.C. § 1114), common law trademark infringement, false designation

5    of origin arising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), false advertising

6    arising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), federal dilution arising

7    under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), statutory dilution arising under

8    California Business & Professions Code § 14330, statutory unfair competition arising under

9    California Business & Professions Code §§ 17200 *et seq.* and unfair competition arising under

10   the common law of the State of California, unlawful importation of trademark infringing goods

11   arising under Section 42 of the Lanham Act (15 U.S.C. § 1124), unlawful importation of

12   trademark infringing goods arising under the Section 1526(a) of the Tariff Act (19 U.S.C.

13   § 1526), and cancellation of California Registration Number 109928 pursuant to California

14   Business & Professions Code §§ 14281 or 14282.

15   **I. JURISDICTION AND VENUE**

16   2.    This action is within the subject matter jurisdiction of this Court by virtue of the

17   Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1338(a) and (b).  This Court also has

18   supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

19   3.    Defendants are subject to the jurisdiction of this Court pursuant to the laws of this

20   State and the Federal Rules of Civil Procedure.  Upon information and belief, Defendants

21   participate in the promotion, advertising, and sale of unauthorized goods in this State and in this

22   district.

23   4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a

24   substantial portion of the events giving rise to this action occurred in this district.  Georgia-

25   Pacific is informed and believes and on that basis alleges that Defendants distribute, sell, or

26   otherwise have introduced into the stream of commerce within this judicial district, products

27   bearing the infringing trademark.

28

## II. THE PARTIES

5.      Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") is a Delaware limited partnership having its principal place of business at 133 Peachtree Street, N.E., Atlanta, Georgia 30303.

6.      Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Lee's General Toys is a California corporation with a principal place of business at 3389 East 50th Street, Vernon, California 90058.

7.      Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant John Lee ("Lee") is an individual who has distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing trademark.  Upon information and belief, Lee is the owner of Lee's General Toys.

8.      Georgia-Pacific is unaware of the true names and capacities of Defendants named herein as Does 1 through 100, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named Defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein.  Georgia-Pacific therefore sues these Defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.  (Collectively, Lee's General Toys, John Lee, and Does 1 through 100 will be referred to herein as "Defendants.")

## III. GENERAL ALLEGATIONS

**A.      Georgia-Pacific's Federally Registered ANGEL SOFT® Trademarks**

9.      Georgia-Pacific Consumer Products LP is one of the world's leading manufacturers and marketers of tissue, towels, napkins, cups, plates, cutlery and related tabletop items, including bathroom tissue sold under the **ANGEL SOFT®** brand.

10.      Georgia-Pacific and its predecessors in interest first began using the **ANGEL SOFT®** brand in connection with selling bathroom tissue in 1944.

11.      Georgia-Pacific and its predecessors in interest have used the **ANGEL SOFT®** marks for bathroom tissue continuously since that time.

12.    Georgia-Pacific is the owner of several federally registered trademarks to protect its **ANGEL SOFT®** brand and family of trademarks used in connection with bathroom tissue.

13.    Georgia-Pacific and its predecessors in interest have applied for and obtained federal trademark registrations for Angel Soft including U.S. Registration Numbers 781,414; 1,172,215; 2,512,417; 2,972,819; and 2,989,711.  Georgia-Pacific also owns two additional Angel marks, U.S. Registration Numbers 2,546,897 and 2,841,759.  True and correct copies of the federal registration certificates for these trademarks are attached hereto as Exhibits A – G. For purposes of this Complaint, Georgia-Pacific is only alleging violation of Registration Numbers 781,414; 1,172,215; and 2,512,417.  In accordance with 15 U.S.C. § 1065, based upon widespread and continuous use, Registration Numbers 781,414 and 1,172,215 have achieved incontestable status.

14.    Georgia-Pacific is the current owner of the **ANGEL SOFT®** trademark by virtue of valid assignments.

15.    A representative sample of Georgia-Pacific's **ANGEL SOFT®** bathroom tissue is shown below:



16.    Georgia-Pacific also owns the **ANGEL SOFT PS®** mark for bathroom tissue that it distributes through commercial channels.

17.    Georgia-Pacific first began using the **ANGEL SOFT PS®** mark in commerce in conjunction with bathroom tissue at least as early as January 31, 2003.  Georgia-Pacific has used the **ANGEL SOFT PS®** mark continuously since that time.

18.    The following picture depicts the current product configuration and packaging of a typical **ANGEL SOFT PS®** commercial product:



19.    Georgia-Pacific applied for and obtained federal trademark registrations for "**ANGEL SOFT PS®**" including U.S. Registration Number 2,912,982, which Georgia-Pacific also asserts here.  A true and correct copy of the federal registration certificate for this trademark is attached hereto as Exhibit H.  Both the "**ANGEL SOFT®**" and "**ANGEL SOFT PS®**" trademarks are collectively referred to hereinafter as the "**ANGEL SOFT** Trademarks."

**B.    Georgia-Pacific's Sale and Marketing of Products Bearing the ANGEL SOFT Trademarks**

20.    Georgia-Pacific markets and sells its **ANGEL SOFT®** product line throughout the United States, including in Southern California and the County of San Diego.

21.    Georgia-Pacific has invested heavily in advertising and promoting its **ANGEL SOFT®** brand and products for more than six decades.  This advertising has consistently used the **ANGEL SOFT** Trademarks.  In the U.S. in 2006 alone, Georgia-Pacific spent over $22 million in advertising and promoting bathroom tissue sold under the **ANGEL SOFT** Trademarks.

22.    In the U.S., this advertising has included television commercials, print publications, radio commercials, billboards, live promotions, sponsorship of large events, trade shows, brochures, and internet promotions.

23.    This advertising and promotion has been continuous, and has also included numerous large-scale campaigns that have stood out for consumers.  Some examples include the "Angels in Action" and "Bathroom Moments" campaigns, which received significant media attention and coverage.

1    24.    Georgia-Pacific also created a website (www.angelsoft.com) to promote its

2 **ANGEL SOFT** Trademarks and products. This website launched in 2003 and currently receives

3 an average of 4,145 visitors per month. Georgia-Pacific also distributes point-of-sale items that

4 promote the **ANGEL SOFT** Trademarks and products.

5    25.    Georgia-Pacific has directed a portion of its advertising for the **ANGEL SOFT**

6 Trademarks toward the Spanish-speaking market. Since 2005, Georgia-Pacific paid for both

7 television and radio advertisements in these markets, including but not limited to Los Angeles,

8 Phoenix and Houston, along with other national advertisements in 2007.

9    26.    The U.S. is the largest market for bathroom tissue sold under the **ANGEL SOFT**

10 Trademarks. Georgia-Pacific sells bathroom tissue under the **ANGEL SOFT** Trademarks in

11 both the retail and commercial channels. For example, **ANGEL SOFT®** bathroom tissue is sold

12 through the retail channel in large retail chain stores such as Wal*Mart, Target, Winn Dixie, and

13 Walgreen's as well as in tens of thousands independent retail stores located across the country.

14 Georgia-Pacific sells its **ANGEL SOFT PS®** bathroom tissue in the commercial channel to

15 distributors such as US Foodservice, SYSCO, Xpedx, and Lagasse Sweet which then distribute

16 **ANGEL SOFT PS®** to well-known commercial end users such as Hampton Inn, Sheraton

17 Hotels, The Walt Disney Company, Hyatt Hotels and Little Caesar Enterprises, Inc.

18    27.    Georgia-Pacific's **ANGEL SOFT®** brand bathroom tissue has been

19 tremendously successful. Since 1944, Georgia-Pacific has sold billions of dollars worth of

20 bathroom tissue under the **ANGEL SOFT** Trademarks in the U.S., Canada and Mexico. In

21 particular, from 2004 through 2006, U.S. sales of bathroom tissue sold under the **ANGEL SOFT**

22 Trademarks totaled over $2 billion. Much of this success is attributable to the quality and

23 distinctive trademarks of the **ANGEL SOFT®** product line.

24    28.    The products sold under the **ANGEL SOFT** Trademarks must meet Georgia-

25 Pacific's rigorous standards of quality. As a result, Georgia-Pacific endures significant expense

26 to ensure that its products sold under the **ANGEL SOFT** Trademarks adhere to high quality

27 standards. Some examples of the quality control efforts in place by Georgia-Pacific include, but

28 are not limited to, measuring and controlling the quality of the base sheet of the bathroom tissue

1  during production; measuring and recording the finished bathroom tissue rolls at least once per

2  day per manufacturing line; conducting periodic workmanship audits of the bathroom tissue

3  itself as well as the packaging, box and pallet; and conducting softness panels to judge sensory

4  softness.

5          29.     By virtue of the substantial use, sale and promotion of the **ANGEL SOFT®**

6  product line, the **ANGEL SOFT** Trademarks have acquired great value as identifiers of the

7  source of the bathroom tissue and to distinguish the products from those of others.

8          30.     By virtue of the substantial use, sale and promotion of the **ANGEL SOFT®**

9  product line, the **ANGEL SOFT** Trademarks have become famous.  The **ANGEL SOFT®**

10  product line and the **ANGEL SOFT** Trademarks have been famous since long before

11  Defendants began their infringing activities complained of herein.

12          31.     The **ANGEL SOFT** Trademarks are extremely valuable to Georgia-Pacific as an

13  identifier of its products, Georgia-Pacific's quality goods, and of the substantial customer

14  goodwill that Georgia-Pacific has earned over many years in the market.

15  **C.      Defendants' Infringement of the ANGEL SOFT Trademarks**

16          32.     Georgia-Pacific is informed and believes, and on that basis alleges, that

17  Defendants are engaged in the business of importing, promoting, distributing, and selling

18  bathroom tissue, among other articles.

19          33.     Georgia-Pacific is informed and believes, and on that basis alleges, that without

20  permission or authority from Georgia-Pacific, Defendants have infringed Georgia-Pacific's

21  **ANGEL SOFT** Trademarks in interstate commerce by importing, making, using, promoting,

22  advertising, selling and/or offering to sell bathroom tissue under the name "Angelite" or "Angel

23  Lite" (referred to herein as "Angelite").  The marks and images used on the "Angelite" products

24  are confusingly similar in appearance to Georgia-Pacific's **ANGEL SOFT** Trademarks.

25  Defendants' "Angelite" bathroom tissue products include at least the following products:

26  Angelite, Angelite 500, and Angelite 525.

27

28

1      34.    Representative photographs of Defendants' infringing "Angelite 500" and
2  "Angelite 525" products are shown below:

 

9      35.    As shown in the photographs above, Defendants' bathroom tissue is sold in a
10  packaging that includes marks and images that are confusingly similar in appearance to that of
11  Georgia-Pacific's **ANGEL SOFT** Trademarks and **ANGEL SOFT®** and **ANGEL SOFT PS®**
12  product lines.

13      36.    Georgia-Pacific is informed and believes, and on that basis alleges, that
14  Defendants' unauthorized use of Georgia-Pacific's **ANGEL SOFT** Trademarks is intended to
15  trade upon the goodwill and substantial recognition associated with Georgia-Pacific's **ANGEL**
16  **SOFT®** and **ANGEL SOFT PS®** lines of bathroom tissue.

17      37.    Georgia-Pacific is informed and believes, and on that basis alleges, that
18  Defendants are using Georgia-Pacific's **ANGEL SOFT** Trademarks in an attempt to associate
19  themselves with Georgia-Pacific or otherwise trade upon Georgia-Pacific's reputation.

20      38.    Georgia-Pacific is informed and believes, and on that basis alleges, that
21  Defendants' use of Georgia-Pacific's **ANGEL SOFT** Trademarks is designed to cause
22  confusion, mistake or deception.

23      39.    Georgia-Pacific is informed and believes, and on that basis alleges, that it is
24  Defendants' purpose to cause consumers and potential customers to believe that Defendants'
25  "Angelite" products are associated with Georgia-Pacific or its products when, in fact, they are
26  not.

27
28

**D.    Other Allegations**

40.    By virtue of the acts complained of herein, Defendants have created a likelihood of injury to Georgia-Pacific's business reputation, caused a strong likelihood of consumer confusion as to the source of origin or relationship of Georgia-Pacific's and Defendants' goods, and have otherwise competed unfairly with Georgia-Pacific.

41.    Georgia-Pacific is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

42.    Defendants' acts complained of herein have caused damage to Georgia-Pacific in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from their wrongful actions.

43.    Defendants' acts complained of herein have caused Georgia-Pacific to suffer irreparable injury to its business.  Georgia-Pacific will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from the wrongful actions complained of herein.

**E.    Lee's General Toys' Improperly Registered California Trademark**

44.    Upon information and belief, Defendant Lee's General Toys applied for, and on August 25, 2003, obtained California state registration number 109437 for the trademark "Angel Lite 500" in a stylized design format.  A copy of what is believed to be the registered mark is attached hereto as Exhibit H.

45.    Georgia-Pacific is informed and believes and on that basis alleges that products bearing the "Angelite 500" state registration mark have been and are being sold in various locations within this judicial district, including within the County of San Diego.

46.    Georgia-Pacific has a prior and superior right in the **ANGEL SOFT** Trademarks dating as far back as 1944.  Georgia-Pacific's use of "Angel Soft" has been continuous since that time.

47.    Upon information and belief, Lee's General Toy's use of the Trademark "Angel Lite 500" and design post-dates this time period.

1      48.    Further, Georgia-Pacific's **ANGEL SOFT** Trademarks, upon information and

2    belief, were registered and thus publicly available prior to Lee's General Toys' use and

3    registration of California state registration number 109437.

4      49.    Lee's General Toys thus had at least constructive notice of Georgia-Pacific's use

5    of a confusingly similar mark at the time it purported to have rights to its state registered service

6    mark.

7                    IV.  **FIRST CLAIM FOR RELIEF**

8         **Against all Defendants for Trademark Infringement Under 15 U.S.C. § 1114**

9      50.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

10    paragraphs 1 – 49 of this Complaint as though fully set forth herein.

11      51.    This is an action for trademark infringement arising from Section 32 of the

12    Lanham Act, 15 U.S.C. § 1114.

13      52.    Georgia-Pacific owns the registered **ANGEL SOFT** Trademarks.

14      53.    The **ANGEL SOFT** Trademarks are arbitrary, fanciful, and/or suggestive, and at

15    a minimum, have acquired a secondary meaning by purchasers and the public.

16      54.    Georgia-Pacific receives a tremendous amount of public recognition and critical

17    acclaim for the products sold under the **ANGEL SOFT** Trademarks.  Through Georgia-Pacific's

18    widespread and continuous use of the **ANGEL SOFT** Trademarks, these marks have acquired

19    extensive goodwill, have developed a high degree of distinctiveness, and are famous, well known

20    and recognized as identifying goods that originate from Georgia-Pacific.

21      55.    Defendants have used in commerce, without permission of Georgia-Pacific,

22    marks and equivalent images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT**

23    Trademarks.  Defendants have infringed Georgia-Pacific's **ANGEL SOFT** Trademarks by using

24    confusingly similar phrases and images in connection with the manufacturing, distribution,

25    selling and/or promoting Defendants' goods with the intent to unfairly compete against Georgia-

26    Pacific, to trade upon Georgia-Pacific's reputation and goodwill by causing confusion and

27    mistake among customers and the public and to deceive the public into believing that

28

1  Defendants' goods are associated with, sponsored by or approved by Georgia-Pacific, when they

2  are not.

3       56.    Georgia-Pacific is informed and believes, and on that basis alleges, that

4  Defendants knew or should have known of Georgia-Pacific's ownership and prior use of the

5  **ANGEL SOFT** Trademarks.  Without the consent of Georgia-Pacific, Defendants have willfully

6  violated 15 U.S.C. § 1114.

7       57.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged

8  Georgia-Pacific in an amount to be determined at trial.

9       58.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

10 irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

11 this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

12 adequate remedy at law.

13 **V.  <u>SECOND CLAIM FOR RELIEF</u>**

14 **Against all Defendants for Common Law Trademark Infringement**

15      59.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

16 paragraphs 1 – 58 of this Complaint as though fully set forth herein.

17      60.    This is an action for trademark infringement arising under the common law of the

18 State of California.

19      61.    By virtue of the acts complained of herein, Defendants have intentionally

20 infringed Georgia-Pacific's **ANGEL SOFT** Trademarks and caused a likelihood of confusion

21 among the consuming public, thereby committing common law trademark infringement.

22      62.    Defendants' aforementioned acts have been fraudulent, oppressive and malicious,

23 and have injured Georgia-Pacific and damaged Georgia-Pacific in an amount to be determined at

24 trial.

25      63.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

26 irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

27 this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

28 adequate remedy at law.

## VI. THIRD CLAIM FOR RELIEF

### Against all Defendants for False Designation of Origin Under 15 U.S.C. § 1125(a)

64.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 63 of this Complaint as though fully set forth herein.

65.    This is an action for false designation of origin arising from Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66.    Georgia-Pacific has marketed, advertised, and promoted the **ANGEL SOFT®** and **ANGEL SOFT PS®** product lines using the **ANGEL SOFT** Trademarks.  As a result of this marketing, advertising, and promotion, the **ANGEL SOFT** Trademarks have come to mean and are understood to signify Georgia-Pacific products, and are one of the ways by which those goods and services are distinguished from the goods and services of others in the same and in related fields.

67.    The **ANGEL SOFT** Trademarks are distinctive and have acquired secondary meaning by purchasers and the public associating the **ANGEL SOFT** Trademarks with Georgia-Pacific products.

68.    Defendants have used in commerce, without permission of Georgia-Pacific, marks and equivalent images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks.  Defendants have infringed Georgia-Pacific's **ANGEL SOFT** Trademarks and created a false designation of origin by using confusingly similar phrases and equivalent images in connection with the manufacturing, distribution, selling and/or promoting Defendants' goods with the intent to unfairly compete against Georgia-Pacific, to trade upon Georgia-Pacific's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' goods are associated with, sponsored by or approved by Georgia-Pacific, when they are not.

69.    Georgia-Pacific is informed and believes, and on that basis alleges, that Defendants had actual knowledge of Georgia-Pacific's ownership and prior use of Georgia-Pacific's **ANGEL SOFT** Trademarks, and without the consent of Georgia-Pacific, have willfully violated 15 U.S.C. § 1125(a).

70.     Defendants' aforementioned acts have injured Georgia-Pacific and damaged Georgia-Pacific in an amount to be determined at trial.

71.     By their actions, Defendants have irreparably injured Georgia-Pacific. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

## VII.  FOURTH CLAIM FOR RELIEF

### Against all Defendants for False Advertising Under 15 U.S.C. § 1125(a)

72.     Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 71 of this Complaint as though fully set forth herein.

73.     This is an action for false advertising arising from Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.     By virtue of the acts complained of herein, Defendants' conduct is likely to confuse, mislead, or deceive purchasers or potential purchasers, and constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## VIII.  FIFTH CLAIM FOR RELIEF

### Against all Defendants for Trademark Dilution Under 15 U.S.C. § 1125(c)

75.     Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 74 of this Complaint as though fully set forth herein.

76.     This is an action for federal dilution in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

77.     Jurisdiction is founded on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

78.     Georgia-Pacific's **ANGEL SOFT** Trademarks are famous and well-known within the meaning of 15 U.S.C. § 1125(c), and became famous prior to the acts of Defendants complained of herein.

79.     After the **ANGEL SOFT** Trademarks became famous and well-known, Defendants misappropriated the **ANGEL SOFT** Trademarks for their own use and commercial advantage, in blatant disregard for Georgia-Pacific's rights.

80.     Defendants' unauthorized commercial use of phrases and equivalent images to the **ANGEL SOFT** Trademarks, on or in connection with the advertisement, offering for sale, and/or sale of their facilities and services, in interstate commerce, has caused and is likely to continue to cause dilution of the distinctive quality of the famous **ANGEL SOFT** Trademarks.

81.     Defendants' aforementioned acts are likely to tarnish, injure, or trade upon Georgia-Pacific's business, reputation and goodwill, and to deprive Georgia-Pacific of the ability to control its **ANGEL SOFT** Trademarks.

82.     Georgia-Pacific is informed and believes, and on that basis alleges, that by Defendants' aforementioned acts, Defendants have willfully intended to trade upon Georgia-Pacific's business, reputation, and goodwill.

83.     Defendants' aforementioned acts have injured Georgia-Pacific and damaged Georgia-Pacific in an amount to be determined at trial.

84.     By their actions, Defendants have irreparably injured Georgia-Pacific.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

## IX.  SIXTH CLAIM FOR RELIEF

### Against all Defendants for Trademark Dilution Under California Business & Professions Code § 14330 and California Common Law

85.     Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 84 of this Complaint as though fully set forth herein.

86.     This is an action for dilution in violation of California Business & Professions Code §§ 14330 and 14335.

87.     Georgia-Pacific's **ANGEL SOFT** Trademarks are famous, and became famous prior to the acts of Defendants complained of herein.

88.    Defendants' unauthorized use of similar phrases and equivalent images to the **ANGEL SOFT** Trademarks, on or in connection with the advertisement, offering for sale, and/or sale of their goods has caused and is likely to continue to cause dilution of the distinctive quality of the famous **ANGEL SOFT** Trademarks.

89.    Defendants' aforementioned acts are likely to tarnish, injure, or trade upon Georgia-Pacific's business, reputation and goodwill, and to deprive Georgia-Pacific of the ability to control its **ANGEL SOFT** Trademarks.

90.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged Georgia-Pacific in an amount to be determined at trial.

91.    By their actions, Defendants have irreparably injured Georgia-Pacific. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

## X. SEVENTH CLAIM FOR RELIEF

### Against all Defendants for Unfair Competition Under California Business & Professions Code § 17200 and California Common Law

92.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 91 of this Complaint as though fully set forth herein.

93.    This is an action for unfair competition arising under California Business & Professions Code §§ 17200, *et seq.* and the common law of the State of California.

94.    By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the public and have unfairly competed in violation of California Business & Professions Code §§ 17200, *et seq.* and the common law of California.

95.    Defendants' aforementioned acts constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Georgia-Pacific.

96.    By their actions, Defendants have irreparably injured Georgia-Pacific. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

1    this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

2    adequate remedy at law.

3                          **XI.  EIGHTH CLAIM FOR RELIEF**

4    **Against all Defendants for Unlawful Importation of Goods Bearing Infringing Marks in**

5                          **Violation of 15 U.S.C. § 1124**

6              97.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

7    paragraphs 1 – 96 of this Complaint as though fully set forth herein.

8              98.    This is an action for unlawful importation of goods bearing infringing marks in

9    violation of Section 42 of the Lanham Act (15 U.S.C. § 1124).

10             99.    This Court has jurisdiction under 28 U.S.C. §§ 1338(b) and 1367(a).  Venue is

11   proper under 28 U.S.C. § 1391(b).

12             100.   Upon information and belief, Defendants import the "Angelite" products from

13   outside of the United States.  As described herein, these "Angelite" products bear marks and

14   images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks.

15             101.   By virtue of the acts complained of herein, Defendants have unlawfully imported

16   goods bearing infringing marks in violation of Section 42 of the Lanham Act (15 U.S.C. § 1124).

17             102.   By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

18   irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

19   this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

20   adequate remedy at law.

21                          **XII.  NINTH CLAIM FOR RELIEF**

22   **Against all Defendants for Unlawful Importation of Goods Bearing Infringing Marks in**

23                          **Violation of 19 U.S.C. § 1526(a)**

24             103.   Georgia-Pacific hereby repeats, realleges, and incorporates by reference

25   paragraphs 1 – 102 of this Complaint as though fully set forth herein.

26             104.   This is an action for unlawful importation of goods bearing infringing marks in

27   violation of Section 1526(a) of the Tariff Act (19 U.S.C. § 1526(a)).

28

105.   Upon information and belief, Defendants import the "Angelite" products from outside of the United States.  As described herein, these "Angelite" products bear marks and images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks.

106.   By virtue of the acts complained of herein, Defendants have unlawfully imported goods bearing infringing marks in violation of Section 1526(a) of the Tariff Act (19 U.S.C. § 1526(a)).

107.   By their actions, Defendants have irreparably injured Georgia-Pacific.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

## XIII.  <u>TENTH CLAIM FOR RELIEF</u>

**Against Lee's General Toys for Cancellation of State Trademark Registration**

108.   Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 107 of this Complaint as though fully set forth herein.

109.   This is an action for cancellation of Lee's General Toys' California trademark registration number 109437 arising under California Business & Professions Code §§ 14281 or 14282.

110.   By virtue of Georgia-Pacific's prior use and federal registration of its **ANGEL SOFT** Trademarks, cancellation of Lee's General Toys' state registration is proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Georgia-Pacific prays for judgment against Defendants as follows:

1.    That the Court enter judgment in favor of Georgia-Pacific and against Defendants on all claims for relief alleged herein;

2.    That the Court enter judgment that Defendants have violated the provisions of 15 U.S.C. § 1114 by infringing Georgia-Pacific's trademark rights in its federally registered **ANGEL SOFT** Trademarks;

3.    That Defendants be adjudged to have infringed Georgia-Pacific's **ANGEL SOFT** Trademarks in violation of the common law of California;

4.    That the Court enter judgment that Defendants have violated the provisions of 15 U.S.C. § 1125(a) by infringing Georgia-Pacific's rights in its **ANGEL SOFT** Trademarks;

5.    That Defendants be adjudged to have willfully violated the provisions of 15 U.S.C. § 1114 by infringing Georgia-Pacific's **ANGEL SOFT** Trademarks;

6.    That Defendants be adjudged to have willfully infringed Georgia-Pacific's **ANGEL SOFT** Trademarks in violation of the common law of California;

7.    That Defendants be adjudged to have willfully violated the provisions of 15 U.S.C. § 1125(a) by using a false designation of origin, false description, false representation, or false advertising in connection with their products;

8.    That Defendants be adjudged to have diluted the distinctive quality of Georgia-Pacific's **ANGEL SOFT** Trademarks in violation of 15 U.S.C. § 1125(c);

9.    That Defendants be adjudged to have diluted the distinctive quality of Georgia-Pacific's **ANGEL SOFT** Trademarks in violation of California Business & Professions Code §§ 14330 and 14335;

10.    That Defendants be adjudged to have unfairly competed with Georgia-Pacific under California Business & Professions Code §§ 17200, *et seq.*

11.    That Defendants be adjudged to have unfairly competed with Georgia-Pacific under the common law of the State of California;

1    12.    That Defendants be adjudged to have unlawfully imported goods bearing

2    infringing marks in violation of Section 42 of the Lanham Act (15 U.S.C. § 1124);

3    13.    That Defendants be adjudged to have unlawfully imported goods bearing

4    infringing marks in violation of Section 1526(a) of the Tariff Act (19 U.S.C. § 1526(a));

5    14.    That Defendant Lee's General Toys' California registration number 109437 be

6    cancelled;

7    15.    That Defendants, each of their agents, servants, employees, attorneys, successors

8    and assigns, and all other persons in active concert or participation with any of them who receive

9    actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and

10   permanently enjoined from:

11        a.    using Georgia-Pacific's **ANGEL SOFT** Trademarks in connection with

12             Defendants' goods, using **ANGEL SOFT** Trademarks in advertising or

13             promoting Defendants' goods, or using confusingly similar variations of

14             **ANGEL SOFT** Trademarks in any manner which is likely to create the

15             impression that Defendants' goods originate from Georgia-Pacific, are

16             endorsed by Georgia-Pacific, or are connected in any way with Georgia-

17             Pacific;

18        b.    otherwise infringing Georgia-Pacific's **ANGEL SOFT** Trademarks;

19        c.    diluting the distinctive quality of Georgia-Pacific's **ANGEL SOFT**

20             Trademarks;

21        d.    falsely designating the origin of Defendants' goods;

22        e.    falsely advertising Defendants' goods;

23        f.    unfairly competing with Georgia-Pacific in any manner whatsoever; and

24        g.    importing, purchasing, distributing, selling, or offering for sale goods

25             bearing marks confusingly similar to Georgia-Pacific's **ANGEL SOFT**

26             Trademarks; and

27        h.    causing a likelihood of confusion or injury to Georgia-Pacific's business

28             reputation;

16.    That Defendants be directed to file with this Court and serve on Georgia-Pacific within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

17.    That Defendants be required to account to Georgia-Pacific for any and all profits derived by them and all damages sustained by Georgia-Pacific by virtue of Defendants' acts complained of herein;

18.    That Defendants be ordered to pay over to Georgia-Pacific all damages which Georgia-Pacific has sustained as a consequence of the acts complained of herein, subject to proof at trial;

19.    That Georgia-Pacific be awarded treble damages pursuant to 15 U.S.C. § 1117;

20.    That an award of reasonable costs, expenses and attorneys' fees be awarded to Georgia-Pacific pursuant to 15 U.S.C. § 1117;

21.    That Georgia-Pacific be awarded exemplary damages from Defendants pursuant to California Civil Code. § 3294;

22.    That Defendants be required to deliver and destroy all devices, literature, advertising, goods and other materials bearing the infringing marks or images pursuant to 15 U.S.C. § 1118;

23.    That Georgia-Pacific be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

Dated:  December 20, 2007          LATHAM & WATKINS LLP

By: _____
Stephen P. Swinton
Attorneys for Plaintiff
Georgia-Pacific Consumer Products LP
E-mail: steve.swinton@lw.com

1

## JURY TRIAL DEMANDED

2          Georgia-Pacific demands a trial by jury on all issues raised by this Complaint which are

3    triable by jury.

4    Dated:  December 20, 2007                    LATHAM & WATKINS LLP

5

6                                                By: _____
                                                     Stephen P. Swinton
7                                                    Attorneys for Plaintiff
                                                     Georgia-Pacific Consumer Products LP
8                                                    E-mail: steve.swinton@lw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# United States Patent Office

781,414
Registered Dec. 8, 1964

## PRINCIPAL REGISTER
## Trademark

Ser. No. 150,668, filed Aug. 7, 1962

# ANGEL SOFT

Hudson Pulp & Paper Corp. (Maine corporation)
477 Madison Ave.
New York 22, N.Y., assignee of
Angel Soft Tissue Mills, Inc. (New York corporation)
New York, N.Y.

For: DISPOSABLE PAPER TISSUES, TOILET TIS-
SUES, AND PAPER NAPKINS, in CLASS 37.
First use 1944; in commerce 1944.
No claim is made to "Soft" apart from the mark as
shown.

Exhibit B

Int. Cl.: 16

Prior U.S. Cl.: 37

## United States Patent and Trademark Office

**Reg. No. 1,172,215**
Registered Oct. 6, 1981

## TRADEMARK
### Principal Register

## ANGEL SOFT

Hudson Pulp & Paper Corp. (Maine corporation)
320 Post Rd.
Darien, Conn. 06820

For: DISPOSABLE PAPER TISSUES, BATH-ROOM TISSUES, PAPER NAPKINS AND PA-PER TOWELS, in CLASS 16 (U.S. Cl. 37).

First use 1944; in commerce 1944.

Owner of U.S. Reg. Nos. 770,925 and 781,414.

The word "Soft" is disclaimed apart from the mark as shown without prejudice to applicant's common law rights.

Ser. No. 227,133, filed Aug. 13, 1979.

HENRY S. ZAK, Primary Examiner

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 2,512,417
Registered Nov. 27, 2001

**TRADEMARK**
**PRINCIPAL REGISTER**



GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
133 PEACHTREE STREET NE
ATLANTA, GA 30303

FOR: BATHROOM TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 5-1-2000; IN COMMERCE 5-1-2000.

OWNER OF U.S. REG. NOS. 781,414, 1,172,215, AND 1,917,281.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SOFT", APART FROM THE MARK AS SHOWN.

SER. NO. 76-169,106, FILED 11-21-2000.

BERYL GARDNER, EXAMINING ATTORNEY

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, and 50

Reg. No. 2,972,819

## United States Patent and Trademark Office

Registered July 19, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## ANGEL SOFT

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)

133 PEACHTREE STREET, NE

ATLANTA, GA 30303

FOR: FACIAL TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 2-28-2003; IN COMMERCE 2-28-2003.

OWNER OF U.S. REG. NOS. 781,414, 2,512,417, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SOFT", APART FROM THE MARK AS SHOWN.

SN 78-167,367, FILED 9-24-2002.

ROBIN CHOSID, EXAMINING ATTORNEY

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 2,989,711

Registered Aug. 30, 2005

**TRADEMARK**
**PRINCIPAL REGISTER**

# ANGEL SOFT

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)

GA030-41N

133 PEACHTREE STREET, N.E.

ATLANTA, GA 30303

FOR: BATH TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0-0-1944; IN COMMERCE 0-0-1944.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 781,414, 1,172,215, AND 2,512,417.

SEC. 2(F).

SER. NO. 78-446,906, FILED 7-7-2004.

JOHN GARTNER, EXAMINING ATTORNEY

Exhibit F

**Int. Cl.: 16**

**Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50**

Reg. No. 2,912,982

**United States Patent and Trademark Office**     Registered Dec. 21, 2004

**TRADEMARK**
**PRINCIPAL REGISTER**

**ANGEL SOFT PS**

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)

GA030-41N

133 PEACHTREE STREET, N.E.

ATLANTA, GA 30303

FOR: BATH TISSUE AND FACIAL TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-31-2003; IN COMMERCE 1-31-2003.

OWNER OF U.S. REG. NOS. 781,414, 1,172,215, AND 2,512,417.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PS", APART FROM THE MARK AS SHOWN.

SER. NO. 78-292,116, FILED 8-26-2003.

JASON TURNER, EXAMINING ATTORNEY

**Int. Cl.: 41**

**Prior U.S. Cls.: 100, 101 and 107**

**Reg. No. 2,546,897**

## United States Patent and Trademark Office

Registered Mar. 12, 2002

### SERVICE MARK
### PRINCIPAL REGISTER

## ANGELS IN ACTION

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
133 PEACHTREE STREET, N.E.
ATLANTA, GA 30303

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING INCENTIVES VIA A NATIONWIDE AWARD PROGRAM TO CHILDREN FOR CHARITABLE, EDUCATIONAL OR COMMUNITY ACHIEVEMENT, NAMELY, FOR HEROIC OR COURAGEOUS COMMUNITY ACTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-27-2000; IN COMMERCE 6-27-2000.

SER. NO. 76-215,924, FILED 2-26-2001.

DAYNA BROWNE, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

**United States Patent and Trademark Office**

Reg. No. 2,841,759
Registered May 11, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

## ANGELS IN THE CLASSROOM

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
133 PEACHTREE STREET NE
GA030-41N
ATLANTA, GA 30303

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING INCENTIVES VIA A NATIONWIDE AWARD PROGRAM TO SCHOOL CHILDREN FOR CHARITABLE, EDUCATIONAL OR COMMUNITY ACHIEVEMENT, NAMELY, FOR COURAGEOUS COMMUNITY ACTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-31-2003; IN COMMERCE 1-31-2003.

OWNER OF U.S. REG. NO. 2,546,897.

SN 78-181,611, FILED 11-5-2002.

MARIA-VICTORIA SUAREZ, EXAMINING ATTORNEY

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

**I. (a)   PLAINTIFFS**

Georgia-Pacific Consumer Products LP, a Delaware limited partnership

**DEFENDANTS**

Lee's General Toys, Inc.; John Lee; Does 1-100

2007 DEC 20 PM 12: 52

CLERK US DISTRICT
SOUTHERN DIST OF CALIFORNIA

**(b)**   County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Los Angeles, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

BY _____ DEPUTY

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)

Stephen P. Swinton, Latham & Watkins LLP, 12636 High Bluff Drive, Suite 400, San Diego, CA 92130-2071 (858) 523-5400

Attorneys (If Known)

**07 CV 2391 BTM AJB**

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only) | | | | |
|---|---|---|---|---|---|---|---|
| | | | | **PTF** | **DEF** | | **PTF** **DEF** |
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question (U.S. Government Not a Party) | | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4   ☐ 4 |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity (Indicate Citizenship of Parties in Item III) | | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5   ☐ 5 |
| | | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6   ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

| **V. ORIGIN** (Place an "X" in One Box Only) | | | | | | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 | Judge from Magistrate Judgment |

**VI.  CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1114; 15 U.S.C. § 1125

Brief description of cause:
Trademark infringement; trademark dilution

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint: JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instructions):    JUDGE   John A. Houston    DOCKET NUMBER   07-CV-2390 JAH POR

DATE
12/20/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  145762    AMOUNT  $350    12/20/07 BH    APPLYING IFP    JUDGE    MAG. JUDGE

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 145762    — BH

## December 20, 2007
## 12:44:00

### Civ Fil Non-Pris
USAO #.: 07CV2391 CIVIL FILING
Judge..: BARRY T MOSKOWITZ
Amount.:                $350.00 CK
Check#.: BC# 6509

Total—>   $350.00

FROM: CIVIL FILING
        GEORGIA PACIFIC V. LEE'S GEN'L