1  LATHAM & WATKINS LLP
   Stephen P. Swinton (Bar No. 106398)
2  steve.swinton@lw.com
   Adam A. Welland (Bar No. 228680)
3  adam.welland@lw.com
   12636 High Bluff Drive, Suite 400
4  San Diego, California 92130-2071
   Telephone: (858) 523-5400
5  Facsimile: (858) 523-5450

FILED

2007 DEC 20 PM 12:51

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

6  Attorneys for Plaintiff,
   GEORGIA-PACIFIC CONSUMER PRODUCTS LP
7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 GEORGIA-PACIFIC CONSUMER        )  Civil Action No. 07 CV 2391 BTM AJB
   PRODUCTS LP, a Delaware limited )
11 partnership,                    )  PLAINTIFF GEORGIA-PACIFIC
                                   )  CONSUMER PRODUCTS LP'S *EX PARTE*
12              Plaintiff,         )  APPLICATION FOR A TEMPORARY
                                   )  RESTRAINING ORDER AND ORDER TO
13       v.                        )  SHOW CAUSE RE PRELIMINARY
                                   )  INJUNCTION
14 LEE'S GENERAL TOYS, INC., a California )
   corporation, JOHN LEE, an individual; and ) DATE: TBD
15 DOES 1-100,                    )  TIME: TBD
                                   )  CTRM: TBD
16              Defendants.        )
                                   )
17                                 )
                                   )
18                                 )
                                   )
19                                 )
                                   )
20 _____ )

1  Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") hereby applies to
2  this Court, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, for the entry of the
3  Order described below. Georgia-Pacific respectfully requests a hearing on this matter as soon as
4  counsel may be heard. Specifically, Georgia-Pacific requests the entry of an Order:

    1.    Immediately enjoining Defendants Lee's General Toys, Inc. and John Lee ("Defendants"), their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the Order from importing, manufacturing, distributing, shipping, advertising, marketing, promoting, selling or offering to sell the "Angelite" or "Angel Lite" (hereinafter referred to collectively as "Angelite") bathroom tissue product in a packaging having an appearance the same as or similar to that shown in the photographs below:



**Figure 1**



**Figure 2**

2. Requiring Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them who receive actual notice of the Order immediately to withdraw from the market any "Angelite" bathroom tissue products having an appearance the same as or similar to that shown in Paragraph 1 above;

3. Immediately enjoining Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the Order from using, importing, manufacturing, distributing, or shipping any packaging, marketing or promotional materials using the word "Angelite" in connection with bathroom tissue products;

4. Requiring Defendants to file with the Court and serve upon Georgia-Pacific's counsel within two weeks after entry of the requested Temporary Restraining Order a report, in writing and under oath, describing in detail the actions taken by Defendants to comply with the requirements of the Temporary Restraining Order; and

5. Requiring Defendants to comply with any other Order this Court may issue.

6. Georgia-Pacific also requests the entry of an Order setting the time for Defendants to respond to an Order to Show Cause why a preliminary injunction should not issue that provides the same relief described above.

Georgia-Pacific's reasons for seeking the entry of such an Order are set forth in the following documents filed and lodged concurrently herewith:

(1) Complaint;

(2) Memorandum of Points and Authorities in Support of Plaintiff Georgia-Pacific's *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction;

(3) Declaration of Andrew Towle in Support of Plaintiff Georgia-Pacific's Application for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction and exhibits thereto;

(4) Declaration of Darwin D. Wisdom in Support of Plaintiff Georgia-Pacific's Application for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction and the exhibits thereto;

(5) Declaration of Randal J. Pissot in Support of Plaintiff Georgia-Pacific's Application for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction and the exhibits thereto;

(6) [Proposed] Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction.

Pursuant to Federal Rule of Civil Procedure 65(b), Georgia-Pacific requests that the notice requirements of Rule 65(b) be waived because Georgia-Pacific will suffer immediate and irreparable injury if Defendants are not enjoined immediately. There is a significant chance that Defendants can either destroy or obfuscate the offending products, or relocate themselves and their businesses if given prior notice.

WHEREFORE, Georgia-Pacific respectfully requests that this Court grant the relief sought in the [Proposed] Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, lodged concurrently herewith.

Dated: December 20, 2007

Respectfully submitted,

LATHAM & WATKINS LLP

By: _____
Stephen P. Swinton
Attorneys for Plaintiff
Georgia-Pacific Consumer Products LP
E-mail: steve.swinton@lw.com