RONALD MARTINETTI, ESQ.
State Bar No. 106 898
KAZANJIAN & MARTINETTI
520 East Wilson Avenue
Glendale, California 91206
Tel. 818-241-1011
FAX 818-241-2193

Attorneys for Defendants
Lee's General Toys, Inc., and
John Lee

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware limited partnership, <br><br> Plaintiff, <br><br> vs. <br><br> LEE'S GENERAL TOYS, INC., a California corporation, JOHN LEE, an individual; and DOES 1-10, <br><br> Defendants. | CASE. NO. 07 CV 2391 (JAH POR) <br><br> DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL <br><br><br><br><br> (Assigned to Hon. J. Houston) |

DEFENDANTS LEE'S GENERAL TOYS, INC. a California Corporation, and JOHN LEE hereby respectfully each answer the Plaintiff's Complaint and both request a jury trial:

DEFENDANTS' ANSWERS

1. With regard to the entire complaint, Defendants have not prepared their case for trial and so these answers are subject to information presently available.

1

JURISDICTION AND VENUE

2. With regard to paragraph 1, Defendants deny that they have any liability under the statutes listed or under the common law, and believe that it is Plaintiff which has created any misunderstanding, and that any misunderstanding should have been resolved without a lawsuit; however, Defendants believe that Plaintiff has set forth the various statutes and common law which relates to the issues of trademark and unfair competition law.

3. With regard to paragraph 2, Defendants admit that the court has subject matter jurisdiction; with regard to paragraph 3, Defendants admit that they are subject to the jurisdiction of the court but deny that they promoted, advertised or sold any unauthorized goods since Defendants believe that their tissue product (Angelite) has no similarity to Plaintiff's package wrapping and that Plaintiff has apparently filed this lawsuit to discourage honest and fair competition in the toilet paper market.

4. Defendants are located in the Central District of California and believe that venue is proper in that District; moreover, Defendants deny that they have infringed on Plaintiff's trademark since an examination of the two tissue wrappings shows that they differ in type, color, name, among other differences.

THE PARTIES

5. Defendants have no knowledge of what Does Plaintiff refers to (paragraph 8) and what Plaintiff's corporate status is (paragraph 1)  Defendants admit the allegation in paragraph 6, and admit that John Lee is an individual (paragraph 7) but strongly deny that he has infringed on any trademark owned by Plaintiff

2

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

1  (since the two competing products are vastly difference in ap-
2  pearance, among other details). Moreover, as Plaintiff is aware,
3  Defendant has a valid California trademark in the name Angelite
4  and has held this trademark since 2003. Plaintiff's delay in
5  filing this lawsuit has seriously prejudiced Defendants. Further,
6  Defendants acted at all times in good faith believing that their
7  trademark was valid.

## GENERAL ALLEGATIONS

9     6. Defendants have no knowledge at to those allegations
10 dealing with the background and history of Angel Soft which are
11 set forth at length in paragraphs 9 through 19, inclusive. For
12 example, Defendants do not know when Georgia-Pacific, which
13 apparently was a defunct railroad company, began marketing and
14 distributing bathroom tissue. Also, Defendants have no knowledge
15 of Georgia-Pacific's registered trademarks or any assignments and
16 therefore cannot admit or deny these allegations or the other
17 allegations listed in the above paragraphs.

18    7. Defendants have no knowledge of the supposed fame and
19 advertising and market share and the alleged billions it has
20 spent to promote its bathroom tissue product (as set forth in
21 paragraphs 20-31. These and the many other allegations set forth
22 in paragraphs 9 through 49 are factual (or apocryphal) and sub-
23 ject to proof in discovery. For example, Defendants have no way
24 of knowing at present whether Plaintiff has in fact spent 22
25 million in advertising (paragraph 21) or sold billions of dollars
26 of tissues (paragraph 27) or the number of visitors to its web-
27 site (paragraph 24). Therefore, at present Defendants are unable
28 to admit or deny the allegations set forth in paragraphs 20

3

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

1  through 31, inclusive.
2      8. Defendants admit that they are engaged in those activities
3  listed in paragraph 32.
4      9. Defendants deny the allegations in paragraph 33 insofar as
5  they claim that Defendants have infringed any trademark or that
6  the respective bathroom products are "confusingly similar"--as
7  Plaintiff's own complaint shows, the products use totally differ-
8  ent type and packaging. Moreover, Defendants hold a valid Cali-
9  fornia trademark and have since 2003.
10     10. Paragraph 34 appears to be an accurate depiction of Ange-
11  lite 525 and Angelite 500.
12     11. Defendants deny that their product is "confusingly simi-
13  lar" to Plaintiff's products--as alleged in paragraph 35. A
14  visual comparison of the packaging shows that the products are
15  different in type and coloring.
16     12. Defendants deny those specious allegations listed in
17  paragraphs 36, 37, 38, and 39 on the following grounds, among
18  others: Defendants had no intent to associate itself with Plain-
19  tiff--in fact, Defendants have had a valid California trademark
20  since 2003. Moreover, Defendants deny that its products cause any
21  confusion or are deceptive--and that no reasonable consumer would
22  mistake Defendants' tissue for Plaintiff's. In fact, consumers
23  Defendants have recently surveyed are shocked at this baseless
24  lawsuit.
25     13. With regard to paragraphs 40 and 41, Defendants deny that
26  their Angelite products would cause the reasonable consumer to be
27  confused--the two products have totally different packaging.
28

4

Moreover, Plaintiff has admitted that the word "soft" cannot be trademarked--and that the Trade Mark Office has admonished Plaintiff not to claim otherwise. Defendants intend to immediately file a FOI act request to obtain all files reflecting Plaintiff's unsuccessful battle with the United States Trademark Office. Further, Defendants specifically deny that their conduct was willful and deliberate.

14. With regard to paragraphs 42 and 43, Defendants deny their their actions were wrongful and deny that Plaintiff is entitled to an injunction since Defendants have a valid California trademark.

15. With regard to paragraphs 44 and 45 Defendants admit that they applied for an received a California trademark and that they have sold their product in various locations in Southern California.

16. With regard to paragraphs 46 and 47, Defendants deny that Plaintiff's                                                                of the trademark.

17. With regard to paragraphs 48 and 49, Defendants intend to undertake discovery as to when Defendants may have filed their trademarks and so cannot admit or deny the allegations at this time, except to state that Defendants' California trademark is not confusing since its color and design and lettering are different from Defendants. Moreover, and this denial is incorporated into all paragraphs, the word Soft cannot be trademarked--and Defendants fail to understand how Plaintiff can claim that the world Angel belongs to them.

## ANSWER TO FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 USC 1114)

18. Defendants (and each of them) answer the allegations in paragraph 50 by realleging and incorporating by reference the facts pled in paragraphs 1-17, inclusive of this answer.

19. Defendants admit the claims in paragraph 51, insofar as it accurately states the law.

20. At this time, Defendants have not undertaken discovery, so have no basis upon which to admit or deny the allegation in paragraph 52.

21. Plaintiff's allegations are vague in that they do not have any factual statements, so at this time Defendants are unable to admit or deny those allegations set forth in paragraph 53--for example, Defendants have no idea of what secondary meaning Plaintiff is referring to--that Georgia-Pacific has given the word "angel" a secondary meaning that only belongs to it?

22. Defendants deny the allegations set forth in paragraph 54 at this time since they have not had an opportunity to undertake discovery and further deny that the general public associates an old railroad company with bathroom tissue or that Plaintiff's product has "a high degree of distinctiveness and are famous," etc.

23. Defendants strongly deny each and every allegation in paragraph 55--and this denial should also be read into every other paragraph--since Defendants' Angelite is in no way confusing to the public, in no way unfairly completes with Plaintiff's products, in no way causes "mistakes among customers," and in no

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

1  way infringes upon Plaintiff's trademark (since the packages are
2  totally different in appearance and font style).
3       24. Defendants strongly deny (as claimed in paragraph 56) that
4  their conduct was willful or that they infringed upon Plaintiff's
5  trademarks.
6       25. With regard to paragraph 57, Defendants deny that they
7  have injured Plaintiff since Defendants have a valid trademark
8  and moreover the two products are not even remotely alike (so as
9  to confuse the ordinary consumer).
10      26. Defendants deny all the allegations in paragraph 58--for
11 example, Plaintiff has not submitted any declarations from con-
12 sumers alleging they were confused.

ANSWER TO SECOND CLAIM FOR RELIEF
(Common Law Trademark Infringement)

13      27. Defendants (and each of them) answer the allegations in
14 paragraph 59 by realleging and incorporating by reference the
15 facts pled in paragraphs 1-17, inclusive of this answer.
16      28. Defendants admit the allegations in paragraph 60 (but deny
17 any liability).
18      29. Defendants deny each and every allegation in paragraph
19 61--on among other grounds, the two products are totally dissimi-
20 lar.
21      30. Defendants deny each and every allegation in paragraph 62
22 on, among other grounds, they applied for and were granted a
23 California trademark in 2003.
24      31. Defendants deny each and every allegation in paragraph 63
25 on, among other grounds they applied for and were granted a
26 California trademark in 2003.

7

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

ANSWER TO THIRD CLAIM FOR RELIEF

(False Designation of Origin Under 15 USC 1125(a))

32. Defendants (and each of them) answer the allegations in paragraph 64 by realleging and incorporating by reference the facts pled in paragraphs 1-17, inclusive of this answer.

33. Defendants admit the allegations in paragraph 65 (but deny any liability).

34. Defendants have not undertaken discovery and so at present are unable to admit or deny those allegations in paragraph 66.

35. Defendants deny those allegations in paragraph 67 and further do not know what particular secondary meaning that Plaintiff claims.

36. Defendants deny all the allegations in paragraph 68 in that the public was not confused, the products are not confusing, and in fact are totally different in wrapping and packaging. The only similarity is that both tissues are made out of paper and are the color white.

37. Defendants deny all the allegations in paragraph 69 and deny that their behavior was willful--Defendants applied for and received a California trademark in 2003--and since then Plaintiff has sat on its rights, if any.

38. Defendants deny that they have damaged Plaintiff since their own trademark is valid.

39. Defendants deny each and every allegation in paragraph 71 on, among other grounds, they applied for and were granted a California trademark in 2003.

8

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

ANSWER TO FOURTH CLAIM FOR RELIEF

(False Advertising Under 15 USC 1125(a))

40. Defendants (and each of them) answer the allegations in paragraph 72 by realleging and incorporating by reference the facts pled in paragraphs 1-17, inclusive of this answer.

41. Defendants admit the allegations in paragraph 73 (but deny any liability).

42. Defendants deny all the allegations in paragraph 74 in that the public was not confused, the products are not confusing, and in fact are totally different in wrapping and packaging. The only similarity is that both tissues are made out of paper and are the color white.

ANSWER TO FIFTH CLAIM FOR RELIEF

(Trademark Dilution Under 15 USC 1125(c))

43. Defendants (and each of them) answer the allegations in paragraph 75 by realleging and incorporating by reference the facts pled in paragraphs 1-17, inclusive of this answer.

44. Defendants admit the allegations in paragraph 76 (but deny any liability); as to paragraph 77 Defendants have not yet undertaken discovery and reserve the right to contest venue.

45. Defendants have not yet undertaken discovery and therefore are unable to admit or deny whether Plaintiff's trademarks are "famous" (as alleged in paragraph 78) The word "soft," for example, as Defendants understand it, was not allowed to be trademarked by the US Trademark Office.

46. Defendants deny each and every allegation in paragraphs 79-82, inclusive: for example, Plaintiff's alleged trademark is not

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

1. mind, this lawsuit has no public's
2. reasonable basis in fact, Plaintiff has no trademark in the word
3. "soft," and so Plaintiff's reputation has not been tarnished or
4. injured. Moreover, Defendants' conduct was not willful: in fact,
5. Defendants applied for and obtained a California trademark in
6. 2003 (and Plaintiff has sat on its alleged rights for four
7. years).
8. 47. Defendants deny all the allegations in paragraphs 83 and
9. 84 in that the public was not confused, the products are not
10. confusing, and in fact are totally different in wrapping and
11. packaging. The only similarity is that both tissues are made out
12. of paper and are the color white and therefore Plaintiff cannot
13. be damaged or injured under the law.

ANSWER TO SIXTH CLAIM FOR RELIEF
(Dilution Under California Business & Professions Code 14330 and California Common Law)

17. 48. Defendants (and each of them) answer the allegations in
18. paragraph 85 by realleging and incorporating by reference the
19. facts pled in paragraphs 1-17, inclusive of this answer.
20. 49. Defendants admit the allegations in paragraph 86 (but deny
21. any liability).
22. 50. Defendants have not undertaken discovery and so at this
23. time cannot admit or deny the allegations in paragraph 87.
24. 51. Defendants deny all the allegations in paragraph 88 on the
25. grounds that Angelite is not likely to dilute Plaintiff's trade-
26. mark on the grounds that the products are totally dissimilar and
27. that this lack of similarity can be determined by examining the

10

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

photos in Plaintiff's complaint.

52. Defendants deny all the allegations in paragraphs 90 and 91 in that the public was not confused, the products are not confusing, and in fact are totally different in wrapping and packaging. The only similarity is that both tissues are made out of paper and are the color white and therefore Plaintiff cannot be damaged or injured under the law.

ANSWER TO SEVENTH CLAIM FOR RELIEF

(Unfair Competition Under California Business & Professions Code Section 172 and California Common Law)

53. Defendants (and each of them) answer the allegations in paragraph 92 by realleging and incorporating by reference the facts pled in paragraphs 1-17, inclusive of this answer.

54. Defendants admit the allegations in paragraph 93 (but deny any liability).

55. Defendants deny that they have intentionally caused any confusion since the products are so dissimilar that no reasonable member of the public would be confused; moreover, they have competed fairly in that they have a California trademark. These false allegations are set forth in paragraph 94.

56. Defendants deny all the allegations in paragraph 95.

57. Defendants deny the allegations in paragraph 96 that Plaintiff has been damaged (since there is no cause of action under California state law).

ANSWER TO EIGHTH CLAIM FOR RELIEF

(Unfair Competition Under California Business and Professions Code Section 17200 and California Common Law)

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

58. Defendants (and each of them) answer the allegations in paragraph 98 by realleging and incorporating by reference the facts pled in paragraphs 1-17, inclusive of this answer.

59. Defendants deny that they violated the Lanham Act or any other statute or common law claim (and hereby incorporate this into every paragraph in their answer).

60. Defendants admit that this court has jurisdiction. However, discovery has not been undertaken with regard to venue (though it seems likely that venue may be proper).

61. Defendants deny the allegation set forth in paragraph 100 that their Angelite bathroom tissue is in any way similar to Plaintiff's--the color of the packaging is different, the type different--and Defendants do not use the term "soft" which Plaintiff has not been able to trademark.

62. Defendants deny that they violated the Lanham Act or any other statute or common law claim (and hereby incorporate this into every paragraph in their answer).

63. Defendants deny the allegations in paragraph 102 that Plaintiff has been injured (since there is no cause of action under California state law or federal law).

ANSWER TO NINTH CLAIM FOR RELIEF

(Unlawful Importation of Goods Bearing Infringing Marks in Violation of 19 USC 1576 (a))

64. Defendants (and each of them) answer the allegations in paragraph 103 by realleging and incorporating by reference the facts pled in paragraphs 1-17, inclusive of this answer.

65. Defendants admit that Plaintiff has alleged a statutory claim (paragraph 104) but deny any liability.

66. Defendants deny the allegation set forth in paragraph 105 that their Angelite bathroom tissue is in any way similar to Plaintiff's--the color of the packaging is different, the type different--and Defendants do not use the term "soft" which Plaintiff has not been able to trademark.

67. Defendants deny that they have unlawfully imported any infringing goods as claimed in paragraph 106.

68. Defendants deny the allegations in paragraph 107 that Plaintiff has been injured (since there is no cause of action under California state law or federal law).

## ANSWER TO TENTH CLAIM FOR RELIEF
### (Cancellation of State Trademark Registration)

69. Defendants (and each of them) answer the allegations in paragraph 108 by realleging and incorporating by reference the facts pled in paragraphs 1-17, inclusive of this answer.

70. Defendants admit that Plaintiff seeks cancellation of its trademark but believes that this action is not proper since Plaintiff has unreasonably delayed in bringing its claim and moreover Defendant has a valid trademark (in that there is no confusion of the separate products. Therefore, Defendants deny those allegations set forth in paragraphs 109 and 110.

## AFFIRMATIVE DEFENSES FOR ALL DEFENDANTS

Defendants request that this court deny all those claims set forth in paragraphs 1 through 23 on the following grounds among others: Plaintiff has unreasonably delayed in filing this action, Plaintiff has no injuries, no damages, no right to attorneys' fees, no claim under state or federal law, no right to any in-

13

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

1  junctive relief since the balance of hardships tips toward De-
2  fendants, no right to injunctive relief since Defendants have a
3  valid state trademark, no right to attorneys' fees or treble
4  damages since Defendants have acted in faith and shown their
5  willingness to cooperate. Defendants respectfully request a trial
6  by jury.

First Affirmative Defense

(Failure to State Facts Sufficient to Constitute a Cause
of Action)

71. Defendants, and each of them, are informed and believe and
upon that basis allege that the Complaint and each claim for
relief fails to state facts sufficient to constitute a clause of
action and that Plaintiff's punitive damage allegations lack
sufficient factual allegations and are without merit.

Second Affirmative Defense

(Innocent and Unintentional Conduct)

72. Defendants, and each of their, conduct at all times was in
good faith, innocent, not willful, not malicious, and
unintentional with regard to any infringement of Plaintiff's
trademarks or any other valid intellectual property. Further,
Defendants, and each of their, conduct had social utility--for
example, attempts to engage in international trade and on
balance this social utility outweighed any unintentional conduct
and was not inherently wrongful.

Third Affirmative Defense

(Conduct Not Knowingly Wrongful)

14

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

73. Defendants, and each of them, did not engage in any knowingly wrongful conduct with regard to any of Plaintiff's trademarks or other intellectual property, or unfair competition claims and had no knowledge that any marks were invalid. In fact, Defendant holds a valid California trademark.

#### Fourth Affirmative Defense

(Conduct Not Malicious)

74. Defendants, and each of their, conduct at all times was not malicious or oppressive or willful or deliberate or reckless or unfair or intended to harm Plaintiff to support or justify any punitive damage claims or claims for attorneys' fees or for treble damages.

#### Fifth Affirmative Defense

(Reasonable and Good Faith)

75. Defendants, and each of them, has acted reasonably and immediately upon learning of Plaintiff's intellectual property claims through this lawsuit by stating that it was willing to engage in discussions to resolve any dispute and to cooperate in informal discovery.

#### Sixth Affirmative Defense

(Estoppel)

76. Defendants offered to cooperate with Plaintiff immediately upon learning of its claims--even though Defendants dispute the validity of Plaintiff's trademarks--and Plaintiff should be estopped from proceeding with this lawsuit in an effort to drive up attorneys' fees and harass Defendants, a small family run toy company in Los Angeles. Moreover, Plaintiff should be estopped

15

from receiving any injunctive relief since Defendant hold a valid California trademark and Plaintiff has unreasonably delayed in seeking relief.

### Seventh Affirmative Defense
#### (Unclean Hands)

77. Defendants have acted in good faith but Plaintiff has come into court claiming via its lawyers that Hispanic shoppers are somehow less sophisticated that others and will be confused.

### Eighth Affirmative Defense
#### (Comparative Fault)

78. Plaintiff's damages, if any, were caused in whole or in part by its own comparative fault and/or fault of other third parties whose identity Defendants do not yet know.

### Ninth Affirmative Defense
#### (Action of Others)

79. Defendants acted in good faith in dealing with an overseas manufacturer and agents and it is the actions of the third party, or parties, who caused Plaintiff's damages, if any, and who may have been engaged in harming Plaintiff's intellectual property rights, if any.

### Tenth Affirmative Defense
#### (Trademark Dilution)

80. Defendants sale of Angelite was so minuscule as not to dilute Plaintiff's trademark or confuse the public or lead to any likelihood of confusion.

### Eleventh Affirmative Defense
#### (Waiver)

16

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

81. Defendants, and each of them, are informed and believe and upon that basis allege that Plaintiff has waived any right to obtain the relief requested in the Complaint.

Twelfth Affirmative Defense

(Laches)

82. Defendants, and each of them, are informed and believe and upon that basis allege that Plaintiff's claims are barred by virtue of its own laches in bringing this action even though Defendant had a valid California Trademark on file since 2003.

Thirteenth Affirmative Defense

(Trademarks not Valid)

83. Defendants, and each of them, are informed and believe and upon that basis allege that Plaintiff has not obtained valid trademarks, or the assignment to trademarks, either in California or elsewhere and/or Plaintiff or other prior owners failed to properly record the marks, failed to properly affix notices, failed to comply with other statutory obligations.

Fourteenth Affirmative Defense

(No Valid Statutory or Common Law Claims)

84. Defendants, and each of them, are informed and believe that Plaintiff has failed to state a proper cause of action under the Lanham Act, California Business & Professions Code Section 17200 et seq as well as under the common law.

Fifteenth Affirmative Defense

(No Attorneys' Fees)

85. Defendants, and each of them, deny that Plaintiff is entitled to attorneys' fees under the common law or any statute.

Sixteenth Affirmative Defense

17

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

(No Treble Damages)

86. Defendants, and each of them, deny that Plaintiff is entitled to treble damages, costs, or any other statutory or common law enhancement since their conduct was not at any time willful, deliberate, or malicious and was in fact in good faith under a valid California trademark.

**Seventeenth Affirmative Defense**

(Punitive Damages)

87. Defendants, and each of them, deny that Plaintiff is entitled to punitive damages since Plaintiff has not set forth a sufficient factual basis to justify punitive damages against the individual or corporate Defendant.

**Eighteenth Affirmative Defense**

(Improper Parties)

88. Defendants, and each of them, allege that Plaintiff failed to join indispensable parties (including but not limited to the manufacture in China).

WHEREFORE DEFENDANTS AND EACH OF THEM pray as follows:

1. That Plaintiff take nothing by virtue of its complaint.
2. That Plaintiff be denied costs and attorneys' fees as well as any statutory enhancement or punitive damages.
3. That Defendants, and each of them, be awarded costs and attorneys' fees.
4. That Defendant's California trademark not be canceled.
5. That Defendants be awarded a ruling from the Court that Plaintiff's claim for punitive damages lacked probable cause.
6. For such other and further relief as the Court may deem

18

just and proper.

    THAT DEFENDANTS AND EACH OF THEM HAVE A JURY TRIAL.

Dated: January 11, 2007    KAZANJIAN & MARTINETTI
                                RONALD MARTINETTI, ESQ.

                                By _____
                                Ronald Martinetti
                                Attorneys for Defendants
                                Lee's General Toys, Inc.
                                and John Lee

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

## PROOF OF SERVICE

I am employed in Los Angeles County, California; I am over the age of eighteen years and not a party to the within action. My business address is 520 East Wilson Glendale, California 91206.

On this date I served Defendants' Answer to Complaint and Demand for Jury Trial

_____ by personal delivery (to the address below)

x
_____ by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail box at Glendale, California, addressed to:

Stephen Swinton, Esq.
Latham & Watkins
12636 High Bluff Drive, Suite 400
San Diego, California 92130-2071
Tel. 858-523-5400
FAX 858-523-5450

and via FAX to counsel for Georgia-Pacific Consumer Prod. (x)

(x) BY MAIL I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Glendale, California. I am readily familiar with our law firm's practice of collecting and processing correspondence and documents for mailing. They are deposited with the U.S. Postal Service on the same day as dated, in the ordinary course of business.

_____ (State) I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

(x)   (Federal)

The papers are also to be filed via e-mail.

I declare under penalty of perjury of the state of California that the foregoing is true and correct.

Executed this January 11, 2008 at Glendale, California 91206



1