LATHAM & WATKINS LLP
Stephen P. Swinton (Bar No. 106398)
steve.swinton@lw.com
Adam A. Welland (Bar No. 228680)
adam.welland@lw.com
12636 High Bluff Drive, Suite 400
San Diego, California 92130-2071
Telephone: (858) 523-5400
Facsimile: (858) 523-5450

Attorneys for Plaintiff,
GEORGIA-PACIFIC CONSUMER PRODUCTS LP

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>LEE'S GENERAL TOYS, INC., a California corporation, JOHN LEE, an individual; and DOES 1-100,<br><br>Defendants. | Civil Action No. 07-CV-2391 JAH (POR)<br><br>**REPLY TO DEFENDANTS' DECLARATION OF RONALD MARTINETTI IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date: January 14, 2008<br>Time: 2:30 p.m.<br>Judge: Hon. John A. Houston |

I. INTRODUCTION

Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") respectfully submits this response to Defendants' Declaration of R. Martinetti in Opposition to Motion for Temporary Restraining Order ("Opposition"). The Opposition is both untimely[1] and replete with irrelevant and unmeritorious arguments. Georgia-Pacific presents these additional arguments to rebut the deficiencies and inaccuracies in Defendants' Opposition.

---

[1] According to the Court's Order dated December 20, 2007, Defendants' Opposition was due on January 7, 2008. Plaintiff therefore objects to the Opposition as untimely and believes it should be rejected on this ground alone.

## II. ARGUMENT

### A. Defendants' "Angelite" Logo Is Confusingly Similar To Plaintiff's ANGEL SOFT Trademarks

Defendants' Opposition fails to adequately distinguish "Angelite" from the **ANGEL SOFT** Trademarks (as defined in Memorandum of Points and Authorities in Support of Plaintiff Georgia-Pacific Consumer Products LP's *Ex Parte* Application for a TRO and Order to Show Cause Re: Preliminary Injunction ("Memo") at 4). Defendants point to alleged differences that are of no consequence. For instance, Defendants' emphasis on the word "soft" in the **ANGEL SOFT** Trademarks is misplaced. It is well established that "a trademark infringer need not expropriate the entire mark of another to be guilty of an enjoinable offense if the imitation is of the most salient feature of the mark in question." *Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 801 (9th Cir. 1970); *see also LoneStar Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922 (7th Cir. 1995) (explaining that "greater weight [is] given to the dominant or salient portions of the marks"). This is the exact situation in the instant case, in which Defendants have copied the "Angel" portion, the most salient portion, of Georgia-Pacific's trademarks.

The Federal Circuit employed the same reasoning in *Century 21 Real Estate Corp. v. Century Life of America*, 970 F.2d 874 (Fed. Cir. 1992). The Federal Circuit found the "Central" portion of the marks at issue to be the dominant feature, and held that "upon encountering each mark, consumers must first notice this identical lead word." *Id.* at 876. The Court went on to hold that the marks were confusingly similar. The same conclusion should be reached here. Consumers will first notice the identical lead word "Angel," the most dominant portion of the mark, and will confuse "Angelite" for Georgia-Pacific's product. It is exactly this type of confusion from which Georgia-Pacific must protect itself, and why its request for a preliminary injunction should be granted.

Defendants' other attempts to distinguish are similarly without merit, and also ignore the salient portion of the marks. The color of Defendants' packaging has no bearing in this case. Opp. at ¶ 3. The **ANGEL SOFT** Trademarks are not limited to any specific color scheme.

1   Further, the size of the logo is also wholly irrelevant. *Id.* The **ANGEL SOFT** Trademarks are
2   not limited to any specific size. Additionally, while Defendants allude to alleged differences in
3   typeface, *id.*, only one of the **ANGEL SOFT** Trademarks claims a stylized typeface, none of the
4   others are so limited. *See* Memo at 4.

5         Defendants, in fact, appear to be incorrectly comparing the "Angelite" logo to a picture in
6   Plaintiff's Memo of a logo on actual **ANGEL SOFT®** bathroom tissue. The correct comparison
7   is to the asserted **ANGEL SOFT** Trademarks, not a single instance in which one such trademark
8   is used on a commercial product. This deficiency is likely because when the correct comparison
9   is made, it is apparent that "Angelite" is confusingly similar to the **ANGEL SOFT** Trademarks.

10       **B.**    **Confusion In The Marketplace Will Irreparably Harm Georgia-Pacific**

11         The inevitable confusion amongst consumers will damage Georgia-Pacific's
12   reputation and diminish the goodwill associated with its products. First, the quality of the
13   "Angelite" bathroom tissue is dramatically inferior to the **ANGEL SOFT®** brand bath tissue.
14   Georgia-Pacific conducted various quality control tests on the "Angelite" product and packaging
15   -- the same routine tests that Georgia-Pacific conducts on its own bathroom tissue. *See*
16   Declaration of Joseph H. Miller ("Miller Decl."), ¶¶ 2 - 3. Specifically, key features indicative
17   of quality – brightness and dirt count – were evaluated for the "Angelite 525" bathroom tissue
18   and compared to Georgia-Pacific's **ANGEL SOFT®** 469 count bath tissue quality standards. *Id.*
19   These tests revealed vast differences in quality.

20         Both the brightness and dirt count (the amount of dirt specks) characteristics of a bath
21   tissue product are significant to consumers because the product is used for personal hygiene. *Id.*
22   at ¶¶ 5, 7. Thus, dullness or discoloration are understood to indicate an unsanitary and poor
23   quality product, as would the presence of dirt specks. Georgia-Pacific expends great efforts and
24   resources to ensure that its products do not convey such an image to consumers. The "Angelite"
25   product, however, does not possess the same high quality standards. Its brightness rating was
26   only 75%, which is considerably lower than that of the **ANGEL SOFT®** product. *Id.* at ¶ 6.
27   Further, the amount of dirt in the "Angelite 525" bath tissue was several times greater with some
28   dirt even visible to the naked eye. *Id.* at ¶¶ 7 - 8. Thus, consumers who purchase "Angelite"

expecting it to be **ANGEL SOFT®** will be disappointed, and will associate an inferior quality with Georgia-Pacific's bath tissue products. This can greatly damage the reputation and goodwill that Georgia-Pacific has amassed over the years.

This reputational harm is further enhanced by the fact that the "Angelite" packaging contains unlawful levels of lead. The Coalition of Northeastern Governors ("CONEG") has developed model legislation to protect against dangerous levels of metals, such as lead, in product packaging. *Id.* at ¶ 9. Nineteen states have adopted legislation based upon this model, including California. Under both CONEG and California legislation, product packaging cannot contain more than 100 parts per million (ppm) of mercury, lead, cadmium, and hexavalent chromium combined. *Id.* Testing of the "Angelite" product packaging revealed a lead content of 550 ppm. *Id.* at ¶ 11. Therefore, just the amount of lead alone far exceeds the specified limit. Any association of such packaging with Georgia-Pacific would cause further irreparable harm to its reputation and goodwill.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court preliminarily enjoin Defendants from infringing the **ANGEL SOFT** Trademarks.

Dated: January 11, 2008

LATHAM & WATKINS LLP

By: __/s/ Stephen P. Swinton__
Stephen P. Swinton
Attorneys for Plaintiff
Georgia-Pacific Consumer Products LP
E-mail: steve.swinton@lw.com

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 12636 High Bluff Drive, Suite 400, San Diego, CA 92130.

On **January 16, 2008**, I served the following document described as:

1. **REPLY TO DEFENDANTS' DECLARATION OF RONALD MARTINETTI IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER;**

2. **DECLARATION OF JOSEPH H. MILLER**

by serving a true copy of the above-described document in the following manner:

### BY ELECTRONIC FILING

I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Ronald Martinetti, Esq.
Kazanjian & Martinetti
520 East Wilson Avenue
Glendale, CA 91206
Tel: 818-241-1011
Fax: 818-241-2193

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 16, 2008, at San Diego, California.

_Alison L. Montera_
Alison L. Montera