1  LATHAM & WATKINS LLP
   Stephen P. Swinton (Bar No. 106398)
2  steve.swinton@lw.com
   Adam A. Welland (Bar No. 228680)
3  adam.welland@lw.com
   12636 High Bluff Drive, Suite 400
4  San Diego, California 92130-2071
   Telephone: (858) 523-5400
5  Facsimile:  (858) 523-5450

6  Attorneys for Plaintiff,
   GEORGIA-PACIFIC CONSUMER PRODUCTS LP
7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 | GEORGIA-PACIFIC CONSUMER      ) Civil Action No. 07-CV-02391 JAH (POR)
     PRODUCTS LP, a Delaware limited )
12   partnership,                   ) **DECLARATION OF JOSEPH H. MILLER**
                                    )
13              Plaintiff,          )
                                    )
14         v.                       )
                                    )
15  LEE'S GENERAL TOYS, INC., a California )
    corporation, JOHN LEE, an individual; and )
16  DOES 1-100,                     )
                                    )
17              Defendants.         )
                                    )
18                                  )
                                    )
19  _____ )

I, Joseph H. Miller, hereby declare as follows:

1. I am Vice President of Research & Technology for Georgia-Pacific Consumer Products LP ("Georgia-Pacific"). I have personal knowledge of the matters set forth below and could and would testify competently thereto if necessary.

2. Our consumer products – including our bath tissue sold under our **ANGEL SOFT®** brand - must meet our rigorous standards of quality. As a result, we endure significant expense to ensure that our products adhere to high quality standards. I supervise the Research & Technology department for all of our consumer products, which is largely responsible for the testing associated with maintaining our quality control standards. Examples of some of our key quality control efforts for bath tissue include measuring and controlling the appearance of the product including the brightness and dirt count as well as periodic workmanship audits of both the bath tissue and the packaging itself.

3. Separately packaged rolls of bath tissue bearing the Angelite 525 logo - that I understand to be at issue in this litigation - were received on January 3, 2008 at Georgia-Pacific's Analytical Research Laboratory, 1915 Marathon Avenue, Neenah, Wisconsin 54957. We subjected the Angelite 525 bath tissue to several of the same, routine quality control tests that we conduct on our own **ANGEL SOFT®** bath tissue. This testing was conducted under my direction and supervision on January 4, 2008.

## TESTING OF BATH TISSUE

4. To facilitate our analysis, we removed the packaging and extracted samples of both brands of bath tissue using heptane and deionized water in accordance with a modified FDA extraction method.

A. **Brightness**

5. The samples were tested to determine the MacBeth 3100 Brightness percentage. This is a significant factor affecting quality because it is indicative of the whiteness of the product, which is important to consumers because bath tissue is used in personal hygiene. This was accomplished by conducting testing in our laboratory. Because there is no industry standard test to determine brightness, we used our internal testing methodology, which involves

1  illuminating the sample with a visible light source and measuring the reflectance off the sample.

2      6.    The Angelite 525 bath tissue had a brightness level of 75%. This is significant because it demonstrates that the Angelite 525 brand of bath tissue is substantially lower in brightness as compared to our **ANGEL SOFT®** brand of bath tissue. Accordingly, consumers may perceive the Angelite 525 bath tissue as unsanitary.

B.    <u>**Dirt Count**</u>

    7.    The samples were also tested to determine the dirt count. This is a significant factor affecting quality because consumers may perceive specks found in bath tissue as foreign matter or contamination. Because bath tissue is used in personal hygiene, consumers may consider bath tissue with specks as unsanitary. Similar to the brightness test, there is no standard industry test methodology to evaluate the dirt count, so we used our internal testing protocol in which we examine the sheet with reflected light and count as foreign matter any material that is greater than 0.02mm in area.

    8.    The Angelite 525 bath tissue had a dirt count of 297. These results are significant because they show the Angelite 525 brand of bath tissue to be several times higher in dirt count as compared to **ANGEL SOFT®** brand of bath tissue. In fact, the specks of dirt actually are visible on the Angelite 525 bath tissue. As with brightness, consumers may perceive the Angelite 525 bath tissue, which has visible dirt specks negatively or to be unsanitary.

## TESTING OF PACKAGING

    9.    I understand that the Coalition of Northeastern Governors ("CONEG") has developed model legislation to protect against dangerous levels of metals, such as lead, in product packaging. Nineteen states have legislation that is based on this model legislation, including California. *See* Cal. Health & Safety §§ 25214.11 – 25214.20 (2004), copy attached hereto as Exhibit 1. Under the CONEG model legislation, and in California, product packaging should not contain more than 100 parts per million ("ppm") of mercury, lead, cadmium, and hexavalent chromium combined.

    10.    To test the packaging for the presence of such metals, such as lead, printed areas

of the poly wrap samples were ashed in replicate, which means we burned the packaging and analysed the remaining ashes. One ash sample from each poly wrap was heat digested – or combined - with nitric acid and analyzed for metals by using an instrument called Inductively Coupled Plasma spectroscopy

11.   Our analysis revealed a lead content in the Angelite 525 packaging of 550 ppm. Therefore, just lead alone in the tested packaging far exceeds the legal limit for such metals.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed by me on this 10th day of January 2008.

*Joseph H. Miller*

**EXHIBIT 1**

CALIFORNIA CODES
HEALTH AND SAFETY CODE
SECTION 25214.11-25214.21


25214.11.  (a) The Legislature finds and declares all of the
following:
   (1) The management of solid waste can pose a wide range of hazards
to public health and safety and to the environment.
   (2) Packaging comprises a significant percentage of the overall
solid waste stream.
   (3) The presence of heavy metals in packaging is a part of the
total concern regarding the disposal of hazardous constituents in the
solid waste stream, in light of the presence of heavy metals in
emissions or ash when packaging is incinerated, or in leachate when
packaging is disposed of in a solid waste landfill.
   (4) Lead, mercury, cadmium, and hexavalent chromium, on the basis
of available scientific and medical evidence, are of particular
concern.
   (5) It is desirable, as a first step in reducing the toxicity of
packaging waste, and reducing the hazardous materials that may be
disposed of in solid waste landfills, to eliminate the addition of
these heavy metals to packaging.
   (6) The intent of this article is to achieve this reduction in
toxicity without impeding or discouraging the expanded use of
recycled materials in the production of packaging and its components.

   (b) This article shall be known, and may be cited, as the "Toxics
in Packaging Prevention Act."


25214.12.  For purposes of this article, the following terms have
the following meanings:
   (a) "ASTM" means the American Society for Testing and Materials.
   (b) "Distribution" means the practice of taking title to a package
or a packaging component for promotional purposes or resale.  A
person involved solely in delivering a package or a packaging
component on behalf of a third party is not engaging in distribution.

   (c) (1) "Intentional introduction" means the act of deliberately
utilizing a regulated metal in the formation of a package or
packaging component where its continued presence is desired in the
final package or packaging component to provide a specific
characteristic, appearance, or quality.
   (2) "Intentional introduction" does not include either of the
following:
   (A) The use of a regulated metal as a processing agent or
intermediate to impart certain chemical or physical changes during
manufacturing, where the incidental retention of a residue of that
metal in the final package or packaging component is not desired or
deliberate, if the final package or packaging component is in
compliance with subdivision (c) of Section 25214.13.
   (B) The use of recycled materials as feedstock for the manufacture
of new packaging materials, where some portion of the recycled
materials may contain amounts of a regulated metal, if the new
package or packaging component is in compliance with subdivision (c)
of Section 25214.13.

(d) "Incidental presence" means the presence of a regulated metal as an unintended or undesired ingredient of a package or packaging component.

(e) "Manufacturer" means any person, firm, association, partnership, or corporation producing a package or packaging component.

(f) "Manufacturing" means the physical or chemical modification of a material to produce packaging or a packaging component.

(g) "Package" means any container, produced either domestically or in a foreign country, providing a means of marketing, protecting, or handling a product, including a unity package, an intermediate package or a shipping container, as defined in the ASTM specification D996. "Package" also includes unsealed receptacles, including carrying cases, crates, cups, pails, rigid foil and other trays, wrappers and wrapping films, bags, and tubs.

(h) "Packaging component" means any individual assembled part of a package that is produced either domestically or in a foreign country, including, but not necessarily limited to, any interior or exterior blocking, bracing, cushioning, weatherproofing, exterior strapping, coatings, closures, inks, labels, dyes, pigments, adhesives, stabilizers, or any other additives. Tin-plated steel that meets the ASTM specification A623 shall be considered as a single package component. Electrogalvanized coated steel and hot dipped coated galvanized steel that meet the ASTM qualifications A591, A653, A879, and A924 shall be treated in the same manner as tin-plated steel.

(i) "Purchaser" means a person who purchases and takes title to a package or a packaging component, from a manufacturer or supplier, for the purpose of packaging a product manufactured, distributed, or sold by the purchaser.

(j) "Recycled material" means a material that has been separated from solid waste for the purpose of recycling the material as a secondary material feedstock. Recycled materials include paper, plastic, wood, glass, ceramics, metals, and other materials, except that recycled material does not include a regulated metal that has been separated from other materials into its elemental or other chemical state for recycling as a secondary material feedstock.

(k) "Regulated metal" means lead, mercury, cadmium, or hexavalent chromium.

(l) (1) "Supplier" means a person who does or is one or more of the following:

(A) Sells, offers for sale, or offers for promotional purposes, a package or packaging component that is used by any other person to package a product.

(B) Takes title to a package or packaging component, produced either domestically or in a foreign country, that is purchased for resale or promotional purposes.

(C) Acts as an intermediary for the purchase of a package or packaging component for resale from a manufacturer located in another country to a purchaser located in this state, and who may receive a commission or a fee on that sale.

(D) Listed as the importer of record on a United States Customs Service form for an imported package or packaging component.

(2) "Supplier" does not include a person involved solely in delivering a package or packaging component on behalf of a third party.

(m) "Toxics in Packaging Clearinghouse" means the Toxics in Packaging Clearinghouse (TPCH) of the Council of State Governments.

25214.13. (a) Except as provided in Section 25214.14, on and after January 1, 2006, a manufacturer or supplier may not offer for sale or for promotional purposes in this state a package or packaging component that includes a regulated metal, in the package itself, or in a packaging component, if the regulated metal has been intentionally introduced into the package or packaging component during manufacturing or distribution.
 (b) Except as provided in Section 25214.14, on and after January 1, 2006, a person may not offer for sale or for promotional purposes in this state a product in a package that includes a regulated metal, in the package itself, or in a packaging component, if the regulated metal has been intentionally introduced into the package or packaging component during manufacturing or distribution.
 (c) Except as provided in Section 25214.14, on and after January 1, 2006, the sum of the incidental total concentration levels of all regulated metals present in a single-component package or in an individual packaging component may not exceed 100 parts per million by weight.

25214.14. A package or a packaging component is exempt from the requirements of Section 25214.13, and shall be deemed in compliance with this article, if the manufacturer or supplier complies with the applicable documentation requirements specified in Section 25214.15 and the package or packaging component meets any of the following conditions:
 (a) The package or packaging component is marked with a code indicating a date of manufacture prior to January 1, 2006.
 (b) A regulated metal has been added to the package or packaging component in the manufacturing, forming, printing, or distribution process, to comply with the health or safety requirements of a federal or state law.
 (c) (1) The package or packaging component contains no intentionally introduced regulated metals, but exceeds the applicable maximum concentration level set forth in subdivision (c) of Section 25214.13 only because of the addition of a recycled material.
 (2) This subdivision, and all exemptions provided pursuant to it, expire on January 1, 2010.
 (d) (1) A regulated metal has been added to the package or packaging component in the manufacturing, forming, printing, or distribution process for a use for which there is no feasible alternative.
 (2) For purposes of this subdivision, "a use for which there is no feasible alternative" means a use, other than for purposes of marketing, for which a regulated metal is essential to the protection, safe handling, or function, of the package's contents, and technical constraints preclude the substitution of other materials.
 (e) (1) The package or packaging component is reused and contains no intentionally introduced regulated metals, but exceeds the applicable maximum concentration level set forth in subdivision (c) of Section 25214.13, and all of the following apply:
 (A) The product being conveyed by the package, the package, or packaging component is otherwise regulated under a federal or state health or safety requirement.
 (B) The transportation of the packaged product is regulated under federal or state transportation requirements.
 (C) The disposal of the package is otherwise performed according

to the requirements of this chapter or Chapter 8 (commencing with Section 114960) of Part 9 of Division 104.
   (2) This subdivision, and all exemptions provided pursuant to it, expire on January 1, 2010.
   (f) (1) The package or packaging component has a controlled distribution and reuse and contains no intentionally introduced regulated metals, but exceeds the applicable maximum concentration level set forth in subdivision (c) of Section 25214.13.
   (2) This subdivision, and all exemptions provided pursuant to it, expire on January 1, 2010.
   (g) (1) The packaging or packaging component is a glass or ceramic package or packaging component that has a vitrified label, and that, when tested in accordance with the Waste Extraction Test, described in Appendix II of Chapter 11 (commencing with Section 66261.1) of Division 4.5 of Title 22 of the California Code of Regulations does not exceed 1.0 ppm for cadmium, 5.0 ppm for hexavalent chromium, or 5.0 ppm for lead. A glass or ceramic package or packaging component containing mercury is not exempted pursuant to this subdivision.
   (2) This subdivision, and all exemptions provided pursuant to it, expire on January 1, 2010.


25214.15. (a) A package or packaging component qualifies for an exemption pursuant to Section 25214.14 only if the manufacturer or supplier prepares, retains and biennially updates documentation containing all of the following information for that package or packaging component:
   (1) A statement that the documentation applies to an exemption from the requirements of Section 25214.13.
   (2) The name, position, and contact information for the person who is the manufacturer's or supplier's contact person on all matters concerning the exemption.
   (3) An identification of the exemption and a reference to the applicable subdivision in Section 25214.14 setting forth the conditions for the exemption.
   (4) A description of the type of package or packaging component to which the exemption applies.
   (5) Identification of the type and concentration of the regulated metal or metals present in the package or packaging component, and a description of the testing methods used to determine the concentration.
   (6) An explanation of the reason for the exemption.
   (7) Supporting documentation that fully and clearly demonstrates that the package or packaging component is eligible for the exemption.
   (8) The documentation listed in subdivisions (b), (c), (d), (e), (f), (g), or (h), whichever is applicable for the exemption.
   (b) If an exemption is being claimed under subdivision (a) of Section 25214.14, the manufacturer or supplier shall prepare, retain, and biennially update documentation containing all of the following information for the package or packaging component to which the exemption applies:
   (1) Date of manufacture.
   (2) Estimated time needed to exhaust current inventory.
   (3) Alternative package or packaging component that meets the requirements of Section 25214.13.
   (c) If an exemption is being claimed under subdivision (b) of Section 25214.14, the manufacturer or supplier shall prepare, retain, and biennially update documentation that contains all of the

following information for each regulated metal intentionally introduced in the package or packaging component to which the exemption applies:
   (1) Identification of the specific federal or state law requiring the addition of the regulated metal to the package or packaging component.
   (2) Detailed information that fully and clearly demonstrates that the addition of the regulated metal to the package or packaging component is necessary to comply with the law identified pursuant to paragraph (1).
   (3) A description of past, current, and planned future efforts to seek or develop alternatives to eliminate the use of the regulated metal in the package or packaging component.
   (4) A description of all alternative measures that have been considered, and, for each alternative, an explanation as to why the alternative is not satisfactory for purposes of achieving compliance with the law identified pursuant to paragraph (1).
   (d) If an exemption is being claimed under subdivision (c) of Section 25214.14, the manufacturer or supplier shall prepare, retain, and biennially update documentation containing all of the following information for the package or packaging component to which the exemption applies:
   (1) The type and percentage of recycled material or materials added to the package or packaging component.
   (2) The type and concentration of each regulated metal contained in each recycled material added to the package or packaging component.
   (3) Efforts to minimize or eliminate the regulated metals in the package or packaging component.
   (4) A description of past, current, and planned future efforts to seek or develop alternatives to minimize or eliminate the use of the regulated metal in the package or packaging component.
   (e) If an exemption is being claimed under subdivision (d) of Section 25214.14, the manufacturer or supplier shall prepare, retain, and biennially update documentation containing all of the following information for each regulated metal intentionally introduced into the package or packaging component to which the exemption applies:
   (1) Detailed information and evidence that fully and clearly demonstrates how the regulated metal contributes to, and is essential to, the protection, safe handling, or functioning of the package's contents.
   (2) A description of past, current, and planned future efforts to seek or develop alternatives to minimize or eliminate the use of the regulated metal in the package or packaging component.
   (3) A description of all alternative measures that have been considered, and, for each alternative, an explanation as to the technical constraints that preclude substitution of the alternative for the use of the regulated metal.
   (4) Documentation that the regulated metal is not being used for the purposes of marketing.
   (f) If an exemption is being claimed under subdivision (e) of Section 25214.14, the manufacturer or supplier shall prepare, retain, and biennially update documentation containing all of the following information for the package or packaging component to which the exemption applies:
   (1) The percentage of reused materials.
   (2) Identification of the federal or state health or safety law regulating the product being conveyed by the package, the package, or the packaging component.
   (3) Identification of the federal or state transportation law

regulating the transportation of the packaged product.
   (4) Information demonstrating that the package is disposed of in accordance with the requirements of this chapter or Chapter 8 (commencing with Section 114960) of Part 9 of Division 104.
   (5) A description of past, current, and planned future efforts to seek or develop alternatives to minimize or eliminate the use of the regulated metal in the package or packaging component.
   (g) If an exemption is being claimed under subdivision (f) of Section 25214.14, the manufacturer or supplier shall prepare, retain, and biennially update documentation containing all of the following information for the package or packaging component to which the exemption applies:
   (1) The percentage of reused materials.
   (2) Information and evidence that demonstrates that the environmental benefit of the controlled distribution and reuse of the package or packaging component is significantly greater, as compared to the same package or packaging component manufactured in compliance with the applicable maximum concentration level set forth in subdivision (c) of Section 25214.13.
   (3) A means of identifying, in a permanent and visible manner, any reusable package or packaging component containing a regulated metal for which the exemption is sought.
   (4) A method of regulatory and financial accountability, so that a specified percentage of the reusable packages or packaging components that are manufactured and distributed to other persons are not discarded by those persons after use, but are returned to the manufacturer or identified designees.
   (5) A system of inventory and record maintenance to account for reusable packages or packaging components placed in, and removed from, service.
   (6) A means of transforming returned packages or packaging components that are no longer reusable into recycled materials for manufacturing, or a means of collecting and managing returned packages or packaging components as waste in accordance with applicable federal and state law.
   (7) A description of past, current, and planned future efforts to seek or develop alternatives to minimize or eliminate the use of the regulated metal in the package or packaging component.
   (h) If an exemption is being claimed under subdivision (g) of Section 25214.14, the manufacturer or supplier shall prepare, retain, and biennially update the following documentation for the package or packaging component to which the exemption applies:
   (1) Applicable test data.
   (2) A description of past, current, and planned future efforts to seek or develop alternatives to minimize or eliminate the use of the regulated metal in the package or packaging component.
   (i) A manufacturer or supplier shall submit the documentation required pursuant to subdivisions (a) to (h), inclusive, to the department, as follows:
   (1) Upon receipt of a written request from the department, the manufacturer or supplier shall, on or before 30 calendar days after the date of receipt, do one of the following:
   (A) Submit the required documentation to the department.
   (B) Submit a letter to the department indicating the date by which the documentation shall be submitted, which may be no more than 90 calendar days after the date of receipt of the department's request.

   (2) If the department finds that the documentation supplied pursuant to paragraph (1) is incomplete or incorrect, the department shall notify the manufacturer or supplier that the documentation is

incomplete or incorrect, and the manufacturer or supplier shall submit complete and correct documentation to the department within 60 calendar days after the date of receipt of the notification.

(j) If a manufacturer or supplier fails to comply with subdivision (i) by any of the specified dates in that subdivision, the manufacturer or supplier shall, with respect to the package or packaging component to which the documentation request applies, comply with one of the following:

(1) Immediately cease to offer the package or packaging component for sale or for promotional purposes in this state.

(2) Replace the package or packaging component with a package or packaging component that conforms with the regulated metals limitations specified in Section 25214.13, in accordance with a schedule approved in writing by the department.

(3) Submit complete and correct documentation for the package or packaging component, in accordance with a schedule approved in writing by the department.

(k) A glass bottle package with paint or applied ceramic decoration on the bottle does not qualify for an exemption pursuant to Section 25214.14, if the paint or applied ceramic decoration contains lead or lead compounds in excess of 0.06 percent by weight.


25214.16. (a) On and after January 1, 2006, each manufacturer or supplier shall furnish a certificate of compliance to the purchaser of a package or packaging component, even when the purchaser is also a supplier, stating that the package or packaging component is in compliance with the requirements of this article. However, if, pursuant to Section 25214.14, the package is exempt from the requirements of Section 25214.13, the certificate of compliance shall state the specific basis upon which the exemption is claimed. The certificate of compliance shall be signed by an authorized official of the manufacturer or supplier. A copy of the certificate of compliance shall be kept on file by the manufacturer or supplier of the package or packaging component.

(b) A purchaser of a package or packaging component subject to subdivision (a) shall retain the certificate of compliance for as long as the package or packaging component is in use by the purchaser.

(c) The manufacturer or supplier shall furnish to the department a copy of the certificate of compliance for each package or packaging component for which an exemption is claimed under Section 25214.14 at the time when a certificate of compliance for that package or packaging component is first furnished to a purchaser. If no exemption is claimed for a package or packaging component, the manufacturer or supplier shall provide to the department upon request a copy of the certificate of compliance for that package or packaging component.

(d) If a manufacturer or supplier of a package or packaging component subject to subdivision (a) reformulates or creates a new package or packaging component, the manufacturer or supplier shall provide the purchaser, and, if the package or packaging component is exempt, the department, with an amended or new certificate of compliance for the reformulated or new package or packaging component.


25214.17. (a) Except as provided in subdivision (b), the department, pursuant to the California Public Records Act (Chapter

3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code), shall provide the public with access to all information relating to a package or packaging component that has been submitted to the department by a manufacturer or supplier of a package or packaging component pursuant to this article.
   (b) (1) The department shall keep confidential any information identified by the manufacturer or supplier, pursuant to paragraph (2), as proprietary in nature, including trade secrets, as defined in Section 25173.
   (2) A manufacturer or supplier providing information to the department pursuant to this article shall, at the time of submission, identify all information which the manufacturer or supplier believes is proprietary in nature. The department shall make available to the public any information not identified by the manufacturer or supplier as proprietary in nature.


25214.18. If the department determines that other substances contained in packaging should be added as regulated metals to the list set forth in subdivision (k) of Section 25214.12 in order to further reduce the toxicity of packaging waste, the department may submit recommendations to the Governor and the Legislature for additions to the list, along with a description of the nature of the substitutes used in lieu of the recommended additions to the list.


25214.19. This article does not do the following:
   (a) Affect a duty or other requirement imposed under federal or state law.
   (b) Alter or diminish a legal obligation otherwise required in common law or by statute or regulation.
   (c) Create or enlarge a defense in an action to enforce a legal obligation otherwise required in common law or by statute or regulation.


25214.20. (a) The provisions of this article are severable, and if a court holds that a phrase, clause, sentence, or provision of this article is invalid, or that its applicability to a person or circumstance is invalid, the remainder of the article and its applicability to other persons and circumstances may not be affected.

   (b) The provisions of this article shall be liberally construed to give effect to the purposes of this article.


25214.21. The department may enforce the requirements of this article pursuant to its authority to enforce this chapter under all applicable provisions of law.