UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>LEE'S GENERAL TOYS, INC., a California corporation; JOHN LEE, an individual; DOES 1-100,<br><br>Defendant. | Civil No.   07-cv-2391-JAH (POR)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR EXPEDITED DISCOVERY**<br><br>**[Doc. No. 24]** |

On February 1, 2008, Plaintiff filed an ex parte application to expedite discovery in this matter. Plaintiff requests limited expedited discovery to obtain evidence in support of its application for preliminary injunctive relief. Specifically, Plaintiff seeks: (1) documents containing the names of, and contact information for, Defendants' sources and distributors dating back to the first sale; (2) Defendants' sales and financial records pertaining to products bearing the infringing marks dating back to the first sale; and (3) Defendants' records concerning prosecution of state or federal trademarks for "Angelite" or confusingly similar marks. To obtain this information, Plaintiff proposes to serve a narrowly-tailored set of requests for production of documents and to take the deposition of Defendant John Lee, noticed for February 11, 2008.

On February 4, 2008, Defendants filed an opposition to Plaintiff's ex parte application. Defendants argue that Plaintiff's ex parte application should be denied as they have provided Plaintiff with the information it seeks to the extent the request is not overbroad and oppressive, and

1 | Defendants intend to continue cooperating with Plaintiff.

2 |     By court order or agreement of the parties, parties may conduct discovery prior to the meet
3 | and confer requirement prescribed by Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d).
4 | A party seeking expedited discovery must demonstrate "good cause" for the early discovery.
5 | Semitool, Inc. v. Tokyo Electron America, 208 F.R.D. 273 (N.D. Cal. 2002); Yokohama Tire Corp.
6 | v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 614 (D. Ariz. 2001).  "Good cause may be found
7 | where the need for expedited discovery, in consideration of the administration of justice, outweighs
8 | the prejudice to the responding party." Semitool, 208 F.R.D. at 276.

9 |     Here, Plaintiff fails to demonstrate good cause for expedited discovery.  The Court has
10 | reviewed Plaintiff's requests and it appears the information Plaintiff seeks goes to the issue of
11 | potential damages, and therefore, is not limited to demonstrating irreparable harm, which is the
12 | standard for seeking injunctive relief.  Defendants have cooperated with Plaintiff and have taken
13 | steps to avoid further injury to Plaintiff by destroying the outer wrappings of its entire inventory of
14 | "Angelite" bathroom tissues, ensuring that there are no further orders of these products from China,
15 | and providing Plaintiff with the names, addresses, and telephone numbers of Defendants'
16 | manufacturer and agent in China and the names and addresses of Defendants' distributors and
17 | retailers.  (Exhibits A and B of Defendants' Opposition to Plaintiff's Ex Parte Application.)  Any
18 | further information in addition to what Defendants have provided thus far would appear beyond the
19 | scope of what is necessary to establish a basis for injunctive relief.  See Weinberger v. Romero-
20 | Barcelo, 456 U.S. 305, 312 (1982) ("The basis for injunctive relief (preliminary or permanent) in the
21 | federal courts has always been *irreparable injury* and the *inadequacy of legal remedies*.").  Plaintiff
22 | provides nothing more than mere speculation that the information provided by Defendants is a
23 | misrepresentation.  Accordingly, good cause does not exist to grant Plaintiff with immediate access
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

to the requested discovery, and thus, Plaintiff's ex parte application for expedited discovery is hereby DENIED.

**IT IS SO ORDERED.**

DATED: February 8, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable John A. Houston
        all parties