LATHAM & WATKINS LLP
Stephen P. Swinton (Bar No. 106398)
steve.swinton@lw.com
Adam A. Welland (Bar No. 228680)
adam.welland@lw.com
12636 High Bluff Drive, Suite 400
San Diego, California 92130-2071
Telephone: (858) 523-5400
Facsimile: (858) 523-5450

Attorneys for Plaintiff,
GEORGIA-PACIFIC CONSUMER PRODUCTS LP

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware limited partnership,<br><br>     Plaintiff,<br><br>     v.<br><br>LEE'S GENERAL TOYS, INC., a California corporation, JOHN LEE, an individual; and DOES 1-100,<br><br>     Defendants. | Civil Action No. 07-CV-02391 JAH (POR)<br><br>**OBJECTIONS TO DECLARATION OF ARMANDO JIMENEZ IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Pursuant to the Federal Rules of Evidence, Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") hereby objects to and moves to strike the following portions of the Declaration of Armando Jimenez, filed February 28, 2008 (hereinafter "Jimenez Declaration"), in opposition to Georgia-Pacific's Motion for a Preliminary Injunction.

### A.   General Objections

As detailed below, Mr. Jimenez's testimony does not comply with the requirements of the Federal Rules of Evidence and therefore must be excluded. *See Travelers Cas. & Sur. Co. v. Telstar Constr. Co.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003) ("It is . . . clear . . . that . . . affidavits and exhibits submitted in support of [a motion] must comply with the Rules of Evidence."). In particular, Mr. Jimenez's personal observation and opinions regarding the consumer preferences of Spanish-speaking consumers are irrelevant, not based upon Mr. Jimenez's direct personal knowledge, and constitute improper expert opinion testimony. Equally critical, Mr. Jimenez's statements purport to survey the general consuming habits and preferences of Spanish-speaking consumers in Southern California and to establish an absence of brand-recognition among such consumers of the **ANGEL SOFT** Trademarks. For a variety of reasons, such manifestly inadequate and inconclusive survey evidence is inadmissible.

A party offering survey evidence has the burden to show that the survey has been conducted in accordance with accepted principles of survey research and that the persons conducting the survey are recognized experts in the field. *See, e.g.*, 3-8 Gilson on Trademarks § 8.11 ( & Supp. 2008) (citing *Simon Property Group L.P. v. MySimon, Inc.*, 104 F. Supp. 2d 1033, 1038 (S.D. Ind. 2000) ("To be admissible, the survey must be conducted by qualified experts and impartial observers. It must consist of non-leading questions presented to an appropriate 'universe' of respondents. The responses must also be recorded and interpreted in an unbiased manner."). Defendants have made no such showing here, nor can they as Mr. Jimenez's non-scientific survey of *two* identified consumers—himself and his wife—establishes nothing about the general preferences of the thousands of Spanish-speaking consumers in Southern California and elsewhere. *See, e.g., Zatarains Inc. v. Oak Grove Smokehouse, Inc.*, 698 F.2d 786 (5th Cir. 1983) (survey using sample size of 100 consumers inadequate); *MJM*

1 *Productions v. Kelley Productions, Inc.*, 68 U.S.P.Q.2d 1131 (D.N.H. 2003) (individual

2 statements by thirty-two people not a competent survey); *see also, e.g., Entrepreneur Media, Inc.*

3 *v. Smith*, 279 F.3d 1135, 1151 (9th Cir. 2002) (rejecting evidence of only one instance of actual

4 confusion because "[t]o constitute trademark infringement, use of a mark must be likely to

5 confuse an appreciable number of people as to the source of the product."). *Cf. Walter v. Mattel,*

6 *Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000) ("[A]ttestations from persons in close association and

7 intimate contact with [the trade dress claimant] do not reflect the view of the purchasing

8 public."); *Christian v. Alloy, Inc.*, 72 U.S.P.Q.2d 1697 (S.D.N.Y. 2004) (affidavits of husband

9 and friend, rather than credible survey evidence, is insufficient evidence of actual confusion).

10 Furthermore, Mr. Jimenez's "survey" is inherently flawed, even if it were considered, as his

11 testimony purports to offer an absence of consumer confusion regarding the **ANGEL SOFT®**

12 and "Angelite" logos, when if fact, the proper focus of likelihood of confusion consumer surveys

13 is whether consumers are confused regarding the *source* of the products in question, not the

14 differences in their labeling. *See, e.g., Am. Home Prods. Corp. v. Barr Labs, Inc.*, 834 F.2d 368,

15 5 U.S.P.Q.2d 1073 (3d Cir. 1987) (survey criticized for testing for consumer association rather

16 than source identification). The deficient "survey" evidence presented in Mr. Jimenez's

17 declaration accordingly must be excluded.

18     **B.**     **Specific Objections**

19     Without waving any of the foregoing general objections, Georgia-Pacific further objects

20 to statements contained within the Declaration of Armando Jimenz, as follows:

| EVIDENCE | OBJECTION |
|---|---|
| Jimenez Decl. ¶ 2<br><br>"I am also a father and have a family and am very familiar with shopping for household goods and products. In addition, I interact socially with may Latino families and am familiar with their education and awareness. **I strongly disagree with Plaintiff's counsel's statement that Latinos may be more easily confused than other shoppers. Latinos are careful and prudent shoppers, like myself, and there is no way I would confuse the** | (1) **Irrelevant**: Mr. Jimenez's personal perceptions regarding the **ANGEL SOFT** Trademarks are not relevant to the Court's analysis of the likelihood of confusion among consumers caused by Defendants' infringing "Angelite" products. Mr. Jimenez's statements thus are inadmissible. *See* Fed. R. Evid. 401 (relevant evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable |

LATHAM&WATKINS<sup>LLP</sup> SD\622426.2                                                                                                                      Civil Action No. 07-CV-02391 JAH (POR)
ATTORNEYS AT LAW                                                          2
SAN DIEGO NORTH COUNTY

| EVIDENCE | OBJECTION |
|---|---|
| Angel Soft logo and the Angelite logo. They are completely different to the eye and ear." | than it would be without the evidence"); Fed. R. Evid. 403 (all evidence "which is not relevant is not admissible"). Mr. Jimenez's statements regarding *Latino consumers* in general also are irrelevant as Georgia-Pacific has argued that *native Spanish-speaking consumers* (who may or may not be Latinos) are more likely to be confused than native English-speaking consumers.<br><br>(2) **Lack of Personal Knowledge:** Mr. Jimenez provides no basis for personal knowledge of other Latino or Spanish-speaking consumers' tastes, habits and preferences. Nor does he offer a basis for personal knowledge regarding whether other consumers are likely to be confused by Defendants' "Angelite" marks. Because the testimony of a witness *must* be based on first-hand knowledge acquired by directly perceiving the event that is the subject of his or her testimony, Mr. Jimenez's statements are inadmissible. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").<br><br>(3) **Improper Expert Testimony:** Mr. Jimenez purports to have specialized knowledge regarding Latino or Spanish-speaking consumers' tastes, habits and preferences. Mr. Jimenez has not, however, been designated as an expert by Defendants, nor has he been qualified as an expert by the court to give expert testimony. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 US 579, 592 (1993) (A party must show to the court an expert's proposed testimony has a reliable foundation and is relevant). Mr. Jimenez's opinions regarding the "education and awareness" of such consumers or their shopping behavior therefore are inadmissible. Furthermore, it is well-established that evidence concerning consumer preferences and perceptions must be presented in proper survey form; |

| EVIDENCE | OBJECTION |
|---|---|
|  | unreliable, anecdotal evidence is insufficient as a matter of law to establish likelihood of confusion among consumers. *See, e.g.*, McCarthy on Trademarks § 32:171 (2008) (citing cases); *see also, e.g.*, *McKee Baking Co. v. Interstate Brands Corp.*, 738 F. Supp. 1272, 1273 (E.D. Mo. 1990) (testimony of two store managers regarding customer confusion are too infrequent and not sufficiently neutral to be reliable). This improper and irrelevant anecdotal evidence would unfairly prejudice Georgia-Pacific, and should also be excluded on that basis. *See United States v. Hankey*, 203 F.3d 1160, 1172-1173 (9th Cir. 2000). |
| Jimenez Decl. ¶ 3<br><br>"I read Spanish-language newspapers such as La Opinion and Spanish [sic] magazines such as Hispanic Business and Latina (which my wife subscribes to). **I have never seen an ad in these publications for Angel Soft. Further, I also watch Spanish-language television and have never seen an ad for Angel Soft on Spanish-language TV (including Angel Soft's "Bathroom Moments" campaign).**" | (1) **Irrelevant**: The mere fact that Mr. Jimenez does not personally recall or has not happed to personally observe the many advertisements and television commercials for **ANGEL SOFT®** that have run in Spanish-language media is irrelevant, and hence are inadmissible. *See* Fed. R. Evid. 401 (relevant evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 403 (all evidence "which is not relevant is not admissible").<br><br>(2) **Best Evidence Rule**: Mr. Jimenez's personal observations regarding the advertisements run in Spanish-language media violate the best evidence rule. The advertisements themselves are the best evidence of their existence and contents, thus Mr. Jimenez's testimony constitutes impermissible hearsay. *See* Fed. R. Evid. 801(c), 802, 1002 ("To prove the content of a writing…the original writing…is required…"). |
| Jimenez Decl. ¶ 4<br><br>"In addition, I have traveled extensively in the Los Angeles and San Diego areas and, as far as I can determine, Angel Soft has no following or niche in the Latino market. As | (1) **Irrelevant**: Mr. Jimenez's personal perceptions regarding consumers' loyalty to **ANGEL SOFT®** products are not relevant to the Court's analysis of the likelihood of confusion among consumers caused by Defendants' infringing |

| | EVIDENCE | OBJECTION |
|---|---|---|
| | far as I am concerned, Angel Soft has no trademark or loyalty in the Spanish-language community and is wholly unknown in the bathroom tissue market among Latinos." | "Angelite" products. Moreover, because the **ANGEL SOFT** Trademarks are inherently distinctive, arbitrary marks, and because two of these marks have achieved incontestable status, any evidence of secondary meaning is unnecessary and irrelevant. Mr. Jimenez's statements thus are inadmissible. *See* Fed. R. Evid. 401 (relevant evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 403 (all evidence "which is not relevant is not admissible"). Mr. Jimenez's statements regarding *Latino consumers* in general also are irrelevant as Georgia-Pacific has argued that *native Spanish-speaking consumers* (who may or may not be Latinos) are more likely to be confused than native English-speaking consumers.<br><br>(2) **Lack of Personal Knowledge:** Mr. Jimenez provides no basis for personal knowledge of other Latino or Spanish-speaking consumers' preferences or loyalties. Because the testimony of a witness must be based on first-hand knowledge acquired by directly perceiving the event that is the subject of his or her testimony, Mr. Jimenez's statements are inadmissible. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").<br><br>(3) **Improper Expert Testimony:** Mr. Jimenez purports to have specialized knowledge regarding Latino or Spanish-speaking consumers' preferences and brand-loyalties. Mr. Jimenez has not, however, been designated as an expert by Defendants, nor has he been qualified as an expert by the court to give expert testimony. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 US 579, 592 (1993) (A party must show to the court an expert's proposed |

| | EVIDENCE | OBJECTION |
|---|---|---|
| 1-14 | | testimony has a reliable foundation and is relevant). Mr. Jimenez's opinions regarding the preferences and brand-loyalties of such consumers therefore are inadmissible. Furthermore, it is well-established that evidence concerning consumer preferences and perceptions must be presented in proper survey form; unreliable, anecdotal evidence is insufficient as a matter of law to establish likelihood of confusion among consumers. *See, e.g.,* McCarthy on Trademarks § 32:171 (2008) (citing cases); *see also, e.g., McKee Baking Co. v. Interstate Brands Corp.*, 738 F. Supp. 1272, 1273 (E.D. Mo. 1990) (testimony of two store managers regarding customer confusion are too infrequent and not sufficiently neutral to be reliable). This improper and irrelevant anecdotal evidence would unfairly prejudice Georgia-Pacific, and should also be excluded on that basis. *See United States v. Hankey*, 203 F.3d 1160, 1172-1173 (9th Cir. 2000). |
| 15-28 | <u>Jimenez Decl. ¶ 5</u><br><br>"As part of my investigation into determining whether Angel Soft was well-known in the Southern California Latino community, I visited several stores in Latino neighborhoods, for example, small corner Mom and Pop stores. **I did not see any evidence of Angel Soft and no one seemed to recognize the label. I did, however, see Angelite in several small stores. My wife, also is a shopper who patronizes stores in the East Los Angeles, Whittier, Montabello areas -- areas that have a large Latino population. My wife told me that she was totally unfamiliar with the Angel Soft bathroom tissue.**" | (1) **Irrelevant**: Whether Mr. Jimenez observed **ANGEL SOFT®** or Angelite products within a few unidentified stores in a few unspecified neighborhoods is not relevant to the Court's analysis of the likelihood of confusion among consumers caused by Defendants' infringing "Angelite" products. Equally irrelevant is Mr. Jimenez's wife's personal unfamiliarity with **ANGEL SOFT®** bathroom tissue products. Moreover, because the **ANGEL SOFT** Trademarks are inherently distinctive, arbitrary marks, and because two of these marks have achieved incontestable status, any evidence of secondary meaning is unnecessary and irrelevant. Mr. Jimenez's irrelevant statements are inadmissible. *See* Fed. R. Evid. 401 (relevant evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 403 (all evidence "which is not relevant is not admissible"). |

| EVIDENCE | OBJECTION |
|---|---|
|  | (2) **Lack of Personal Knowledge:** Mr. Jimenez provides no basis for personal knowledge of other consumers recognition or non-recognition of **ANGEL SOFT®** product labeling. Because the testimony of a witness must be based on first-hand knowledge acquired by directly perceiving the event that is the subject of his or her testimony, Mr. Jimenez's statements are inadmissible. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). |
|  | (3) **Improper Expert Testimony:** Mr. Jimenez purports to offer consumer preference and brand-awareness survey information, yet Mr. Jimenez has not been designated as an expert by Defendants, nor has he been qualified as an expert by the court to give expert testimony. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 US 579, 592 (1993) (A party must show to the court an expert's proposed testimony has a reliable foundation and is relevant). It is well-established that evidence concerning consumer preferences and perceptions must be presented in proper survey form; unreliable, anecdotal evidence is insufficient as a matter of law to establish likelihood of confusion among consumers. *See, e.g.*, McCarthy on Trademarks § 32:171 (2008) (citing cases); *see also, e.g., McKee Baking Co. v. Interstate Brands Corp.*, 738 F. Supp. 1272, 1273 (E.D. Mo. 1990) (testimony of two store managers regarding customer confusion are too infrequent and not sufficiently neutral to be reliable).. Mr. Jimenez's opinions regarding consumers' preferences and brand-awareness therefore are inadmissible. This improper and irrelevant anecdotal evidence would unfairly prejudice Georgia-Pacific, and should also be excluded on that basis. *See United States v. Hankey*, 203 F.3d 1160, 1172-1173 (9th Cir. 2000). |

| EVIDENCE | OBJECTION |
|---|---|
|  | (4) **Hearsay**: Mr. Jimenez's declaration testimony regarding what his wife told him is inadmissible hearsay as his testimony concerns an out of court statement which is offered for the truth of the matter asserted. Fed R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Absent a specifically-identified applicable exception, such evidence is inadmissible. See Fed. R. Evid. 802. |

Dated:  March 7, 2008

Respectfully submitted,

LATHAM & WATKINS LLP

By:  ___/s/ Stephen P. Swinton___
Attorneys for Plaintiff
Georgia-Pacific Consumer Products LP
E-mail: steve.swinton@lw.com