1  RONALD MARTINETTI, ESQ.
   State Bar No. 106 898
2  KAZANJIAN & MARTINETTI
   520 East Wilson Avenue
3  Glendale, California 91206
   Tel. 818-241-1011
4  FAX 818-241-2193
   E-Mail amlegends@aol.com
5
6  Attorneys for Defendants
   Lee's General Toys, Inc., and
7  John Lee

8

9

10              UNITED STATES DISTRICT COURT

11         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13

14  ----------------------------------------------------)   CASE. NO. O7 CV 2391
15  GEORGIA-PACIFIC CONSUMER          )   (JAH POR)
    PRODUCTS LP, a Delaware limited   )
16  partnership,                      )   DEFENDANTS BRIEF
                                          RE EARLY NEUTRAL
17           Plaintiff,                   EVALUATION
                                      )
18      vs.

19                                    )
20  LEE'S GENERAL TOYS, INC., a California)
    corporation, JOHN LEE, an individual; and )
21  DOES 1-10,                        )

22           Defendants.                  Date: March 18, 2008
23                                        Time: 10:00 am
                                          Judge: Hon. L. Porter
24

25

26      Defendants Lee's General Toys, Inc. and John Lee respectfully submit their Brief Re

27  Early Neutral Evaluation.

28  ///

                              1

Dated: March 10, 2008

KAZANJIAN & MARTINETTI
RONALD MARTINETTI, ESQ.

By *Ron Martin.*

Ronald Martinetti
Attorneys for Defendants

## MEMORANDUM OF LAW

### A. OVERVIEW

This case is an extension of the long sorry history of railroads in the Deep South and in the state of Georgia. Very often Southern railroads were built or maintained by convict labor; after Reconstruction, they were rigidly segregated for decades. In Georgia the railroads were so hated by the legislature and common people that the Georgia Central Railroad was forced to seek outside capital to survive and sold its facilities to E. H. Harriman, one of the great New York robber barons. Harriman promised to spend ten million dollars to save the line "If the State will cease to be antagonistic to the railroads' interests…" Maury Klein, *The Life & Legend of E.H. Harriman*, University of North Carolina Press (2000), p. 427

Not even the great robber barons and an infusion of Wall Street capital could save the railroads from mismanagement and the advance of technology. By the 1940s great aviation pioneers like Howard Hughes and his brainchild TWA had displaced the antiquated railroads with a swifter form of passenger travel; a decade later, long haul trucking had cut into the market for delivery of commercial goods.

By the 1960s many rail lines faced bankruptcy or were forced to diversify into other enterprises such as Georgia-Pacific and its apparent entry into the bathroom tissue market.

2

B.  PLAINTIFF'S ANGEL SOFT TRADEMARK IS A SIMPLE DESCRIPTION
ONE THAT APPEARS TO TRADE OFF BETTER KNOWN BRANDS
SUCH AS CHARMIN AND IS NOT ENTITLED TO TRADEMARK
PROTECTION

Plaintiff has admitted in a footnote in papers filed with the Court that the ' rademark Office refused to grant it a trademark for the word "soft." However, it appears that Plaintiff has also failed to attach this statutorily required disclaimer to its advertising and promotional efforts.

Plaintiff does not elaborate as to why the word "soft" was rejected by the Trademark Office;  presumably, the term "soft" was rejected as purely descriptive.

However, the term Angel Soft is merely another way of describing the tissue as "soft as an angel," and our circuit has long held that "Purely descriptive terms.  are not so protected." *Carter-Wallance, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 800 (9th. Cir. 1970 (e.g., "shredded wheat") (Citation omitted.

Plaintiff's packaging and use of the word "soft" is similar to that of a far more popular market brand (Charmin) (Exhibit 1) and like the generic bathroom tissue  sold at Ralph's. (Exhibit 2) Yet, Plaintiff has the nerve to accuse Defendants of trademark infringement.

In fact, Defendants sell their superior product to swap meets in largely Latino areas. Although Plaintiff's web site lists Texas and Arizona as Latin markets it targets, there is NO listing of California. Defendants intend to explore this omission through formal discovery and to vigorously oppose Plaintiff's obtaining a permanent injunction.

Moreover. Defendants have held a valid California trademark since 2003 in the name Angelite. This lawsuit is nothing more that a naked grab for that valuable intellectual property, and Defendants feel confident in their position that Georgia-Pacific's attempt to

establish trademark protection for its generic descriptive marks will fail and that the

company will be found to be a "Johnny come lately" to the Latino market whose efforts are

not entitled to monopoly protection.

Defendants respectfully request that Plaintiff immediately dismiss its lawsuit and

enter into an equitable resolution of this matter.

Dated:  March 10, 2008                    KAZANJIAN & MARTINETTI
                                          RONALD MARTINETTI, ESQ.


                                      By  Ron Martick
                                          Ronald Martinetti
                                          Attorneys for Defendants

4

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206





LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

28 27 26 25 24 23 22 21 20 19 18 17 16 15 14 13 12 11 10 9 8 7 6 5 4 3 2 1





PROOF OF SERVICE BY MAIL - (1013a, 2015.5 C.C.P.)
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 520 E. Wilson Ave., Suite 250, Glendale, California 91206.

On March 11, 2008 I served the foregoing **DEFENDANTS BRIEF RE EARLY NEUTRAL EVALUATION** on all the interested parties in this action as follows:

Stephen P. Swinton, Esq.
Adam A. Welland, Esq.
Latham & Watkins LLP
12636 High Bluff Drive, Suite 400
San Diego, CA 92130-2071
Fax No.: (858) 523-5450

  X   **a true copy**      **an original**

    BY PERSONAL DELIVERY/VIA MESSENGER;

__X__ **BY ELECTRONIC FILING:** I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electornic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice the above mentioned parties were served.

_____ **PREPAID POSTAGE:** I deposited such an envelope in the mail at Glendale, California. The envelope was mailed with postage thereon fully prepaid.

_____ **U. S. MAIL:** I am "readily familiar" with our firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day on the ordinary course of business. I am aware that on motion of any party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing affidavit.

__X__ **BY FACSIMILE:** On the interested parties in this action pursuant to C.R.C. RULE 2009 (b). The telephone number of the facsimile machine I used was (818) 241-2193. This facsimile machine complies with Rule 2003 (2) of the California Rules of Court. The transmission was reported as complete and without error. The facsimile machine printed out a record indicating that the transmission was successfully completed.

Executed on March 11, 2008, Glendale, California. I declare under penalty and perjury, that the foregoing is true and correct.

Rosa Munoz