RONALD MARTINETTI, ESQ.
State Bar No. 106 898
KAZANJIAN & MARTINETTI
520 East Wilson Avenue
Glendale, California 91206
Tel. 818-241-1011
FAX 818-241-2193
E-Mail amlegends@aol.com

Attorneys for Defendants
Lee's General Toys, Inc., and
John Lee

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware limited partnership,<br><br>    Plaintiff,<br><br>LEE'S GENERAL TOYS, INC., a California corporation, JOHN LEE, an individual; and DOES 1-10,<br><br>    Defendants. | CASE. NO. 07 CV 2391 (JAH POR)<br><br>DEFENDANTS OBJECTIONS TO DECLARATION OF A. TOWLE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION |

Defendants Lee's General Toys, Inc. and John Lee respectfully object to the Declaration of Andrew Towle in Support of Defendants' Motion for Preliminary Injunction on the following grounds:

1

1  Nowhere in the declaration is there a showing that the supposed ads are directed toward the Southern California Latino market or have aired in Los Angeles where Defendants' products are largely sold at swap meets. Therefore, the declaration is overbroad, irrelevant, and lacks foundation.

2. Nowhere is there a breakdown of which markets the ads are directed to: Arizona, Texas, and other locations (besides California) that have a substantial number of Spanish speaking or Latino persons. Since a very small amount of money may be allocated to Southern California—e.g., San Diego or Los Angeles,--he declaration is overbroad, irrelevant, and lacks foundation.

3  The omissions actually support Defendants' position that Plaintiff is only recently trying to break into the Southern California Latino market.

4. Line 18 states that California is "home to the largest percentage of Spanish-speaking ANGEL SOFT bathroom tissue customers." This statement by itself is meaningless since there may be two customers and both are in Northern California. Therefore, the statement lacks foundation.

Dated: March 12, 2008        KAZANJIAN & MARTINETTI
                             RONALD MARTINETTI, ESQ.

                             By 
                             Ronald Martinetti
                             Attorneys for Defendants

2

PROOF OF SERVICE BY MAIL - (1013a, 2015.5 C.C.P.)
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 520 E. Wilson Ave., Suite 250, Glendale, California 91206.

On March 13, 2008 I served the foregoing **DEFENDANTS OBJECTIONS TO DECLARATION OF A. TOWLE IN SUPPORT OF MOPTION FOR PRELIMINARY INJUCTION** on all the interested parties in this action as follows:

Stephen P. Swinton, Esq.
Adam A. Welland, Esq.
Latham & Watkins LLP
12636 High Bluff Drive, Suite 400
San Diego, CA 92130-2071
Fax No.: (858) 523-5450

X   a true copy         an original

BY PERSONAL DELIVERY/VIA MESSENGER;

__X__ **BY ELECTRONIC FILING:** I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice the above mentioned parties were served.

_____ **PREPAID POSTAGE:** I deposited such an envelope in the mail at Glendale, California. The envelope was mailed with postage thereon fully prepaid.

_____ **U. S. MAIL:** I am "readily familiar" with our firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day on the ordinary course of business. I am aware that on motion of any party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing affidavit.

__X__ **BY FACSIMILE:** On the interested parties in this action pursuant to C.R.C. RULE 2009 (b). The telephone number of the facsimile machine I used was (818) 241-2193. This facsimile machine complies with Rule 2003 (2) of the California Rules of Court. The transmission was reported as complete and without error. The facsimile machine printed out a record indicating that the transmission was successfully completed.

Executed on March 13, 2008, Glendale, California. I declare under penalty and perjury, that the foregoing is true and correct.

Rosa Munoz