RONALD MARTINETTI, ESQ.
State Bar No. 106 898
KAZANJIAN & MARTINETTI
520 East Wilson Avenue
Glendale, California 91206
Tel. 818-241-1011
FAX 818-241-2193
E-Mail amlegends@aol.com

Attorneys for Defendants
Lee's General Toys, Inc., and
John Lee

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware limited partnership,

Plaintiff,

vs.

LEE'S GENERAL TOYS, INC., a California corporation, JOHN LEE, an individual; and DOES 1-10,

Defendants.

CASE. NO. O7 CV 2391 (JAH POR)

DEFENDANTS OBJECTIONS TO DECLARATION OF ROBERTO SANTIAGO FILED IN SUPPORT OF PLAINTIFF GEORGIA-PACIFIC'S REPLY TO OPPOSITION TO SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Defendants Lee's General Toys, Inc. and John Lee respectfully object to the Declaration of Robert Santiago Filed in Support of Plaintiff Georgia-Pacific's Reply to Opposition to Supplemental Brief in Support of Motion for Preliminary Injunction:

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

. Defendants object to the entire declaration since it fails to lay any foundation that the advertising reaches Latino or Spanish speaking customers in the Southern California market (including Los Angeles and San Diego) where Defendants sold their tissue. Moreover, there is no definition of what exactly a "Director of Client Services" is, how long Mr. Santiago has held that position, and why he believes he is qualified to testify about the Southern California Latino market.

2. Defendants object to paragraph 1, line 6 on the grounds that it is overbroad and lacks foundation since Mr. Santiago does not define who the "Spanish speaking consumers' are. If they are in Texas, Arizona, New Mexico they are irrelevant since Defendants distributed in Southern California.

3. Paragraph 2 is overbroad and lacks foundation since there is no definition of where La Agencia de Orci is located, what specific Spanish speaking market the agency was hired to target, and where or wh the "television and radio commercials" aired (if at all). In advertising there is a saying—half of the money you spend is wasted anyway so without more specific facts, the agency's involvement in marketing Angel Soft lacks foundation.

4. Paragraph 3 is overbroad and lacks foundation since there is no showing that these commercials were aired in the Los Angeles or San Diego market—or if they were aired in the Southern California market at all. The ads may have been aired in Texas, and other locations (besides California) that have a substantial number of Spanish speaking or Latino persons. Since a very small amount of money may have been allocated to Southern California—e.g., San Diego or Los Angeles,--the declaration is overbroad. irrelevant. and lacks foundation.

Dated: March 13, 2008

KAZANJIAN & MARTINETTI
RONALD MARTINETTI, ESQ.

By ______________________
Ronald Martinetti
Attorneys for Defendants

LAW OFFICES
KAZANJIAN & MARTINETTI
520 EAST WILSON AVENUE
SUITE 250
GLENDALE, CALIFORNIA 91206

PROOF OF SERVICE BY MAIL - (1013a, 2015.5 C.C.P.)
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 520 E. Wilson Ave., Suite 250, Glendale, California 91206.

On March 13, 2008 I served the foregoing **DEFENDANTS OBJECTIONS TO DECLARATION OF ROBERTO SANTIAGO FILED IN SUPPORT OF PLAINTIFF GEORGIA PACIFIC'S REPLY TO OPPOSITION TO SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUCTION** on all the interested parties in this action as follows:

Stephen P. Swinton, Esq.
Adam A. Welland, Esq.
Latham & Watkins LLP
12636 High Bluff Drive, Suite 400
San Diego, CA 92130-2071
Fax No.: (858) 523-5450

__X__ **a true copy** **an original**

BY PERSONAL DELIVERY/VIA MESSENGER;

_X_ **BY ELECTRONIC FILING:** I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice the above mentioned parties were served.

_____**PREPAID POSTAGE:** I deposited such an envelope in the mail at Glendale, California. The envelope was mailed with postage thereon fully prepaid.

_____ **U. S. MAIL:** I am "readily familiar" with our firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day on the ordinary course of business. I am aware that on motion of any party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing affidavit.

__X__ **BY FACSIMILE:** On the interested parties in this action pursuant to C.R.C. RULE 2009 (b). The telephone number of the facsimile machine I used was (818) 241-2193. This facsimile machine complies with Rule 2003 (2) of the California Rules of Court. The transmission was reported as complete and without error. The facsimile machine printed out a record indicating that the transmission was successfully completed.

Executed on March 13, 2008, Glendale, California. I declare under penalty and perjury, that the foregoing is true and correct.

Rosa Munoz