RONALD MARTINETTI, ESQ.
State Bar No. 106 898
KAZANJIAN & MARTINETTI
520 East Wilson Avenue
Glendale, California 91206
Tel. 818-241-1011
FAX 818-241-2193
E-Mail amlegends@aol.com

Attorneys for Defendants
Lee's General Toys, Inc., and
John Lee

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>LEE'S GENERAL TOYS, INC., a California corporation, JOHN LEE, an individual; and DOES 1-10,<br><br>Defendants. | CASE. NO. 07 CV 2391 (JAH POR)<br><br>DEFENDANTS OBJECTIONS TO DECLARATION OF RANDALL PISSOT FILED IN SUPPORT OF PLAINTIFF GEORGIA-PACIFIC'S REPLY TO OPPOSITION TO SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION |

Defendants Lee's General Toys, Inc. and John Lee respectfully object to the Declaration of Randall J. Pissot Filed in Support of Plaintiff Georgia-Pacific's Reply to Opposition to Supplemental Brief in Support of Motion for Preliminary Injunction:

1

1  Defendants object to paragraphs 2 and 3 of the declaration on the grounds that each lacks foundation and is irrelevant since there is no showing of how long the Angel Soft items were on the shelf and when they were placed there. Since it is Defendants position that they have had a California trademark since 2003 and that they were selling in the Latino market and that it is Plaintiff who is trying to now jump into that market, the declaration should be disregarded on the grounds that it is overbroad and lacks foundation. The lawsuit was filed in December 2007 and the request for TRO and injunction were filed at the same time and there is no statement from Mr. Pissot that these or similar items were in the store (Latino's Market) at the time Plaintiff tried to displace Angelite with its lawsuit. In fact, the company has slept on its rights since 2003 and is now trying to push a legitimate trademark holder like Defendant out of its own market.

Dated: March 13, 2008

KAZANJIAN & MARTINETTI
RONALD MARTINETTI, ESQ.

By [signature]
Ronald Martinetti
Attorneys for Defendants

PROOF OF SERVICE BY MAIL - (1013a, 2015.5 C.C.P.)
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 520 E. Wilson Ave., Suite 250, Glendale, California 91206.

On March 13, 2008 I served the foregoing **DEFENDANTS OBJECTIONS TO DECLARATION OF RANDALL PISSOT FILED IN SUPPORT OF PLAINTIFF GEORGIA PACIFIC'S REPLY TO OPPOSITION TO SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUCTION** on all the interested parties in this action as follows:

Stephen P. Swinton, Esq.
Adam A. Welland, Esq.
Latham & Watkins LLP
12636 High Bluff Drive, Suite 400
San Diego, CA 92130-2071
Fax No.: (858) 523-5450

__X__ a true copy    ____ an original

____ BY PERSONAL DELIVERY/VIA MESSENGER;

__X__ **BY ELECTRONIC FILING:** I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice the above mentioned parties were served.

____ **PREPAID POSTAGE:** I deposited such an envelope in the mail at Glendale, California. The envelope was mailed with postage thereon fully prepaid.

____ **U. S. MAIL:** I am "readily familiar" with our firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day on the ordinary course of business. I am aware that on motion of any party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing affidavit.

__X__ **BY FACSIMILE:** On the interested parties in this action pursuant to C.R.C. RULE 2009 (b). The telephone number of the facsimile machine I used was (818) 241-2193. This facsimile machine complies with Rule 2003 (2) of the California Rules of Court. The transmission was reported as complete and without error. The facsimile machine printed out a record indicating that the transmission was successfully completed.

Executed on March 13, 2008, Glendale, California. I declare under penalty and perjury, that the foregoing is true and correct.

Rosa Munoz