RONALD MARTINETTI, ESQ.
State Bar No. 106 898
KAZANJIAN & MARTINETTI
520 East Wilson Avenue
Glendale, California 91206
Tel. 818-241-1011
FAX 818-241-2193
E-Mail amlegends@aol.com

Attorneys for Defendants
Lee's General Toys, Inc., and
John Lee

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

---

GEORGIA-PACIFIC CONSUMER
PRODUCTS LP, a Delaware limited
partnership,

    Plaintiff,

    vs.

LEE'S GENERAL TOYS, INC., a California
corporation, JOHN LEE, an individual; and
DOES 1-10,

    Defendants.

CASE. NO. 07 CV 2391
(JAH POR)

DEFENDANTS OBJECTIONS
TO DECLARATION OF ZHIJUNXU
XU FILED IN SUPPORT
OF PLAINTIFF GEORGIA-
PACIFIC'S REPLY TO OPPOSITION
TO SUPPLEMENTAL BRIEF IN
SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION

    Defendants Lee's General Toys, Inc. and John Lee respectfully object to the Declaration of Zhijun Xu Filed in Support of Plaintiff Georgia-Pacific's Reply to Opposition to Supplemental Brief in Support of Motion for Preliminary Injunction:

. Defendans respectfully object to the Declaration of Z. Xu, the Baker & Mackenzie associate, on the following grounds: Paragraph d) 3), page 1, lines 19-20. The claim that Ms. Zhang admitted that ANGEL SOFT was "a famous brand" is hearsay if used to prove the truth of the matter; if used as notice, the statement lacks foundation as to when Ms. Zhang had knowledge that it was allegedly "a famous brand." Since she might have acquired that knowledge the same day as the interview, the statement is overbroad, too. Also, there is no foundation that the declarant knew who Ms. Zhang was and recognized her voice and that she had any connection with the paper company. In addition, since there is no foundation as to who Ms. Zhang was, and that she was authorized to speak for the Runhui company; the alleged statement that Runhui would be "willing to produce" Angelite again should be disregarded also on the grounds that it is hearsay if used to prove the truth of the matter.

2. Defendants respectfully object to the Declaration of Z. Xu on the following grounds: Paragraph B) b), page 1, lines 27-28. The claim that Mr. Lin Hui Zhong admitted he was aware that ANGEL SOFT was a "brand toilet paper in the United States" lacks foundation in that there is no knowledge that Mr. Zhong worked for the Shanton Kid Toys Co., that the declarant's staff member knew Mr. Zhong's voice, that the staff member recognized the voice and could identify it as belonging to a person who worked for Shantou Kid Toys and was familiar with toilet products in the United States.

Dated: March 14, 2008         KAZANJIAN & MARTINETTI
                              RONALD MARTINETTI, ESQ.

                              By [signature] Ron Martinetti
                              Ronald Martinetti
                              Attorneys for Defendants

2

PROOF OF SERVICE BY MAIL - (1013a, 2015.5 C.C.P.)
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 520 E. Wilson Ave., Suite 250, Glendale, California 91206.

On March 14, 2008 I served the foregoing **DEFENDANTS OBJECTIONS TO DECLARATION OF ZHIJUNXU XU FILED IN SUPPORT OF PLAINTIFF GEORGIA PACIFIC'S REPLY TO OPPOSITION TO SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** on all the interested parties in this action as follows:

Stephen P. Swinton, Esq.
Adam A. Welland, Esq.
Latham & Watkins LLP
12636 High Bluff Drive, Suite 400
San Diego, CA 92130-2071
Fax No.: (858) 523-5450

__X__ a true copy      ___ an original

___ BY PERSONAL DELIVERY/VIA MESSENGER;

__X__ **BY ELECTRONIC FILING:** I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice the above mentioned parties were served.

_____ **PREPAID POSTAGE:** I deposited such an envelope in the mail at Glendale, California. The envelope was mailed with postage thereon fully prepaid.

_____ **U. S. MAIL:** I am "readily familiar" with our firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day on the ordinary course of business. I am aware that on motion of any party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing affidavit.

__X__ **BY FACSIMILE:** On the interested parties in this action pursuant to C.R.C. RULE 2009 (b). The telephone number of the facsimile machine I used was (818) 241-2193. This facsimile machine complies with Rule 2003 (2) of the California Rules of Court. The transmission was reported as complete and without error. The facsimile machine printed out a record indicating that the transmission was successfully completed.

Executed on March 14, 2008, Glendale, California. I declare under penalty and perjury, that the foregoing is true and correct.

*Rosa Munoz*
Rosa Munoz