1  LATHAM & WATKINS LLP
   Stephen P. Swinton (Bar No. 106398)
2  steve.swinton@lw.com
   Adam A. Welland (Bar No. 228680)
3  adam.welland@lw.com
   12636 High Bluff Drive, Suite 400
4  San Diego, California 92130-2071
   Telephone: (858) 523-5400
5  Facsimile: (858) 523-5450

6  Attorneys for Plaintiff
   GEORGIA-PACIFIC CONSUMER PRODUCTS LP
7
   HANEY BUCHANAN & PATTERSON LLP
8  Steven H. Haney (Bar No. 121980)
   shaney@hbplaw.com
9  707 Wilshire Boulevard, Suite 5350
   Los Angeles, California 90017
10 Telephone: (213) 228-6500
   Facsimile: (213) 228-6501
11
   Attorneys for Defendants LEE'S GENERAL TOYS,
12 INC. and JOHN LEE

13              IN THE UNITED STATES DISTRICT COURT

14            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15

16 GEORGIA-PACIFIC CONSUMER          )  Civil Action No. 07-CV-02391 JAH POR
   PRODUCTS LP, a Delaware limited   )
17 partnership,                      )  **JOINT MOTION FOR LEAVE TO FILE**
                                     )  **SECOND AMENDED COMPLAINT**
18              Plaintiff,           )
                                     )
19        v.                         )
                                     )
20 LEE'S GENERAL TOYS, INC., a California )
   corporation, JOHN LEE, an individual, )
21 RUNHUI PAPER CO., LTD., a Chinese )
   Corporation, SHANTOU KID TOYS CO., )
22 LTD., a Chinese Corporation, and DOES 3- )
   100,                              )
23                                   )
                Defendants.          )
24 _____ )

25

26

27

28

1    The parties, through their respective counsel of record, hereby stipulate and jointly move

2    for an Order permitting Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") to

3    file a Second Amended Complaint, as follows:

4

5    **Recitals**

6    1.    Georgia-Pacific filed its original Complaint in this action on December 20, 2007.

7    2.    Georgia-Pacific obtained leave to file a First Amended Complaint to name two

8    additional defendants:  RunHui Paper Co., Ltd., and Shantou Kid Toys Co., Ltd., and filed the

9    First Amended Complaint on May 29, 2008.

10    3.    The only defendants that have appeared to date in this action include Lee's

11    General Toys and John Lee.

12    4.    Georgia-Pacific has learned of additional sources of bathroom tissue products that

13    infringe Georgia-Pacific's **ANGEL SOFT®** Trademarks – Double Bargain, Inc. and Sandy Lee

14    – and wishes to add these sources as defendants.

15    5.    Sandy Lee is defendant John Lee's wife.  John Lee and Sandy Lee are co-owners

16    of Double Bargain, Inc.  Sandy Lee and Double Bargain, Inc. will be represented by the same

17    counsel as Lee's General Toys, Inc. and John Lee, and do not oppose their addition.

18    6.    Georgia-Pacific and Lee's General Toys and John Lee have had productive

19    settlement discussions.  Addition of these parties will facilitate settlement of this matter as to

20    Lee's General Toys, Inc., John Lee, and Double Bargain, Inc. and Sandy Lee as well if made

21    parties to this lawsuit.

22

23    **Stipulation**

24    In light of the foregoing, the parties hereby stipulate that good cause exists to issue an

25    Order as follows:

26    1.    Georgia-Pacific shall be permitted to file its Second Amended Complaint, in the

27    form attached hereto as Exhibit 1.

28

1      2.     Georgia-Pacific's Second Amended Complaint shall be deemed filed as of the

2 date of the Court's Order.  Georgia-Pacific will serve all parties consistent with the requirements

3 of Federal Rules of Civil Procedure.

4

5

6 Dated:  June 26, 2008                LATHAM & WATKINS LLP

7

8                         By:   /s/ Stephen P. Swinton
                                Stephen P. Swinton
                                Attorneys for Plaintiff

9                                Georgia-Pacific Consumer Products LP
                                E-mail: steve.swinton@lw.com

10

11 Dated:  June 26, 2008                HANEY BUCHANAN & PATTERSON LLP

12

13                         By:   /s/ Steven H. Haney (with permission)
                                  Steven H. Haney

14                                  Attorneys for Defendants
                                Lee's General Toys Inc. and John Lee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

1  LATHAM & WATKINS LLP
   Stephen P. Swinton (Bar No. 106398)
2  steve.swinton@lw.com
   Adam A. Welland (Bar No. 228680)
3  adam.welland@lw.com
   12636 High Bluff Drive, Suite 400
4  San Diego, California  92130-2071
   Telephone:  (858) 523-5400
5  Facsimile:   (858) 523-5450

6  Attorneys for Plaintiff
   GEORGIA-PACIFIC CONSUMER PRODUCTS LP

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 | GEORGIA-PACIFIC CONSUMER | ) | Civil Action No.  07-CV-02391 JAH POR
   | PRODUCTS LP, a Delaware limited | ) |
12 | partnership, | ) | **SECOND AMENDED COMPLAINT FOR:**
   | | ) | **(1) FEDERAL TRADEMARK**
13 |            Plaintiff, | ) | **INFRINGEMENT; (2) COMMON LAW**
   | | ) | **TRADEMARK INFRINGEMENT;**
14 |       v. | ) | **(3) FEDERAL FALSE DESIGNATION OF**
   | | ) | **ORIGIN; (4) FEDERAL FALSE**
15 | LEE'S GENERAL TOYS, INC., a California | ) | **ADVERTISING; (5) FEDERAL**
   | corporation, JOHN LEE, an individual, | ) | **DILUTION; (6) CALIFORNIA**
16 | RUNHUI PAPER CO., LTD., a Chinese | ) | **STATUTORY DILUTION;**
   | Corporation, SHANTOU KID TOYS CO., | ) | **(7) CALIFORNIA STATUTORY AND**
17 | LTD., a Chinese Corporation, SANDY LEE, | ) | **COMMON LAW UNFAIR**
   | an individual, DOUBLE BARGAIN, INC., a | ) | **COMPETITION; (8) UNLAWFUL**
18 | California corporation, and DOES 5-100, | ) | **IMPORTATION OF GOODS BEARING**
   | | ) | **INFRINGING MARK; (9) VIOLATION**
19 |            Defendants. | ) | **OF TARIFF ACT SECTION 1526; AND**
   | | ) | **(10) CANCELLATION OF STATE**
20 | | ) | **TRADEMARK REGISTRATION**
   | | ) |
21 |_____ | ) | **DEMAND FOR JURY TRIAL**

22

23

24

25

26

27

28

Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") alleges as follows:

1.    Georgia-Pacific owns several incontestable federally registered trademarks for the **ANGEL SOFT®** mark.  This is an action for trademark infringement arising under Section 32 of the Lanham Act (15 U.S.C. § 1114), common law trademark infringement, false designation of origin arising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), false advertising arising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), federal dilution arising under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), statutory dilution arising under California Business & Professions Code § 14330, statutory unfair competition arising under California Business & Professions Code §§ 17200 *et seq.* and unfair competition arising under the common law of the State of California, unlawful importation of trademark infringing goods arising under Section 42 of the Lanham Act (15 U.S.C. § 1124), unlawful importation of trademark infringing goods arising under the Section 1526(a) of the Tariff Act (19 U.S.C. § 1526), and cancellation of California Registration Number 109928 pursuant to California Business & Professions Code §§ 14281 or 14282.

## I. JURISDICTION AND VENUE

2.    This action is within the subject matter jurisdiction of this Court by virtue of the Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1338(a) and (b).  This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3.    Defendants are subject to the jurisdiction of this Court pursuant to the laws of this State and the Federal Rules of Civil Procedure.  Upon information and belief, Defendants participate in the promotion, advertising, and sale of unauthorized goods in this State and in this district.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this action occurred in this district.  Georgia-Pacific is informed and believes and on that basis alleges that Defendants distribute, sell, or otherwise have introduced into the stream of commerce within this judicial district, products bearing the infringing trademark.

## II. **THE PARTIES**

5.      Plaintiff Georgia-Pacific is a Delaware limited partnership having its principal place of business at 133 Peachtree Street, N.E., Atlanta, Georgia 30303.

6.      Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Lee's General Toys is a California corporation with a principal place of business at 3389 East 50th Street, Vernon, California 90058.

7.      Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant John Lee is an individual who has distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing trademark. Upon information and belief, John Lee is an owner of Lee's General Toys.

8.      Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant RunHui Paper Co., Ltd., is a Chinese corporation with its principal place of business at 40 Hubin North Road, Zhong Shan, China. Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Run Hui Paper Co., Ltd. has manufactured, distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing trademark.

9.      Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Shantou Kid Toys Co., Ltd., is a Chinese corporation with its principal place of business at Room 203, 5nd Building, Jinguan Yuan, Wenguan Road, Chenghai District, Shantou City, Guang-Dong, China. Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Shantou Kid Toys Co., Ltd. has manufactured, distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing trademark.

10.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Doe Number Three, Sandy Lee, is an individual who has distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing trademark. Upon information and belief, Sandy Lee, along with Defendant John Lee, is an owner of Lee's General Toys.

11.    Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Doe Number Four, Double Bargain, Inc., is a California corporation with its principal place of business at 3033 Bandini Boulevard, Vernon, California.  Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Double Bargain has manufactured, distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing trademark.  Upon information and belief, Defendants John Lee and Sandy Lee are owners of Double Bargain.

12.    Georgia-Pacific is unaware of the true names and capacities of Defendants named herein as Does 5 through 100, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named Defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein.  Georgia-Pacific therefore sues these Defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.  (Collectively, Lee's General Toys, John Lee, Sandy Lee, Double Bargain, Inc., RunHui Paper Co., Ltd., Shantou Kid Toys Co., Ltd., and Does 5 through 100 will be referred to herein as "Defendants.")

## III.  GENERAL ALLEGATIONS

### A.    Georgia-Pacific's Federally Registered ANGEL SOFT® Trademarks

13.    Georgia-Pacific is one of the world's leading manufacturers and marketers of tissue, towels, napkins, cups, plates, cutlery and related tabletop items, including bathroom tissue sold under the **ANGEL SOFT®** brand.

14.    Georgia-Pacific and its predecessors in interest first began using the **ANGEL SOFT®** brand in connection with selling bathroom tissue in 1944.

15.    Georgia-Pacific and its predecessors in interest have used the **ANGEL SOFT®** marks for bathroom tissue continuously since that time.

16.    Georgia-Pacific is the owner of several federally registered trademarks to protect its **ANGEL SOFT®** brand and family of trademarks used in connection with bathroom tissue.

17.    Georgia-Pacific and its predecessors in interest have applied for and obtained federal trademark registrations for Angel Soft including U.S. Registration Numbers 781,414;

1  1,172,215; 2,512,417; 2,972,819; and 2,989,711.    Georgia-Pacific also owns two additional

2  Angel Soft marks, U.S. Registration Numbers 2,546,897 and 2,841,759.  True and correct copies

3  of the federal registration certificates for these trademarks are attached hereto as Exhibits A – G.

4  For purposes of this Complaint, Georgia-Pacific is alleging violation only of Registration

5  Numbers 781,414; 1,172,215; and 2,512,417.  In accordance with 15 U.S.C. § 1065, based upon

6  widespread and continuous use, Registration Numbers 781,414 and 1,172,215 have achieved

7  incontestable status.

8       18.    Georgia-Pacific is the current owner of the **ANGEL SOFT®** trademark by virtue

9  of valid assignments.

10  A representative sample of Georgia-Pacific's **ANGEL SOFT®** bathroom tissue is shown below:



17       19.    Georgia-Pacific also owns the **ANGEL SOFT PS®** mark for bathroom tissue that

18  it distributes through commercial channels.

19       20.    Georgia-Pacific first began using the **ANGEL SOFT PS®** mark in commerce in

20  conjunction with bathroom tissue at least as early as January 31, 2003.  Georgia-Pacific has used

21  the **ANGEL SOFT PS®** mark continuously since that time.

22       21.    The following picture depicts the current product configuration and packaging of

23  a typical **ANGEL SOFT PS®** commercial product:



22.    Georgia-Pacific applied for and obtained federal trademark registrations for "**ANGEL SOFT PS®**" including U.S. Registration Number 2,912,982, which Georgia-Pacific also asserts here.  A true and correct copy of the federal registration certificate for this trademark is attached hereto as Exhibit H.  Both the "**ANGEL SOFT®**" and "**ANGEL SOFT PS®**" trademarks are collectively referred to hereinafter as the "**ANGEL SOFT** Trademarks."

**B.    Georgia-Pacific's Sale and Marketing of Products Bearing the ANGEL SOFT Trademarks**

23.    Georgia-Pacific markets and sells its **ANGEL SOFT®** product line throughout the United States, including in Southern California and the County of San Diego.

24.    Georgia-Pacific has invested heavily in advertising and promoting its **ANGEL SOFT®** brand and products for more than six decades.  This advertising has consistently used the **ANGEL SOFT** Trademarks.  In the U.S. in 2006 alone, Georgia-Pacific spent over $22 million advertising and promoting bathroom tissue sold under the **ANGEL SOFT** Trademarks.

25.    In the U.S., this advertising has included television commercials, print publications, radio commercials, billboards, live promotions, sponsorship of large events, trade shows, brochures, and internet promotions.

26.    This advertising and promotion has been continuous, and has also included numerous large-scale campaigns that have stood out for consumers.  Some examples include the "Angels in Action" and "Bathroom Moments" campaigns, which received significant media attention and coverage.

27.    Georgia-Pacific also created a website (www.angelsoft.com) to promote its **ANGEL SOFT** Trademarks and products.  This website launched in 2003 and currently receives an average of 4,145 visitors per month.  Georgia-Pacific also distributes point-of-sale items that promote the **ANGEL SOFT** Trademarks and products.

28.    Georgia-Pacific has directed a portion of its advertising for the **ANGEL SOFT** Trademarks toward the Spanish-speaking market.  Since 2005, Georgia-Pacific paid for both television and radio advertisements in these markets, including but not limited to Los Angeles, Phoenix and Houston, along with other national advertisements in 2007.

29.    The U.S. is the largest market for bathroom tissue sold under the **ANGEL SOFT** Trademarks. Georgia-Pacific sells bathroom tissue under the **ANGEL SOFT** Trademarks in both the retail and commercial channels. For example, **ANGEL SOFT®** bathroom tissue is sold through the retail channel in large retail chain stores such as Wal*Mart, Target, Winn Dixie, and Walgreen's, discount retail stores such as Big Lots, Family Dollar, Dollar General, Fred's, $0.99 Stores, Canned Foods, and McFrugles, and in tens of thousands independent retail stores located across the country. Georgia-Pacific sells its **ANGEL SOFT PS®** bathroom tissue in the commercial channel to distributors such as US Foodservice, SYSCO, Xpedx, and Lagasse Sweet which then distribute **ANGEL SOFT PS®** to well-known commercial end users such as Hampton Inn, Sheraton Hotels, The Walt Disney Company, Hyatt Hotels and Little Caesar Enterprises, Inc.

30.    Georgia-Pacific's **ANGEL SOFT®** brand bathroom tissue has been tremendously successful. Since 1944, Georgia-Pacific has sold billions of dollars worth of bathroom tissue under the **ANGEL SOFT** Trademarks in the U.S., Canada and Mexico. In particular, from 2004 through 2006, U.S. sales of bathroom tissue sold under the **ANGEL SOFT** Trademarks totaled over $2 billion. Much of this success is attributable to the quality and distinctive trademarks of the **ANGEL SOFT®** product line.

31.    The products sold under the **ANGEL SOFT** Trademarks must meet Georgia-Pacific's rigorous standards of quality. As a result, Georgia-Pacific endures significant expense to ensure that its products sold under the **ANGEL SOFT** Trademarks adhere to high quality standards. Some examples of the quality control efforts put in place by Georgia-Pacific include, but are not limited to: measuring and controlling the quality of the base sheet of the bathroom tissue during production; measuring and recording the finished bathroom tissue rolls at least once per day per manufacturing line; conducting periodic workmanship audits of the bathroom tissue itself as well as the packaging, box and pallet; and conducting softness panels to judge sensory softness.

1    32.    By virtue of the substantial use, sale and promotion of the **ANGEL SOFT®**

2    product line, the **ANGEL SOFT** Trademarks have acquired great value as identifiers of the

3    source of the bathroom tissue and to distinguish Georgia-Pacific's products from those of others.

4    33.    By virtue of the substantial use, sale and promotion of the **ANGEL SOFT®**

5    product line, the **ANGEL SOFT** Trademarks have become famous.  The **ANGEL SOFT®**

6    product line and the **ANGEL SOFT** Trademarks have been famous since long before

7    Defendants began their infringing activities complained of herein.

8    34.    The **ANGEL SOFT** Trademarks are extremely valuable to Georgia-Pacific as an

9    identifier of its products, Georgia-Pacific's quality goods, and of the substantial customer

10    goodwill that Georgia-Pacific has earned over many years in the market.

11    **C.    Defendants' Infringement of the ANGEL SOFT Trademarks**

12    35.    Georgia-Pacific is informed and believes, and on that basis alleges, that

13    Defendants are engaged in the business of importing, promoting, distributing, and selling

14    bathroom tissue, among other articles.

15    36.    Georgia-Pacific is informed and believes, and on that basis alleges, that without

16    permission or authority from Georgia-Pacific, Defendants have infringed Georgia-Pacific's

17    **ANGEL SOFT** Trademarks in interstate commerce by importing, making, using, promoting,

18    advertising, selling and/or offering to sell bathroom tissue under the name "Angelite," "Angel

19    Lite," and "Angelito" (collectively referred to herein as "Angelite").  The marks and images used

20    on the "Angelite" products are confusingly similar in appearance to Georgia-Pacific's **ANGEL**

21    **SOFT** Trademarks.  Defendants' "Angelite" bathroom tissue products include at least the

22    following products:  Angelite, Angelite 500, and Angelite 525.

23    37.    Representative photographs of Defendants' infringing "Angelite 500" and

24    "Angelite 525" products are shown below:

25

26

27

28

 

38.     As shown in the photographs above, Defendants' bathroom tissue is sold in a packaging that includes marks and images that are confusingly similar in appearance to that of Georgia-Pacific's **ANGEL SOFT** Trademarks and **ANGEL SOFT®** and **ANGEL SOFT PS®** product lines.

39.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendants' unauthorized use of Georgia-Pacific's **ANGEL SOFT** Trademarks is intended to trade upon the goodwill and substantial recognition associated with Georgia-Pacific's **ANGEL SOFT®** and **ANGEL SOFT PS®** lines of bathroom tissue.

40.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendants are using Georgia-Pacific's **ANGEL SOFT** Trademarks in an attempt to associate themselves with Georgia-Pacific or otherwise trade upon Georgia-Pacific's reputation.

41.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendants' use of Georgia-Pacific's **ANGEL SOFT** Trademarks is designed to cause confusion, mistake or deception.

42.     Georgia-Pacific is informed and believes, and on that basis alleges, that it is Defendants' purpose to cause consumers and potential customers to believe that Defendants' "Angelite" products are associated with Georgia-Pacific or its products when, in fact, they are not.

**D.     Other Allegations**

43.     By virtue of the acts complained of herein, Defendants have created a likelihood of injury to Georgia-Pacific's business reputation, caused a strong likelihood of consumer

1   confusion as to the source of origin or relationship of Georgia-Pacific's and Defendants' goods,

2   and have otherwise competed unfairly with Georgia-Pacific.

3        44.     Georgia-Pacific is informed and believes, and on that basis alleges, that

4   Defendants' acts complained of herein are willful and deliberate.

5        45.     Defendants' acts complained of herein have caused damage to Georgia-Pacific in

6   an amount to be determined at trial, and such damages will continue to increase unless

7   Defendants are enjoined from their wrongful actions.

8        46.     Defendants' acts complained of herein have caused Georgia-Pacific to suffer

9   irreparable injury to its business.  Georgia-Pacific will suffer substantial loss of goodwill and

10  reputation unless and until Defendants are preliminarily and permanently enjoined from the

11  wrongful actions complained of herein.

12  **E.**   **Lee's General Toys' Improper State Trademark Registration and Federal**

13       **Trademark Applications**

14       47.     Upon information and belief, Defendant Lee's General Toys applied for, and on

15  August 25, 2003, obtained California state registration number 109437 for the trademark "Angel

16  Lite 500" in a stylized design format.  A copy of what is believed to be the registered mark is

17  attached hereto as Exhibit I.

18       48.     Georgia-Pacific is informed and believes and on that basis alleges that Defendant

19  Lee's General Toys applied for a federal trademark registration for the trademark "Angel Lite

20  500" in a stylized design format.  A copy of what is believed to be the federal trademark

21  application, serial number 76/539,283, is attached hereto as Exhibit J.  This application was

22  abandoned.

23       49.     Georgia-Pacific is informed and believes and on that basis alleges that Defendant

24  Lee's General Toys applied for a federal trademark registration for the trademark "Angelito" in a

25  stylized design format.  A copy of what is believed to be the federal trademark application, serial

26  number 77/109,596, published on November 21, 2007, is attached hereto as Exhibit K.  Georgia-

27  Pacific intends to oppose this application.

28

1    50.    Georgia-Pacific is informed and believes and on that basis alleges that products

2    bearing the "Angelite 500" state registration mark, and the "Angel Lite 500" or "Angelito"

3    marks, have been and are being sold in various locations within this judicial district, including

4    within the County of San Diego.

5    51.    Georgia-Pacific has a prior and superior right in the **ANGEL SOFT** Trademarks

6    dating as far back as 1944. Georgia-Pacific's use of "Angel Soft" has been continuous since that

7    time.

8    52.    Upon information and belief, Lee's General Toys' use of the trademarks "Angel

9    Lite 500," "Angel Lite," and "Angelito" post-dates this time period.

10    53.    Further, Georgia-Pacific's **ANGEL SOFT** Trademarks, upon information and

11    belief, were registered and thus publicly available, prior to Lee's General Toys' use and

12    registration of California state registration number 109437 and prior to its application for federal

13    trademark registration for the confusingly-similar "Angel Lite" and "Angelito" marks.

14    54.    Lee's General Toys thus had at least constructive notice of Georgia-Pacific's use

15    of a confusingly similar mark at the time Lee's General Toys purported to have rights to its state

16    registered service mark.

17    ### IV. FIRST CLAIM FOR RELIEF

18    **Against all Defendants for Trademark Infringement Under 15 U.S.C. § 1114**

19    55.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

20    paragraphs 1 – 53 of this Complaint as though fully set forth herein.

21    56.    This is an action for trademark infringement arising from Section 32 of the

22    Lanham Act, 15 U.S.C. § 1114.

23    57.    Georgia-Pacific owns the registered **ANGEL SOFT** Trademarks.

24    58.    The **ANGEL SOFT** Trademarks are arbitrary, fanciful, and/or suggestive, and at

25    a minimum, have acquired a secondary meaning by purchasers and the public.

26    59.    Georgia-Pacific receives a tremendous amount of public recognition and critical

27    acclaim for the products sold under the **ANGEL SOFT** Trademarks. Through Georgia-Pacific's

28    widespread and continuous use of the **ANGEL SOFT** Trademarks, these marks have acquired

1    extensive goodwill, have developed a high degree of distinctiveness, and are famous, well known

2    and recognized as identifying goods that originate from Georgia-Pacific.

3         60.    Defendants have used in commerce, without permission of Georgia-Pacific,

4    marks and equivalent images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT**

5    Trademarks.  Defendants have infringed Georgia-Pacific's **ANGEL SOFT** Trademarks by using

6    confusingly similar phrases and images in connection with the manufacturing, distribution,

7    selling and/or promoting Defendants' goods with the intent to unfairly compete against Georgia-

8    Pacific, to trade upon Georgia-Pacific's reputation and goodwill by causing confusion and

9    mistake among customers and the public and to deceive the public into believing that

10   Defendants' goods are associated with, sponsored by or approved by Georgia-Pacific, when they

11   are not.

12        61.    Georgia-Pacific is informed and believes, and on that basis alleges, that

13   Defendants knew or should have known of Georgia-Pacific's ownership and prior use of the

14   **ANGEL SOFT** Trademarks.  Without the consent of Georgia-Pacific, Defendants have willfully

15   violated 15 U.S.C. § 1114.

16        62.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged

17   Georgia-Pacific in an amount to be determined at trial.

18        63.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

19   irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

20   this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

21   adequate remedy at law.

22   

**V.  <u>SECOND CLAIM FOR RELIEF</u>**

23   **Against all Defendants for Common Law Trademark Infringement**

24        64.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

25   paragraphs 1 – 62 of this Complaint as though fully set forth herein.

26        65.    This is an action for trademark infringement arising under the common law of the

27   State of California.

28

1      66.    By virtue of the acts complained of herein, Defendants have intentionally

2   infringed Georgia-Pacific's **ANGEL SOFT** Trademarks and caused a likelihood of confusion

3   among the consuming public, thereby committing common law trademark infringement.

4      67.    Defendants' aforementioned acts have been fraudulent, oppressive and malicious,

5   and have injured Georgia-Pacific and damaged Georgia-Pacific in an amount to be determined at

6   trial.

7      68.    By their actions, Defendants have irreparably injured Georgia-Pacific.   Such

8   irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

9   this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

10   adequate remedy at law.

11                          VI.  **THIRD CLAIM FOR RELIEF**

12      **Against all Defendants for False Designation of Origin Under 15 U.S.C. § 1125(a)**

13      69.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

14   paragraphs 1 – 67 of this Complaint as though fully set forth herein.

15      70.    This is an action for false designation of origin arising from Section 43(a) of the

16   Lanham Act, 15 U.S.C. § 1125(a).

17      71.    Georgia-Pacific has marketed, advertised, and promoted the **ANGEL SOFT®**

18   and **ANGEL SOFT PS®** product lines using the **ANGEL SOFT** Trademarks.  As a result of

19   this marketing, advertising, and promotion, the **ANGEL SOFT** Trademarks have come to mean

20   and are understood to signify Georgia-Pacific products, and are one of the ways by which those

21   goods and services are distinguished from the goods and services of others in the same and in

22   related fields.

23      72.    The **ANGEL SOFT** Trademarks are distinctive and have acquired secondary

24   meaning by purchasers and the public associating the **ANGEL SOFT** Trademarks with Georgia-

25   Pacific products.

26      73.    Defendants have used in commerce, without permission of Georgia-Pacific,

27   marks and equivalent images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT**

28   Trademarks.  Defendants have infringed Georgia-Pacific's **ANGEL SOFT** Trademarks and

1   created a false designation of origin by using confusingly similar phrases and equivalent images

2   in connection with the manufacturing, distribution, selling and/or promoting Defendants' goods

3   with the intent to unfairly compete against Georgia-Pacific, to trade upon Georgia-Pacific's

4   reputation and goodwill by causing confusion and mistake among customers and the public and

5   to deceive the public into believing that Defendants' goods are associated with, sponsored by or

6   approved by Georgia-Pacific, when they are not.

7       74.    Georgia-Pacific is informed and believes, and on that basis alleges, that

8   Defendants had actual knowledge of Georgia-Pacific's ownership and prior use of Georgia-

9   Pacific's **ANGEL SOFT** Trademarks, and without the consent of Georgia-Pacific, have willfully

10  violated 15 U.S.C. § 1125(a).

11      75.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged

12  Georgia-Pacific in an amount to be determined at trial.

13      76.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

14  irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

15  this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

16  adequate remedy at law.

17                  **VII.  <u>FOURTH CLAIM FOR RELIEF</u>**

18          **Against all Defendants for False Advertising Under 15 U.S.C. § 1125(a)**

19      77.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

20  paragraphs 1 – 75 of this Complaint as though fully set forth herein.

21      78.    This is an action for false advertising arising from Section 43(a) of the Lanham

22  Act, 15 U.S.C. § 1125(a).

23      79.    By virtue of the acts complained of herein, Defendants' conduct is likely to

24  confuse, mislead, or deceive purchasers or potential purchasers, and constitutes false advertising

25  in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26      80.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged

27  Georgia-Pacific in an amount to be determined at trial.

28

81.    By their actions, Defendants have irreparably injured Georgia-Pacific.    Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

## VIII.  FIFTH CLAIM FOR RELIEF

### Against all Defendants for Trademark Dilution Under 15 U.S.C. § 1125(c)

82.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 80 of this Complaint as though fully set forth herein.

83.    This is an action for federal dilution in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

84.    Georgia-Pacific's **ANGEL SOFT** Trademarks are famous and well-known within the meaning of 15 U.S.C. § 1125(c), and became famous prior to the acts of Defendants complained of herein.

85.    After the **ANGEL SOFT** Trademarks became famous and well-known, Defendants misappropriated the **ANGEL SOFT** Trademarks for their own use and commercial advantage, in blatant disregard for Georgia-Pacific's rights.

86.    Defendants' unauthorized commercial use of phrases and equivalent images to the **ANGEL SOFT** Trademarks, on or in connection with the advertisement, offering for sale, and/or sale of their facilities and services, in interstate commerce, has caused and is likely to continue to cause dilution of the distinctive quality of the famous **ANGEL SOFT** Trademarks.

87.    Defendants' aforementioned acts are likely to tarnish, injure, or trade upon Georgia-Pacific's business, reputation and goodwill, and to deprive Georgia-Pacific of the ability to control its **ANGEL SOFT** Trademarks.

88.    Georgia-Pacific is informed and believes, and on that basis alleges, that by Defendants' aforementioned acts, Defendants have willfully intended to trade upon Georgia-Pacific's business, reputation, and goodwill.

89.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged Georgia-Pacific in an amount to be determined at trial.

90.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

## IX. SIXTH CLAIM FOR RELIEF

**Against all Defendants for Trademark Dilution Under California Business & Professions Code § 14330 and California Common Law**

91.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 89 of this Complaint as though fully set forth herein.

92.    This is an action for dilution in violation of California Business & Professions Code §§ 14330 and 14335.

93.    Georgia-Pacific's **ANGEL SOFT** Trademarks are famous, and became famous prior to the acts of Defendants complained of herein.

94.    Defendants' unauthorized use of similar phrases and equivalent images to the **ANGEL SOFT** Trademarks, on or in connection with the advertisement, offering for sale, and/or sale of their goods has caused and is likely to continue to cause dilution of the distinctive quality of the famous **ANGEL SOFT** Trademarks.

95.    Defendants' aforementioned acts are likely to tarnish, injure, or trade upon Georgia-Pacific's business, reputation and goodwill, and to deprive Georgia-Pacific of the ability to control its **ANGEL SOFT** Trademarks.

96.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged Georgia-Pacific in an amount to be determined at trial.

97.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

1

## X.  SEVENTH CLAIM FOR RELIEF

**Against all Defendants for Unfair Competition Under California Business & Professions**

**Code § 17200 and California Common Law**

98.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 96 of this Complaint as though fully set forth herein.

99.    This is an action for unfair competition arising under California Business & Professions Code §§ 17200, *et seq.* and the common law of the State of California.

100.    By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the public and have unfairly competed in violation of California Business & Professions Code §§ 17200, *et seq.* and the common law of California.

101.    Defendants' aforementioned acts constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Georgia-Pacific.

102.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

## XI.  EIGHTH CLAIM FOR RELIEF

**Against all Defendants for Unlawful Importation of Goods Bearing Infringing Marks in**

**Violation of 15 U.S.C. § 1124**

103.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 101 of this Complaint as though fully set forth herein.

104.    This is an action for unlawful importation of goods bearing infringing marks in violation of Section 42 of the Lanham Act (15 U.S.C. § 1124).

105.    Upon information and belief, Defendants import the "Angelite" products from outside of the United States.  As described herein, these "Angelite" products bear marks and images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks.

106.    By virtue of the acts complained of herein, Defendants have unlawfully imported goods bearing infringing marks in violation of Section 42 of the Lanham Act (15 U.S.C. § 1124).

1    107.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged

2    Georgia-Pacific in an amount to be determined at trial.

3    108.    By their actions, Defendants have irreparably injured Georgia-Pacific.    Such

4    irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

5    this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

6    adequate remedy at law.

7    **XII.  NINTH CLAIM FOR RELIEF**

8    **Against all Defendants for Unlawful Importation of Goods Bearing Infringing Marks in**

9    **Violation of 19 U.S.C. § 1526(a)**

10    109.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

11    paragraphs 1 – 107 of this Complaint as though fully set forth herein.

12    110.    This is an action for unlawful importation of goods bearing infringing marks in

13    violation of Section 1526(a) of the Tariff Act (19 U.S.C. § 1526(a)).

14    111.    Upon information and belief, Defendants import the "Angelite" products from

15    outside of the United States.    As described herein, these "Angelite" products bear marks and

16    images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks.

17    112.    By virtue of the acts complained of herein, Defendants have unlawfully imported

18    goods bearing infringing marks in violation of Section 1526(a) of the Tariff Act (19 U.S.C.

19    § 1526(a)).

20    113.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged

21    Georgia-Pacific in an amount to be determined at trial.

22    114.    By their actions, Defendants have irreparably injured Georgia-Pacific.    Such

23    irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

24    this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

25    adequate remedy at law.

26

27

28

# XIII.  TENTH CLAIM FOR RELIEF

### Against Lee's General Toys, Inc. for Cancellation of State Trademark Registration

115.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 113 of this Complaint as though fully set forth herein.

116.    This is an action for cancellation of Lee's General Toys' California trademark registration number 109437 arising under California Business & Professions Code §§ 14281 or 14282.

117.    By virtue of Georgia-Pacific's prior use and federal registration of its **ANGEL SOFT** Trademarks, cancellation of Lee's General Toys' state registration is proper.

## PRAYER FOR RELIEF

WHEREFORE, Georgia-Pacific prays for judgment against Defendants as follows:

1.    That the Court enter judgment in favor of Georgia-Pacific and against Defendants on all claims for relief alleged herein;

2.    That the Court enter judgment that Defendants have violated the provisions of 15 U.S.C. § 1114 by infringing Georgia-Pacific's trademark rights in its federally registered **ANGEL SOFT** Trademarks;

3.    That Defendants be adjudged to have infringed Georgia-Pacific's **ANGEL SOFT** Trademarks in violation of the common law of California;

4.    That the Court enter judgment that Defendants have violated the provisions of 15 U.S.C. § 1125(a) by infringing Georgia-Pacific's rights in its **ANGEL SOFT** Trademarks;

5.    That Defendants be adjudged to have willfully violated the provisions of 15 U.S.C. § 1114 by infringing Georgia-Pacific's **ANGEL SOFT** Trademarks;

6.    That Defendants be adjudged to have willfully infringed Georgia-Pacific's **ANGEL SOFT** Trademarks in violation of the common law of California;

7.    That Defendants be adjudged to have willfully violated the provisions of 15 U.S.C. § 1125(a) by using a false designation of origin, false description, false representation, or false advertising in connection with their products;

8.      That Defendants be adjudged to have diluted the distinctive quality of Georgia-Pacific's **ANGEL SOFT** Trademarks in violation of 15 U.S.C. § 1125(c);

9.      That Defendants be adjudged to have diluted the distinctive quality of Georgia-Pacific's **ANGEL SOFT** Trademarks in violation of California Business & Professions Code §§ 14330 and 14335;

10.     That Defendants be adjudged to have unfairly competed with Georgia-Pacific under California Business & Professions Code §§ 17200, *et seq.*

11.     That Defendants be adjudged to have unfairly competed with Georgia-Pacific under the common law of the State of California;

12.     That Defendants be adjudged to have unlawfully imported goods bearing infringing marks in violation of Section 42 of the Lanham Act (15 U.S.C. § 1124);

13.     That Defendants be adjudged to have unlawfully imported goods bearing infringing marks in violation of Section 1526(a) of the Tariff Act (19 U.S.C. § 1526(a));

14.     That Defendant Lee's General Toys, Inc.'s California registration number 109437 be cancelled;

15.     That Defendants, each of their agents, servants, employees, attorneys, successors and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

        a.      using Georgia-Pacific's **ANGEL SOFT** Trademarks in connection with Defendants' goods, using **ANGEL SOFT** Trademarks in advertising or promoting Defendants' goods, or using confusingly similar variations of **ANGEL SOFT** Trademarks in any manner which is likely to create the impression that Defendants' goods originate from Georgia-Pacific, are endorsed by Georgia-Pacific, or are connected in any way with Georgia-Pacific;

1      b.      otherwise infringing Georgia-Pacific's **ANGEL SOFT** Trademarks;

2      c.      diluting the distinctive quality of Georgia-Pacific's **ANGEL SOFT**

3              Trademarks;

4      d.      falsely designating the origin of Defendants' goods;

5      e.      falsely advertising Defendants' goods;

6      f.      unfairly competing with Georgia-Pacific in any manner whatsoever; and

7      g.      importing, purchasing, distributing, selling, or offering for sale goods

8              bearing marks confusingly similar to Georgia-Pacific's **ANGEL SOFT**

9              Trademarks; and

10     h.      causing a likelihood of confusion or injury to Georgia-Pacific's business

11             reputation;

12     16.     That Defendants be directed to file with this Court and serve on Georgia-Pacific

13 within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting

14 forth in detail the manner and form in which Defendants have complied with the injunction

15 pursuant to 15 U.S.C. § 1116;

16     17.     That Defendants be required to account to Georgia-Pacific for any and all profits

17 derived by them and all damages sustained by Georgia-Pacific by virtue of Defendants' acts

18 complained of herein;

19     18.     That Defendants be ordered to pay over to Georgia-Pacific all damages which

20 Georgia-Pacific has sustained as a consequence of the acts complained of herein, subject to proof

21 at trial;

22     19.     That Georgia-Pacific be awarded treble damages pursuant to 15 U.S.C. § 1117;

23     20.     That an award of reasonable costs, expenses and attorneys' fees be awarded to

24 Georgia-Pacific pursuant to 15 U.S.C. § 1117;

25     21.     That Georgia-Pacific be awarded exemplary damages from Defendants pursuant

26 to California Civil Code § 3294;

27

28

1    22.    That Defendants be required to deliver and destroy all devices, literature,

2  advertising, goods and other materials bearing the infringing marks or images pursuant to

3  15 U.S.C. § 1118;

4    23.    That Georgia-Pacific be awarded such other and further relief as this Court may

5  deem just.

6

7

8                                    Respectfully submitted,

9  Dated:  June 26, 2008              LATHAM & WATKINS LLP

10

11                              By:  /s/ Stephen P. Swinton
                                     Stephen P. Swinton
12                                   Attorneys for Plaintiff
                                     Georgia-Pacific Consumer Products LP
13                                   E-mail: steve.swinton@lw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **JURY TRIAL DEMANDED**

2      Georgia-Pacific demands a trial by jury on all issues raised by this Complaint which are

3  triable by jury.

4

5  Dated:  June 26, 2008                                    LATHAM & WATKINS LLP

6

7                                                    By:   /s/ Stephen P. Swinton
                                                          Stephen P. Swinton
8                                                          Attorneys for Plaintiff
                                                          Georgia-Pacific Consumer Products LP
9                                                          E-mail: steve.swinton@lw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# United States Patent Office

781,414
Registered Dec. 8, 1964

## PRINCIPAL REGISTER
### Trademark

Ser. No. 150,668, filed Aug. 7, 1962

## ANGEL SOFT

Hudson Pulp & Paper Corp. (Maine corporation)
477 Madison Ave.
New York 22, N.Y., assignee of
Angel Soft Tissue Mills, Inc. (New York corporation)
New York, N.Y.

For: DISPOSABLE PAPER TISSUES, TOILET TIS-
SUES, AND PAPER NAPKINS, in CLASS 37.
First use 1944; in commerce 1944.
No claim is made to "Soft" apart from the mark as
shown.

**EXHIBIT B**

Int. Cl.: 16

Prior U.S. Cl.: 37

## United States Patent and Trademark Office

Reg. No. 1,172,215
Registered Oct. 6, 1981

### TRADEMARK
### Principal Register

## ANGEL SOFT

Hudson Pulp & Paper Corp. (Maine corporation)
320 Post Rd.
Darien, Conn. 06820

For: DISPOSABLE PAPER TISSUES, BATH-ROOM TISSUES, PAPER NAPKINS AND PA-PER TOWELS, in CLASS 16 (U.S. Cl. 37).

First use 1944; in commerce 1944.

Owner of U.S. Reg. Nos. 770,925 and 781,414.

The word "Soft" is disclaimed apart from the mark as shown without prejudice to applicant's common law rights.

Ser. No. 227,133, filed Aug. 13, 1979.

HENRY S. ZAK, Primary Examiner

**EXHIBIT C**

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

**Reg. No. 2,512,417**

## United States Patent and Trademark Office

Registered Nov. 27, 2001

### TRADEMARK
### PRINCIPAL REGISTER



GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
133 PEACHTREE STREET NE
ATLANTA, GA 30303

FOR: BATHROOM TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 5-1-2000; IN COMMERCE 5-1-2000.

OWNER OF U.S. REG. NOS. 781,414, 1,172,215, AND 1,917,281.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SOFT", APART FROM THE MARK AS SHOWN.

SER. NO. 76-169,106, FILED 11-21-2000.

BERYL GARDNER, EXAMINING ATTORNEY

**EXHIBIT D**

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, and 50

## United States Patent and Trademark Office

Reg. No. 2,972,819

Registered July 19, 2005

## TRADEMARK
## PRINCIPAL REGISTER

## ANGEL SOFT

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)

133 PEACHTREE STREET, NE

ATLANTA, GA 30303

FOR: FACIAL TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 2-28-2003; IN COMMERCE 2-28-2003.

OWNER OF U.S. REG. NOS. 781,414, 2,512,417, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SOFT", APART FROM THE MARK AS SHOWN.

SN 78-167,367, FILED 9-24-2002.

ROBIN CHOSID, EXAMINING ATTORNEY

**EXHIBIT E**

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

## United States Patent and Trademark Office

Reg. No. 2,989,711
Registered Aug. 30, 2005

## TRADEMARK
### PRINCIPAL REGISTER

# ANGEL SOFT

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)

GA030-41N

133 PEACHTREE STREET, N.E.

ATLANTA, GA 30303

FOR: BATH TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0-0-1944; IN COMMERCE 0-0-1944.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 781,414, 1,172,215, AND 2,512,417.

SEC. 2(F).

SER. NO. 78-446,906, FILED 7-7-2004.

JOHN GARTNER, EXAMINING ATTORNEY

**EXHIBIT F**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

## United States Patent and Trademark Office

Reg. No. 2,546,897
Registered Mar. 12, 2002

### SERVICE MARK
### PRINCIPAL REGISTER

## ANGELS IN ACTION

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
133 PEACHTREE STREET, N.E.
ATLANTA, GA 30303

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING INCENTIVES VIA A NATIONWIDE AWARD PROGRAM TO CHILDREN FOR CHARITABLE, EDUCATIONAL OR COMMUNITY ACHIEVEMENT, NAMELY, FOR HEROIC OR COURAGEOUS COMMUNITY ACTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-27-2000; IN COMMERCE 6-27-2000.

SER. NO. 76-215,924, FILED 2-26-2001.

DAYNA BROWNE, EXAMINING ATTORNEY

**EXHIBIT G**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

## United States Patent and Trademark Office

Reg. No. 2,841,759
Registered May 11, 2004

### SERVICE MARK
### PRINCIPAL REGISTER

## ANGELS IN THE CLASSROOM

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
133 PEACHTREE STREET NE
GA030-41N
ATLANTA. GA 30303

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING INCENTIVES VIA A NATIONWIDE AWARD PROGRAM TO SCHOOL CHILDREN FOR CHARITABLE, EDUCATIONAL OR COMMUNITY ACHIEVEMENT, NAMELY, FOR COURAGEOUS COMMUNITY ACTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-31-2003; IN COMMERCE 1-31-2003.

OWNER OF U.S. REG. NO. 2,546,897.

SN 78-181,611, FILED 11-5-2002.

MARIA-VICTORIA SUAREZ, EXAMINING ATTOR-NEY

**EXHIBIT H**

**Int. Cl.: 16**

**Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50**

**United States Patent and Trademark Office**

Reg. No. 2,912,982

Registered Dec. 21, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## ANGEL SOFT PS

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)

GA030-41N

133 PEACHTREE STREET, N.E.

ATLANTA, GA 30303

FOR: BATH TISSUE AND FACIAL TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-31-2003; IN COMMERCE 1-31-2003.

OWNER OF U.S. REG. NOS. 781,414, 1,172,215, AND 2,512,417.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PS", APART FROM THE MARK AS SHOWN.

SER. NO. 78-292,116, FILED 8-26-2003.

JASON TURNER, EXAMINING ATTORNEY

**EXHIBIT I**



# State of California
## Secretary of State

### REGISTRATION OF TRADEMARK OR SERVICE MARK

Pursuant to Business and Professions Code Section 14230

NOTICE: READ ACCOMPANYING INSTRUCTIONS BEFORE COMPLETING THIS FORM

REGISTRATION APPLICATION FOR:

☑ TRADEMARK    ☐ SERVICE MARK

**1. APPLICANT NAME**
Lee's General Toys, Inc.

| 2. STREET ADDRESS (PROVIDE CALIFORNIA BUSINESS ADDRESS IF SERVICE MARK) | 3. CITY AND STATE | 4. ZIP CODE |
|---|---|---|
| 3389 E. 50th Street | Vernon, California | 90058 |

**5. BUSINESS STRUCTURE (CHECK ONE)**

☐ LIMITED PARTNERSHIP          ☐ SOLE PROPRIETOR

☐ LIMITED LIABILITY COMPANY    ☐ HUSBAND AND WIFE, AS COMMUNITY PROPERTY

☐ GENERAL PARTNERSHIP          ☐ OTHER (DESCRIBE)

☑ CORPORATION (STATE OF INCORPORATION) __California__

| 6. NAMES OF THE GENERAL PARTNERS, IF APPLICANT IS A PARTNERSHIP | 7. NAMES OF MEMBER(S) OR MANAGER(S), IF APPLICANT IS A LIMITED LIABILITY COMPANY |
|---|---|

**8. NAME AND/OR DESIGN OF MARK. (FOR DESIGN PROVIDE A BRIEF WRITTEN DESCRIPTION THAT CAN BE PICTURED IN THE MIND WITHOUT REFERENCE TO THE SPECIMENS. DO NOT DRAW THE DESIGN ON APPLICATION)**

Angel Lite 500 and design, wherein the mark comprises the words "Angel Lite" and a star design disposed in the middle of an oval and the digits "500" disposed beneath th words "Angel Lite" inside the oval.

DISCLAIMER (IF APPLICABLE) NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE TERM

| 9. DATE THE MARK WAS FIRST USED IN CALIFORNIA 01/31/2002 | DATE THE MARK WAS FIRST USED ANYWHERE 01/31/2002 |
|---|---|

**10. IF A TRADEMARK, LIST SPECIFIC GOODS. IF A SERVICE MARK, LIST SPECIFIC SERVICE.**

Toilet Paper, bathroom tissue, tissue paper.

THIS SPACE FOR FILING OFFICER USE

TRADE/SERVICE MARK
REG. NO. 1 9437
CLASS NO. Int. 16

CLASS NUMBER __16__ (ONE CLASSIFICATION NUMBER ONLY)

**11. RETURN ACKNOWLEDGMENT TO: (TYPE OR PRINT)**

| NAME | David W. Lee; Law Offices of David W. Lee |
|---|---|
| ADDRESS | 108 N .Ynez Ave., Suite 128 |
| CITY | MOnterey Park, |
| STATE | CALIFORNIA |
| ZIP CODE | 91754 |

**FILED**
In the office of the Secretary of State
of the State of California

AUG 2 5 2003

KEVIN SHELLEY, SECRETARY OF STATE

SEC/STATE LP/TM 101 (REV. 7/97)

FILING FEE: $70.00

(OVER)

06/25/2003  21:17   5719943                   DAVID AND RAYMOND                        PAGE  86/86

## 11. MANNER OF MARK USE

CHECK ALL THAT APPLY

**FOR TRADEMARKS ONLY**

- ☐ ON LABELS AND TAGS AFFIXED TO THE GOODS.
- ☒ ON LABELS AND TAGS AFFIXED TO CONTAINERS OF THE GOODS.
- ☐ BY PRINTING IT DIRECTLY ONTO THE GOODS.
- ☐ BY PRINTING IT DIRECTLY ONTO THE CONTAINERS FOR THE GOODS.
- ☐ OTHER _____

**FOR SERVICE MARKS ONLY**

- ☐ ON BUSINESS SIGNS.
- ☐ ON ADVERTISING BROCHURES.
- ☐ ON ADVERTISING LEAFLETS.
- ☐ ON BUSINESS CARDS.
- ☐ ON LETTERHEADS.
- ☐ ON MENUS
- ☐ OTHER

## 12. SPECIMENS

CHECK X IN 1 BOX BELOW.  ENCLOSE THREE (3) IDENTICAL ORIGINAL SPECIMENS.

**FOR TRADEMARKS ONLY**

- ☐ ACTUAL LABELS.
- ☐ ACTUAL TAGS.
- ☐ PHOTOGRAPHS OF THE GOODS/CONTAINERS SHOWING THE TRADEMARK.
- ☐ FRONT PANELS OF A PAPER CONTAINER BEARING THE TRADEMARK.
- ☒ OTHER  **Actual wrapper for wrapping goods.**

**FOR SERVICE MARKS ONLY**

- ☐ BUSINESS CARDS.
- ☐ ADVERTISING BROCHURES.
- ☐ ADVERTISING LEAFLETS.
- ☐ MENUS SHOWING THE MARK.
- ☐ OTHER _____

## 13. DECLARATION OF OWNERSHIP

APPLICANT HEREWITH DECLARES THAT HE/SHE HAS READ THE ABOVE AND FOREGOING APPLICATION AND KNOWS THE CONTENTS THEREOF AND THAT THE FACTS SET OUT HEREIN ARE TRUE AND CORRECT AND THAT THE THREE SPECIMENS OF THE MARK SUBMITTED ARE TRUE AND CORRECT; AND TO HIS/HER BEST KNOWLEDGE AND BELIEF NO OTHER PERSON, FIRM, CORPORATION, UNION OR ASSOCIATION HAS THE RIGHT TO USE SAID MARK IN THIS STATE, EITHER IN IDENTICAL FORM OR IN SUCH NEAR RESEMBLANCE THERETO AS MIGHT BE CALCULATED TO DECEIVE OR CONFUSE.

NAME OF CORPORATION/PARTNERSHIP/LIMITED LIABILITY COMPANY (IF APPLICABLE)

Lee's General Toys, Inc.                                    **109437**

| SIGNATURE OF APPLICANT | IF PARTNER, MANAGER OR CORPORATE OFFICER, INCLUDE TITLE |
|---|---|
| *[signature]* | President |
| TYPE OR PRINT NAME OF APPLICANT | DATE |
| John Lee | 6/29/03 |

TYPE OR PRINT THE NAME AND ADDRESS OF THE PERSON OR FIRM TO RECEIVE THE ACKNOWLEDGEMENT OF THE FILING. SEND THE SIGNED APPLICANT (WITH ORIGINAL SIGNATURE), TO THE SECRETARY OF STATE, TRADEMARK UNIT, P.O. BOX 944283, SACRAMENTO, CA 94244-2280 WITH THE $70.00 FILING FEE.

In The Secretary of State of the State of California

Applicants:    Lee's General Toys, Inc.
Mark:          ANGEL LITE 500

                                        Date:   August 20, 2003

Re-Submission of California State Trademark Application

Trademark Unit, Business Filings Section,
1600 11th Street, 3rd Floor, Sacramento, CA 95814.

Sir:

In response to your letter dated August 11, 2003 regarding to the quality of the specimens previously submitted, the applicant hereby respectfully submits the following:

1.  A cheque of US$70.00 for the application fee.
2.  A copy of the letter from the Secretary of State, dated 08/11/2003.
3.  Registration form: 2 pages, date signed: 06/29/2003
4.  A Power of Attorney, date signed: 06/29/2003.
5.  3 actual wrappers bearing the mark for wrapping the goods.

Please accept these documents and payments and continue the prosecution of the application. Thank you for your assistance.

Respectfully submitted,

David W. Lee

Law Office of David W. Lee
Reg. Nr.: 37,490
106 N. Ynez Ave., #128,
Monterey Park, CA 91754
Tel.: (626) 571-9812
Fax. (626) 571-9813

## Certification of Mailing

I certify that this correspondence will be deposited with the United States Postal Service as first class mail with proper postage affixed in an envelope addressed to: "Trademark Unit, Business Filings Section, 1600 11th Street, 3rd Floor, Sacramento, CA 95814." on the date below.

Date:  08/20/03                    Signature: _____
                                   Person Signing: Andy MINH

109437

06/25/2003  21:17  5739813  DAVID AND RAYMOND  PAGE  03/04

Docket No.: CAT1116A-LGT

## POWER OF ATTORNEY
### (TRADEMARK)

Mark:    ANGEL LITE 500

Class:    16

Power of Attorney:
I hereby appoint the following attorney(s) to prosecute this application for registration of Trademark and to transact all business with the Secretary of State's connected therewith:

David W. Lee, Reg. No.: 37,490

Please send correspondence to:

DAVID & RAYMOND
108 N. Ynez Ave., Suite 128,
Monterey Park, CA 91754

Please direct telephone calls to:

David W. Lee
(626) 571-9812

Designation of Domestic Representative:
David W. Lee whose postal address is 108 N. Ynez Ave., Suite 128, Monterey Park, CA 91754, is hereby designated as applicant's representative upon whom notice or process in proceedings affecting the mark may be served.

NAME OF APPLICANT: Lee's General Toys, Inc.

ADDRESS: 3389 E 50th Street, Vernon, CA 90058.

_____          _____
SIGNATURE                                  DATE    6/29/03

John Lee, President
PRINTED NAME AND TITLE

109437



109437

**EXHIBIT J**

08-07-2003

U.S. Patent & TMO%/TM Mail Rept Dt. #87

## DRAWING

| | |
|---|---|
| APPLICANT : | Lee's General Toys, Inc |
| P.O. ADDRESS : | 3389 E. 50th Street, Vernon, CA 90058 |
| FIRST USE(any where) : | 01/31/2002 |
| FIRST USE IN COMMERCE (if applicable) : | 01/31/2002 |
| GOODS/SERVICES : | Tissue paper, toilet paper and bathroom tissue. |
| PRIORITY FILING DATE (if any) : | |

**MARK:**  Angel Lite 500 and design, wherein the mark comprises the words "Angel Lite" and a star design disposed in the middle of an oval and the digits "500" disposed beneath the words "Angel Lite" inside the oval.



| | |
|---|---|
| SEND CORRESPONDENCE TO : | DAVID W. LEE<br>108 N. Ynez Ave., Suite 128<br>Monterey Park, CA 91754 |
| TELEPHONE : | (626) 571-9812 |

NOTE:    THE DRAWING OF THE MARK CANNOT BE LARGER THAN 4 INCHES (10 cm) BY 4 INCHES (10 cm) AND SHOULD BE CENTERED ON THE DRAWING SHEET.

U.S. Patent & TM Ofc/TM



76539283

# 76539283

TRADEMARK APPLICATION SERIAL NO. _____

### U.S. DEPARTMENT OF COMMERCE
### PATENT AND TRADEMARK OFFICE
### FEE RECORD SHEET

08/26/2003 KBOMCHWH 00000178 76S39283
01 FC:6001              335.00 DP

PTO-1555
(5/87)

Attorney's Docket No.: UST1040A-LGT

| U.S. TRADEMARK/SERVICE MARK APPLICATION, PRINCIPAL REGISTER WITH DECLARATION | Mark: **ANGEL LITE 500 and design** |
| --- | --- |
| | Int. Class No(s). (If known):   16 |

TO THE ASSISTANT SECRETARY AND COMMISSIONER OF PATENTS AND TRADEMARKS:

Applicant's Name:  Lee's General Toys, Inc.

Applicant's Business Address:  3389 E. 50th Street, Vernon, CA 90058

1.    **Applicant's entity** is as follows (check on e and supply requested information):
☐       1.1    An individual who is a citizen of (country):
☐       1.2    A partnership domiciled in (state and country):
            The names and citizenship (country) of the general partners are:
☒       1.3    A corporation of (state of country):    **California, USA**
☐       1.4    Other (specify nature of entity and domicile):

2.    **Goods / Service:** Applicant requests registration of the trademark/service mark shown in the attached drawing (hereinafter referred to as the "mark") in the U.S. Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. 1051 et seq.) for the following (list goods/service):  Tissue paper, toilet paper and bathroom tissue.

(☐ See the attached schedule of goods and /or services.)

3.    **Basis for application** (check one or more, but not both 3.1 and 3.2, and supply information):
☒    3.1  Section 1(a) of the Trademark Act, 15 U.S.C. 1051(a):  Applicant has adopted and is using the mark in commerce in the United States on or in connection with the goods/services.

(a)    The mark was first used anywhere on a date at least as early as (date)        01/31/2002
        for (list good(s)/service(s) for date of first use):  Tissue paper, toilet paper and bathroom tissue.

(b)    The mark was first used in (check one) ☒ **interstate commerce** or ☐ **foreign commerce between the U.S. and** (country) _____ on a date at least as early as (date) 01/31/2002
        for (list good(s)/service(s) for date of first use in commerce):  Tissue paper, toilet paper and bathroom tissue.

(c)    There is one specimen attached for each class which features the mark as so used in such commerce;

(d)    The mode or manner of use of the mark on or in connection with the goods/services in such commerce is ("advertising" only for classes 35-42): The mark is used on the goods or the containers for the goods or on tags/labels affixed to the goods or the containers for the goods.

☐    3.2  Section 1(b) of the Trademark Act, 15 U.S.C. 1051b: Applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services.  The mode or manner of intended use of the mark on or in connection with goods/services is ("advertising" only for classes 35-42):

TRADEMARK/SERVICE MARK APPLICATION,
PRINCIPAL REGISTER, WITH DECLARATION

[ ] 3.3 Section 44(d) of the Trademark Act, 15 U.S.C. 1126(d): Applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services, and asserts a claim of priority, based upon the earliest filed foreign application(s):

| Country of Application(s) | Date(s) of Filing | Application Number(s)(if known) |
|---|---|---|
| | | |
| | | |

[ ] 3.4 Section 44(e) of the Trademark Act, 15 U.S.C. 1126 (e): Applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services and submits herewith a certified copy of the following registration(s) in applicant's country of origin:

| Country of Application(s) | Registration Number(s) | Dates of Registration |
|---|---|---|
| | | |
| | | |

4 Declaration: The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that: I am properly authorized to execute this application on behalf of applicant; if paragraph 3.1 above is completed, then I believe applicant to be the owner of the mark sought to be registered, and the mark is in use in commerce; if any of paragraphs 3.2, 3.3 and 3.4 above are completed, then I believe applicant to be entitled to use the mark in commerce, and applicant has a bona fide intention to use the mark in commerce on or in connection with the specified goods/services; if any of paragraphs 3.3 and 3.4 above are completed, then I believe applicant to be the owner of the mark sought to be registered; no other person, firm, corporation or association, to the best of my knowledge and belief has the right to use such mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; all statements made of my own knowledge are true; and all statements made on information and belief are believed to be true.

5 Power of Attorney: Applicant hereby appoints the following attorney(s) as applicant's attorney(s) with full powers of association, substitution, and revocation, to transact all business in the U.S. Patent and Trademark Office associated with the present application, to prosecute the present application, and to receive the certificate of registration.:

David W. Lee, Reg. No.: 37,490

Please Send Correspondence to:                    Please Direct Telephone Calls to:
    108 N. Ynez Ave.                              David W. Lee
    Suite 128                                     (626) 571-9812
    Monterey Park, CA 91754

Signed this ___3rd___ day of ___July___, 2003.   Respectfully,

Name and Title:    John Lee, President

*If the applicant is an individual, then the individual should sign. If the applicant is a partnership, then a partner should sign. If the applicant is a corporation, then an officer (president, vice president, secretary, treasurer or equivalent) should sign.


**UNITED STATES
PATENT AND
★★★★ TRADEMARK OFFICE**

| | Commissioner for Trademarks<br>2900 Crystal Drive<br>Arlington , VA  22202-3514<br>www.uspto.gov |
|---|---|

Sep 23, 2004

## NOTICE OF ABANDONMENT

TM111

DAVID W. LEE
108 N. YNEZ AVE., SUITE 128
MONTEREY PARK, CA 91754

ATTORNEY
REFERENCE
NUMBER:
USTI040A-LGT

| SERIAL NUMBER: | 76/539283 |
|---|---|
| MARK: | ANGEL LITE 500 |
| APPLICANT: | Lee's General Toys, Inc. |

THE ABOVE IDENTIFIED TRADEMARK APPLICATION WAS ABANDONED ON 08/23/2004 FOR THE FOLLOWING REASON:

NO RESPONSE TO THE OFFICE ACTION MAILED ON 02/23/2004 WAS RECEIVED IN THE UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO) WITHIN THE SIX-MONTH RESPONSE PERIOD.    (15 U.S.C. 1062(b); TRADEMARK RULE 2.65(a)).

**YOU CAN REQUEST REINSTATEMENT OF THE APPLICATION FOR NO FEE IF:**

* YOU HAVE PROOF THAT YOUR RESPONSE WAS RECEIVED IN THE USPTO ON OR BEFORE THE DUE DATE - SUCH AS A POSTCARD WITH A USPTO MAILROOM DATE STAMP; OR,
* YOU MAILED OR FAXED THE RESPONSE ON OR BEFORE THE DUE DATE WITH A CERTIFICATE OF MAILING OR FACSIMILE TRANSMISSION, IN ACCORDANCE WITH USPTO RULE 2.197, 37 CFR SEC. 2.197.

**YOU MUST SUBMIT A COPY OF THE PREVIOUSLY SUBMITTED TIMELY RESPONSE WITHIN 2 MONTHS OF THE DATE PRINTED AT THE TOP OF THIS NOTICE ALONG WITH ONE OF THE TYPES OF PROOF SET OUT ABOVE.   YOU MAY FAX THIS INFORMATION TO (703) 746-3000.**

**IF YOU DO NOT HAVE THE PROOF NECESSARY FOR REINSTATEMENT, YOU CAN REQUEST REVIVAL OF THE APPLICATION, UNDER USPTO RULE 2.66, 37 CFR SEC. 2.66, BY:**

* FILING A "PETITION TO REVIVE" WITHIN 2 MONTHS OF THE DATE PRINTED AT THE TOP OF THIS NOTICE, INDICATING THAT THE REASON FOR THE DELAY IN RESPONDING BY THE DUE DATE WAS "UNINTENTIONAL";
* PAYING THE PETITION FEE OF $100, MADE PAYABLE TO THE COMMISSIONER OF TRADEMARKS; AND
* INCLUDING A COPY OF THE RESPONSE TO THE OFFICE ACTION (IF YOU DID RECEIVE THE OFFICE ACTION - OTHERWISE, INCLUDE A STATEMENT THAT YOU DID NOT RECEIVE THE OFFICE ACTION.)

**FOR FURTHER INFORMATION CALL (703) 308-9000**

**EXHIBIT K**

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 77109596**
**Filing Date: 02/16/2007**

*NOTE: Data fields with the ˜ are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

**The table below presents the data as entered.**

| | |
|---|---|
| TEAS Plus | YES |
| **MARK INFORMATION** | |
| MARK | ANGELITO |
| ˜STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | ANGELITO |
| ˜MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| ˜OWNER OF MARK | Lee's General Toys, Inc. |
| ˜STREET | 3389 E. 59th Street |
| CITY | Vernon |
| ˜STATE (Required for U.S. applicants) | California |
| ˜COUNTRY | United States |
| ZIP/POSTAL CODE (Required for U.S. applicants only) | 90058 |
| PHONE | 323-826-9898 |
| FAX | 323-826-9733 |
| EMAIL ADDRESS | tmregistered@gmail.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **LEGAL ENTITY INFORMATION** | |
| ˜TYPE | CORPORATION |
| ˜STATE/COUNTRY OF INCORPORATION | California |

| GOODS AND/OR SERVICES AND BASIS INFORMATION | |
|---|---|
| ·INTERNATIONAL CLASS | 016 |
| ·FIRST USE ANYWHERE DATE | At least as early as 00/00/2004 |
| ·FIRST USE IN COMMERCE DATE | At least as early as 00/00/2004 |
| ·DESCRIPTION | Bathroom tissue |
| ·FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 00/00/2004 |
| ·FIRST USE IN COMMERCE DATE | At least as early as 00/00/2004 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\771\095 \77109596\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | a photograph featuring the mark being used on the packaging for the goods |
| ·DESCRIPTION | Disposable napkins |
| ·FILING BASIS | SECTION 1(a) |
| ·FIRST USE ANYWHERE DATE | At least as early as 00/00/2004 |
| ·FIRST USE IN COMMERCE DATE | At least as early as 00/00/2004 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\771\095 \77109596\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | a photograph featuring the mark being used on the packaging for the goods |
| ·DESCRIPTION | Hand towels of paper |
| ·FILING BASIS | SECTION 1(a) |
| ·FIRST USE ANYWHERE DATE | At least as early as 00/00/2004 |
| ·FIRST USE IN COMMERCE DATE | At least as early as 00/00/2004 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\771\095 \77109596\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | a photograph featuring the mark being used on the packaging for the goods |
| ·DESCRIPTION | Napkin paper |
| ·FILING BASIS | SECTION 1(a) |
| ·FIRST USE ANYWHERE DATE | At least as early as 00/00/2004 |
| ·FIRST USE IN COMMERCE DATE | At least as early as 00/00/2004 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\771\095 \77109596\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | a photograph featuring the mark being used on the packaging for the goods |
| ·DESCRIPTION | Paper hand-towels |
| ·FILING BASIS | SECTION 1(a) |
| ·FIRST USE ANYWHERE DATE | At least as early as 00/00/2004 |

| | |
|---|---|
| ·FIRST USE IN COMMERCE DATE | At least as early as 00/00/2004 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\771\095 \77109596\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | a photograph featuring the mark being used on the packaging for the goods |
| ·DESCRIPTION | Paper handtowels |
| ·FILING BASIS | SECTION 1(a) |
| ·FIRST USE ANYWHERE DATE | At least as early as 00/00/2004 |
| ·FIRST USE IN COMMERCE DATE | At least as early as 00/00/2004 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\771\095 \77109596\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | a photograph featuring the mark being used on the packaging for the goods |
| ·DESCRIPTION | Paper napkins |
| ·FILING BASIS | SECTION 1(a) |
| ·FIRST USE ANYWHERE DATE | At least as early as 00/00/2004 |
| ·FIRST USE IN COMMERCE DATE | At least as early as 00/00/2004 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\771\095 \77109596\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | a photograph featuring the mark being used on the packaging for the goods |
| ·DESCRIPTION | Table napkins of paper |
| ·FILING BASIS | SECTION 1(a) |
| ·FIRST USE ANYWHERE DATE | At least as early as 00/00/2004 |
| ·FIRST USE IN COMMERCE DATE | At least as early as 00/00/2004 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\771\095 \77109596\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | a photograph featuring the mark being used on the packaging for the goods |
| ·DESCRIPTION | Toilet tissue |
| ·FILING BASIS | SECTION 1(a) |
| ·FIRST USE ANYWHERE DATE | At least as early as 00/00/2004 |
| ·FIRST USE IN COMMERCE DATE | At least as early as 00/00/2004 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\771\095 \77109596\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | a photograph featuring the mark being used on the packaging for the goods |
| **ADDITIONAL STATEMENTS INFORMATION** | |
| ·TRANSLATION (if applicable) | |
| ·TRANSLITERATION (if applicable) | |

| | |
|---|---|
| *CLAIMED PRIOR REGISTRATION<br>(if applicable) | |
| *CONSENT (NAME/LIKENESS)<br>(if applicable) | |
| CONCURRENT USE CLAIM<br>(if applicable) | |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| *NAME | Lee's General Toys, Inc. |
| FIRM NAME | Lee's General Toys, Inc. |
| *STREET | 3389 E. 59th Street |
| *CITY | Vernon |
| STATE<br>(Required for U.S. applicants) | California |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE<br>(Required for U.S. applicants only) | 90058 |
| PHONE | 323-826-9898 |
| FAX | 323-826-9733 |
| *EMAIL ADDRESS | tmregistered@gmail.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| | |
|---|---|
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 275 |
| TOTAL FEE DUE | 275 |

## SIGNATURE INFORMATION

| | |
|---|---|
| *SIGNATORY FILE | \\TICRS2\EXPORT12\771\095\77109596\xml1\FTK0004.JPG |
| *SIGNATORY'S NAME | John Lee |
| SIGNATORY'S POSITION | Owner |

## FILING INFORMATION SECTION

| | |
|---|---|
| SUBMIT DATE | Fri Feb 16 15:40:54 EST 2007 |
| TEAS STAMP | USPTO/FTK-71.104.3.232-20<br>070216154054198063-771095<br>96-360f168f9e18b339a614a1<br>5cb7e8813ba8b-CC-206-2007<br>0216153114039033 |

**Trademark/Service Mark Application, Principal Register**

**TEAS Plus Application**

**Serial Number: 77109596**
**Filing Date: 02/16/2007**

To the Commissioner for Trademarks:

**MARK: ANGELITO (Standard Characters, see mark)**
The literal element of the mark consists of ANGELITO. The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Lee's General Toys, Inc., a corporation of California, having an address of 3389 E. 59th Street, Vernon, California, United States, 90058, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 016: Bathroom tissue; Disposable napkins; Hand towels of paper; Napkin paper; Paper hand-towels; Paper handtowels; Paper napkins; Table napkins of paper; Toilet tissue

If the applicant is filing under Section 1(b), intent to use, the applicant declares that it has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(b), as amended.

If the applicant is filing under Section 1(a), actual use in commerce, the applicant declares that it is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

If the applicant is filing under Section 44(d), priority based on foreign application, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and asserts a claim of priority based on a specified foreign application(s). 15 U.S.C. Section 1126(d), as amended.

If the applicant is filing under Section 44(e), foreign registration, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and submits a copy of the supporting foreign registration(s), and translation thereof, if appropriate. 15 U. S.C. Section 1126(e), as amended.

Correspondence Information:           Lee's General Toys, Inc.
                                      3389 E. 59th Street
                                      Vernon, California 90058
                                      323-826-9898(phone)
                                      323-826-9733(fax)
                                      tmregistered@gmail.com (authorized)
A fee payment in the amount of $275 will be submitted with the application, representing payment for 1 class(es).

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signatory's Signature: signatory file
Signatory's Name: John Lee

Signatory's Position: Owner
RAM Sale Number: 206
RAM Accounting Date: 02/20/2007
Serial Number: 77109596
Internet Transmission Date: Fri Feb 16 15:40:54 EST 2007
TEAS Stamp: USPTO/FTK-71.104.3.232-20070216154054198
063-77109596-360f168f9e18b339a614a15cb7e
8813ba8b-CC-206-20070216153114039033

# ANGELITO



Type of Submission: New Federal Trademark Application

Applicant:       **Lee's General Toys, Inc.**
Mark:           **ANGELITO**

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. §1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signed this _Fed_ day of _ʊ 7_ , 2007  Respectfully,

Name and Title:  John Lee, President

*If the applicant is an individual, then the individual should sign. If the applicant is a partnership, then a partner should sign. If the applicant is a corporation, then an officer (president, vice president, secretary, treasurer or equivalent) should sign.

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 12636 High Bluff Drive, Suite 400, San Diego, CA 92130.

On **June 26, 2008**, I served the following document described as:

1.    **JOINT MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

by serving a true copy of the above-described document in the following manner:

**BY ELECTRONIC FILING**

I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Steven H. Haney, Esq.
Haney Buchanan & Patterson LLP
707 Wilshire Boulevard, Suite 5350
Los Angeles, CA 90017
Tel: 213-228-6500
Fax: 213- 228-6501

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 26, 2008, at San Diego, California.

Alison L. Montera