LATHAM & WATKINS LLP
Stephen P. Swinton (Bar No. 106398)
steve.swinton@lw.com
Adam A. Welland (Bar No. 228680)
adam.welland@lw.com
12636 High Bluff Drive, Suite 400
San Diego, California 92130-2071
Telephone: (858) 523-5400
Facsimile: (858) 523-5450

Attorneys for Plaintiff
GEORGIA-PACIFIC CONSUMER PRODUCTS LP

HANEY BUCHANAN & PATTERSON LLP
Steven H. Haney (Bar No. 121980)
shaney@hbplaw.com
707 Wilshire Boulevard, Suite 5350
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

Attorneys for Defendants
LEE'S GENERAL TOYS, INC., JOHN LEE,
SANDY LEE, AND DOUBLE BARGAIN, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>LEE'S GENERAL TOYS, INC., a California corporation, JOHN LEE, an individual, RUNHUI PAPER CO., LTD., a Chinese Corporation, SHANTOU KID TOYS CO., LTD., a Chinese Corporation, SANDY LEE, an individual, DOUBLE BARGAIN, INC., a California corporation, and DOES 5-100,<br><br>Defendants. | Civil Action No. 07-CV-02391 JAH POR<br><br>**JOINT MOTION FOR ENTRY OF FINAL CONSENT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION WITH RESPECT TO DEFENDANTS LEE'S GENERAL TOYS, INC., JOHN LEE, SANDY LEE, AND DOUBLE BARGAIN, INC.** |

Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") and defendants Lee's General Toys, Inc., John Lee, Sandy Lee, and Double Bargain, Inc. (collectively, the "Lee Defendants"), by their respective undersigned attorneys, hereby submit this Joint Motion for Entry of Final Consent Judgment and Order for Permanent Injunction:

## Recitals

1. Georgia-Pacific filed its original Complaint in this action on December 20, 2007 against defendants Lee's General Toys, Inc. and John Lee.

2. Georgia-Pacific filed its Second Amended Complaint in this action on June 27, 2008, adding defendants Sandy Lee and Double Bargain, Inc.

3. Georgia-Pacific and the Lee Defendants have agreed to terms and conditions representing a negotiated settlement of this action with respect to the Lee Defendants.

## Stipulation

In light of the foregoing, the parties hereby stipulate, agree, and respectfully request as follows:

1. That the Court enter the proposed Final Consent Judgment and Order for Permanent Injunction attached hereto as Exhibit 1.

Dated: June 27, 2008                                LATHAM & WATKINS LLP

                                                    By: /s/ Stephen P. Swinton
                                                    Stephen P. Swinton
                                                    Attorneys for Plaintiff
                                                    Georgia-Pacific Consumer Products LP
                                                    E-mail: steve.swinton@lw.com

Dated: June 27, 2008                                HANEY BUCHANAN & PATTERSON LLP

                                                    By: /s/ Steven H. Haney (with permission)
                                                    Steven H. Haney
                                                    Attorneys for Defendants
                                                    Lee's General Toys, Inc., John Lee, Sandy Lee,
                                                    and Double Bargain, Inc.
                                                    Email: shaney@hbplaw.com

**EXHIBIT 1**

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware limited partnership,<br><br>        Plaintiff,<br><br>    v.<br><br>LEE'S GENERAL TOYS, INC., a California corporation, JOHN LEE, an individual, RUNHUI PAPER CO., LTD., a Chinese Corporation, SHANTOU KID TOYS CO., LTD., a Chinese Corporation, SANDY LEE, an individual, DOUBLE BARGAIN, INC., a California corporation, and DOES 5-100,<br><br>        Defendants. | Civil Action No. 07-CV-02391 JAH POR<br><br>**FINAL CONSENT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION WITH RESPECT TO DEFENDANTS LEE'S GENERAL TOYS, INC., JOHN LEE, SANDY LEE, AND DOUBLE BARGAIN, INC.** |

Upon Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") and defendants Lee's General Toys, Inc., John Lee, Sandy Lee, and Double Bargain, Inc. (collectively, the "Lee Defendants") appearing in the above captioned action,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Court has personal jurisdiction over Georgia-Pacific and the Lee Defendants and jurisdiction over the subject matter of this action by virtue of the Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Venue in this District is proper.

2. United States Trademark Registration Numbers 781,414; 1,172,215; 2,512,417; 2,972,819; 2,989,711; and 2,912,982 (the "**ANGEL SOFT** Trademarks") are valid and enforceable.

3. The Lee Defendants' use of the "Angelite," "Angel Lite," and/or "Angelito" marks in connection with the sale of goods was without the consent of Georgia-Pacific. The Lee Defendants' use of such marks in commerce is likely to cause confusion with the **ANGEL SOFT** Trademarks, or to cause mistake, or to deceive. Accordingly, judgment with respect to Count I for trademark infringement under 15 U.S.C. § 1114(a) of the Second Amended Complaint will be entered for Georgia-Pacific and against the Lee Defendants.

4. Judgment with respect to Counts II – X of the Second Amended Complaint will also be entered for Georgia-Pacific and against the Lee Defendants.

5. The Lee Defendants waive the right to challenge Georgia-Pacific's claims in this action that as a direct and proximate result of the Lee Defendants' infringement of the **ANGEL SOFT** Trademarks, Georgia-Pacific has been damaged. The parties, however, stipulate that no damages from the Lee Defendants shall be awarded to Georgia-Pacific in this action.

6. The Lee Defendants are bound by the Permanent Injunction attached as Exhibit A, which will be entered.

7. The Court will retain jurisdiction over enforcement of the Permanent Injunction.

NSD\98808.1   Case No. 07-CV-02391 JAH (POR)

1

8. This Consent Judgment and Order constitutes a final judgment in this action as to the Lee Defendants pursuant to Fed. R. Civ. Proc. 54(b).

9. This Consent Judgment and Order shall be binding upon and enforceable by Georgia-Pacific and its successors in interest or assigns and the Lee Defendants and their successors in interest or assigns.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Order.

**IT IS SO ORDERED.**

DATED: _____, 2008

_____
The Honorable John A. Houston
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

```
 1  LATHAM & WATKINS LLP
    Stephen P. Swinton (Bar No. 106398)
 2  steve.swinton@lw.com
    Adam A. Welland (Bar No. 228680)
 3  adam.welland@lw.com
    12636 High Bluff Drive, Suite 400
 4  San Diego, California  92130-2071
    Telephone:  (858) 523-5400
 5  Facsimile:   (858) 523-5450

 6  Attorneys for Plaintiff,
    GEORGIA-PACIFIC CONSUMER PRODUCTS LP
 7
    HANEY BUCHANAN & PATTERSON LLP
 8  Steven H. Haney (Bar No. 121980)
    shaney@hbplaw.com
 9  707 Wilshire Boulevard, Suite 5350
    Los Angeles, California 90017
10  Telephone: (213) 228-6500
    Facsimile: (213) 228-6501
11
    Attorneys for Defendants LEE'S GENERAL TOYS,
12  INC., JOHN LEE, SANDY LEE, AND DOUBLE
    BARGAIN, INC.
13
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware limited partnership,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LEE'S GENERAL TOYS, INC., a California corporation, JOHN LEE, an individual, RUNHUI PAPER CO., LTD., a Chinese Corporation, SHANTOU KID TOYS CO., LTD., a Chinese Corporation, SANDY LEE, an individual, DOUBLE BARGAIN, INC., a California corporation, and DOES 5-100,<br><br>　　　　　Defendants. | Civil Action No.  07-CV-02391 JAH POR<br><br>**STIPULATED PERMANENT INJUNCTION WITH RESPECT TO DEFENDANTS LEE'S GENERAL TOYS, INC., JOHN LEE, SANDY LEE, AND DOUBLE BARGAIN, INC.** |

## RECITALS

**WHEREAS**, on June 27, 2008, Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") filed its Second Amended Complaint in this action, for trademark infringement, false advertising, and related claims against Lee's General Toys, Inc., John Lee, Sandy Lee, and Double Bargain, Inc. as Defendants (hereinafter "Defendants"), among others, for Defendants' manufacturing, importing, distributing, shipping, advertising, marketing, promoting, selling, or offering to sell "Angelite," "Angel Lite," or "Angelito" bathroom tissue products or bathroom tissue products bearing similar marks or images;

**WHEREAS**, Georgia-Pacific and Defendants have agreed to a settlement of this action. As part of that settlement, the parties hereby stipulate to entry of this Stipulated Permanent Injunction.

## STIPULATION

Georgia-Pacific and Defendants agree, and hereby stipulate and jointly request an order from this Court stating that:

1. Defendants, including any subsidiaries, parent and affiliated companies, successors, assigns, officers, directors, representatives, distributors, wholesalers, retailers, licensees, agents, partners and employees, and all those acting in concert or participation with Defendants, shall, in connection with the importing, manufacturing, selling, offering to sell, advertising, marketing, or promoting of consumer paper products (*e.g.*, bathroom tissue, facial tissue, paper napkins or paper towel products), or any other activity relating to such products:

    a. Refrain from use of all marks, words, or names similar to U.S. Trademark Registration Numbers 781,414; 1,172,215; 1,639,710; 2,512,417; 2546897; 2695751; 2841759; 2912982; 2972819; 2989711; and 3,142,125 (collectively referred to herein as the ANGEL SOFT Trademarks"), including but not limited to "Angelite," "Angel Lite," "Angelito," or any other marks, words, pictures, or names similar to the ANGEL SOFT Trademarks or incorporating the word

   "angel," or associated with angels in any fashion, or any designs, logos, or any other visual depictions of a baby or child or a confusingly similar design of a baby or child;

  b. Remove all marks, words, pictures, logos, or names similar to the ANGEL SOFT Trademarks, including but not limited to "Angelite," "Angel Lite," "Angelito," or any other marks, words, pictures, or names similar to the ANGEL SOFT Trademarks or incorporating the word "angel," or associated with angels in any fashion, or any designs, logos, or any other visual depictions of a baby or child or a confusingly similar design of a baby or child, from the labels of inventory, and any signs, wrappers, boxes, cartons, packages, or receptacles associated with consumer paper products currently held by Defendants, and refrain from such uses in the future;

  c. Destroy any labels, signs, wrappers, boxes, cartons, packages, or receptacles bearing marks, words, pictures, or names similar to the ANGEL SOFT Trademarks, including but not limited to "Angelite," "Angel Lite," "Angelito," or any other marks, words, pictures, or names similar to the ANGEL SOFT Trademarks or incorporating the word "angel," or associated with angels in any fashion, or any designs, logos, or any other visual depictions of a baby or child or a confusingly similar design of a baby or child, for which such marks, words, pictures, or names cannot be removed;

  d. Remove all references to "Angelite," "Angel Lite," "Angelito," or any other marks, words, pictures, or names similar to the ANGEL SOFT Trademarks or incorporating the word "angel," or associated with angels in any fashion, or any designs, logos, or any other visual depictions of a baby or child or a confusingly similar design of a baby or child, from all advertisements, marketing materials, printed materials, and any website that Defendants control or maintain, and refrain from such uses in the future;

    e.    Remove all references to "Angelite," "Angel Lite," "Angelito," or any other marks, words, pictures, or names similar to the ANGEL SOFT Trademarks or incorporating the word "angel," or associated with angels in any fashion, or any designs, logos, or any other visual depictions of a baby or child or a confusingly similar design of a baby or child, in the metatags of any website that any Defendants control or maintain, and refrain from such uses in the future;

    f.    Refrain from (a) filing any applications to register, (b) reviving any applications to register, (c) opposing any applications by Georgia-Pacific to register, or (d) reviving any opposition related to registering in any state(s), countries, territories, or commonwealths, trademarks, service marks, or copyrights comprised of or incorporating "Angelite," "Angel Lite," "Angelito," or any other confusingly similar mark to the ANGEL SOFT Trademarks, including any marks, words, pictures, or names incorporating the word "angel" or associated with angels, or any designs, logos, or any other visual depictions of a baby or child or a confusingly similar design of a baby or child, for consumer paper products; and

    g.    Take all steps necessary to abandon its application to federally register the ANGELITO mark (Ser. No. 77/109,596) and to cancel California state trademark registration Number 109437 for the mark ANGEL LITE 500 in a stylized design format.

2.    Defendants' sales and distribution, and only that of the Defendants, of the Soft & Silky and Sofitelle brands of bathroom tissue, as depicted here, are expressly excluded from this Injunction:

 

3. The Stipulated Permanent Injunction agreed to by Georgia-Pacific and Defendants, upon approval by this Court, shall have the force and effect of a permanent injunction entered by the Court following a fully contested trial on the merits. This Court shall have jurisdiction over the enforcement of this Stipulated Permanent Injunction, and shall have jurisdiction to make any orders or findings necessary to effectuate and enforce this Stipulated Permanent Injunction, including the authority to award damages and civil penalties for any violation of this Stipulated Permanent Injunction.

4. Any party that violates the terms of this Stipulated Permanent Injunction shall be liable for attorneys' fees related to the enforcement of the same.

5. This Stipulated Permanent Injunction shall be binding upon and inure to the benefit of the parties, and their successors and assigns.

6. The parties also hereby waive findings of fact and conclusions of law, or any requirement for a more specific or detailed order imposed by Federal Rule of Civil Procedure 65(d), other statutory, or common law, and by their signatures set forth below, acknowledge Notice of Entry of this Stipulated Permanent Injunction.

The signatories to this Stipulated Permanent Injunction warrant that that they have authority to bind their respective parties to the terms herein.

Dated: June 27, 2008                    LATHAM & WATKINS LLP

                                        By:  /s/ Stephen P. Swinton
                                            Stephen P. Swinton
                                            Attorneys for Plaintiff
                                            Georgia-Pacific Consumer Products LP
                                            E-mail: steve.swinton@lw.com

Dated: June 27, 2008                    HANEY BUCHANAN & PATTERSON LLP

                                        By:  /s/ Steven H. Haney (with permission)
                                            Steven H. Haney
                                            Attorneys for Defendants
                                            Lee's General Toys, Inc., John Lee, Sandy Lee,
                                            and Double Bargain, Inc.
                                            Email: shaney@hbplaw.com

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\629766.3

4

Case No. 07-CV-02391 JAH POR

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 12636 High Bluff Drive, Suite 400, San Diego, CA 92130.

On **June 27, 2008**, I served the following document described as:

1. **JOINT MOTION FOR ENTRY OF FINAL CONSENT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION WITH RESPECT TO DEFENDANTS LEE'S GENERAL TOYS, INC., JOHN LEE, SANDY LEE, AND DOUBLE BARGAIN, INC.**

by serving a true copy of the above-described document in the following manner:

## BY ELECTRONIC FILING

I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Steven H. Haney, Esq.
Haney Buchanan & Patterson LLP
707 Wilshire Boulevard, Suite 5350
Los Angeles, CA 90017
Tel: 213-228-6500
Fax: 213- 228-6501

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 27, 2008, at San Diego, California.

*Alison L. Montera*